UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



RICHARD GORDON                        :    CASE NO: **00-6067**

    Plaintiff,                        :    **CIV-MIDDLEBROOKS**

                                      :    MAGISTRATE
vs.                                        :    BANDSTRA

COLUMBIA MACHINE, INC. and.           :
EATON CORP. AND/OR CUTLER-
HAMMER CORP. AND/OR THEIR ,           :
SUBSIDIARIES                          :

    Defendants.                       :
_____    :

## DEFENDANT EATON CORP. AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES' NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:**

    Defendant, CUTLER-HAMMER CORP., by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal. In support of this Notice of Removal and this Court's jurisdiction, Defendant states:

    1.    On November 15, 1999, Plaintiff, Richard Gordon, filed a complaint *Richard Gordon v. Columbia Machine, Inc. and Eaton Corp. and/or Cutler-Hammer Corp. and/or Their Subsidiaries*, Case No. 99-010458 (18), in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. Defendant, CUTLER-HAMMER CORP., was served and first received a copy of the Summons and Complaint on December 20, 1999. The Complaint is the initial pleading on which the action is based. Based on information and belief, the remaining defendants have not been served.

2.    The United States District Court for the Southern District of Florida is the district in which the state court action was filed.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446 because this Court has "diversity" jurisdiction over the claims for relief.

3.    CUTLER-HAMMER CORP. has attached all of the state court process, pleadings, and orders served upon them since the filing of the Complaint as required by 28 U.S.C. § 1446(a).

4.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after CUTLER-HAMMER CORP. first received a copy of the initial pleading setting forth the alleged claim for relief upon which the action is based.

5.    Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the value or sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.    The Complaint purports to state a claim under Florida common law negligence, products liability, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and strict products liability against Defendants, arising out of purported injuries sustained by plaintiff while using a Series 8 Cuber.  Based upon a fair reading of the Complaint and based upon the experience of the undersigned counsel and law firm in personal injury cases, the undersigned reasonably concludes that the amount in controversy in this case exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  *See Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986).; *Lee v. Altamil Corp.,* 457 F. Supp. 79 (M.D. Fla. 1978).

7. According to the Complaint, Plaintiff, Richard Gordon, is a resident of the State of Florida. (Compl. ¶ 2). Upon information and belief, Plaintiff is also a citizen of the State of Florida.

8. The Complaint alleges that Defendant CUTLER-HAMMER CORP. is a citizen of a state other than Florida. (Compl. ¶ 3). At the time of the filing of the Complaint, at the time of the filing of this Notice of Removal, and at all relevant times, Defendant, CUTLER-HAMMER CORP., is a Delaware corporation having its principal place of business in Pennsylvania. Thus, pursuant to 28 U.S.C. § 1332, there is complete diversity between the Plaintiff and CUTLER-HAMMER CORP.

9. Because, as stated above, this civil action is between "citizens of different states" and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b).

## PROCESS, PLEADINGS AND ORDERS SERVED

10. Pursuant to 28 U.S.C. § 1446(a), a complete copy of any and all the process, pleadings, and orders filed in the state court action is attached. **See Composite Exhibit A**.

## FILING IN STATE COURT AND WRITTEN NOTICE TO PLAINTIFF

11. The removing Defendant is filing a copy of this notice with the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d). A copy of the Notice to be filed is attached hereto under **Composite Exhibit A**. In addition, the removing Defendant is serving Plaintiff with a copy of this Notice of Removal and attachments.

WHEREFORE, Defendant, CUTLER-HAMMER CORP., prays that this action be removed from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, where it is now pending, to the United States District Court, Southern District of Florida, and for such further orders and judgments as may be required in the premises.

Dated this _13th_ day of ___Jan.___ , 2000.

Respectfully submitted,

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Counsel for Defendant, EATON
4000 NationsBank Tower
100 SE 2nd Street
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By_____
        BENJAMINE REID
        Florida Bar No. 183522
        e-mail: breid@carltonfields.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S. Mail this _13th_ day of _Jan._ , 2000, to KENNETH D. COOPER, Esq., KENNETH D. COOPER, P.A., 400 S.E. 8TH Street, Fort Lauderdale, Florida, 33316.

BENJAMINE REID

2052015

5

**COMPOSITE EXHIBIT "A"**


CT System

**Service of Process Transmittal Form**
**Plantation, Florida**

**12/20/1999**

Courier  Via Federal Express (2nd Day)

TO:  Gerald L Gherlein Exec. VP & General Counsel
EATON CORPORATION
1111 Superior Avenue
Eaton Center
Cleveland, OH 44114-0000

RECEIVED
DEC 23 1999
R. A. MCNEW

RECEIVED
DEC 21 1999
G.L. GHERLEIN

RE:    **PROCESS SERVED IN FLORIDA**

FOR    CUTLER-HAMMER INC. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:    Richard Gordon, Pltf.,  vs Eaton Corp., et al including Cutler-Hammer Corp., Dfts.

2. DOCUMENT(S) SERVED:    Summons, Complaint

3. COURT:    Broward County Circuit Court, FL
Case Number 99-19458-18

4. NATURE OF ACTION:    Personal Injuries; defective manufacture of certain Series B Cuber. Amount: in
excess of $15,000.00.

5. ON WHOM PROCESS WAS SERVED:    CT Corporation System, Plantation, Florida

6. DATE AND HOUR OF SERVICE:    By Process server on 12/20/1999 at 08:55

7. APPEARANCE OR ANSWER DUE:    Within 20 days

8. ATTORNEY(S):    Kenneth D. Cooper, P.A.
(954) 522-7177
400 S.E. 8th Street
Fort Lauderdale, FL 33316

9. REMARKS:    Name discrepancy noted.

SIGNED    CT Corporation System
PER    Anne Boutilier /DS
ADDRESS    1200 South Pine Island Road
Plantation, FL 33324
SOP WS 0002718750

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit
quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages,
the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the
documents and for taking the appropriate action.

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

RICHARD GORDON

      Plaintiff

vs.

CASE NO. - 99-019458-18

**S U M M O N S**

ON CORPORATION

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR CUTLER-HAMMER
CORP.AND/OR THEIR SUBSIDIARIES

      Defendant

THE STATE OF ~~NEW JERSEY~~
    *Florida*
To all and singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or

petition in this action on Defendant,

BY SERVING:   REGISTERED AGENT OF CUTLER- HAMMER CORP.

OR:     ~~THE CORPORATION TRUST CO. 820 BEAR TAVERN RD. TRENTON, N.J. 08628~~
*C, T, Corporation System, please*
*1200 S. Pine Island Rd.*
*Plantation, Fla. 28324*

    BY SERVING:  The President, or Vice-President or other head of the corporation; or in their absence, the
cashier, treasurer, security or general manager; or in their absence, any director; or in their absence, any officer
or business agent in accordance with Florida Statute 48.081.

Each Defendant is required to serve written defenses to the Complaint or Petition on KENNETH D. COOPER,
P.A., Plaintiff's Attorney, whose address is 400 S.E. 8th Street, Fort Lauderdale, Florida 33316, (954) 522-7177,
within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file
the original of the defenses with the Clerk of this Court either before service on the attorneys or immediately
thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in
the Complaint or Petition.

      WITNESS my hand and the Seal of said Court this    day of     , 1999

                     **DEC 03 1999**
                      ROBERT E. LOCKWOOD
          Clerk of the Circuit Court
                      GLORIA MILLE

          By:

      115      **A TRUE COPY**
              Circuit Court Seal

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

RICHARD GORDON

CASE NO. - 99-019458-18

Plaintiff

vs.

**S U M M O N S**

ON CORPORATION

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR CUTLER-HAMMER
CORP.AND/OR THEIR SUBSIDIARIES

Defendant

_____/

THE STATE OF NEW JERSEY

To all and singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or

petition in this action on Defendant,

BY SERVING:    REGISTERED AGENT OF CUTLER- HAMMER CORP.

THE CORPORATION TRUST CO. 820 BEAR TAVERN RD., TRENTON, NJ. 08628

OR;

BY SERVING; The President, or Vice-President or other head of the corporation; or in their absence, the
cashier, treasurer, security or general manager; or in their absence, any director; or in their absence, any officer
or business agent in accordance with Florida Statute 48.081.

Each Defendant is required to serve written defenses to the Complaint or Petition on KENNETH D. COOPER,
P.A., Plaintiff's Attorney, whose address is 400 S.E. 8th Street, Fort Lauderdale, Florida 33316, (954) 522-7177,
within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file
the original of the defenses with the Clerk of this Court either before service on the attorneys or immediately
thereafter. If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in
the Complaint or Petition.

WITNESS my hand and the Seal of said Court this____day of_____, 1999



DEC 0 3 1999

ROBERT E. LOCKWOOD
Clerk of the Circuit Court

GLORIA MILLE

By:_____

A TRUE COPY
Circuit Court Seal

# CACE

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

**18**

CASE NO. **99019458**

RICHARD GORDON,

      Plaintiff

vs.

EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

      Defendants.

_____/

<u>COMPLAINT</u>

NOV 15 1999

A TRUE COPY
ROBERT E. LOCKWOOL

Plaintiff, RICHARD GORDON, sues Defendants, EATON CORP AND/OR CUTLER-HAMMER
CORP. AND/OR THEIR SUBSIDIARIES And COLUMBIA MACHINE, INC. and alleges:

    1.        This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, arising
out of a cause of action which accrued on or about April 24, 1995.

    2.        The Plaintiff, RICHARD GORDON, is a resident of Broward County, Florida, and is
sui juris.

    3.        The Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES, is a FOREIGN corporation, organized and existing under the laws of the State of NEW
JERSEY and at all times material was doing business in the State of Florida. The Defendant, CUTLER-HAMMER
CORP. AND/OR THEIR SUBSIDIARIES, is a FOREIGN corporation, and at all times material was doing business
in the State of Florida

    4.        The Defendant, COLUMBIA MACHINE, INC., , is a foreign corporation, organized
and existing under the laws of the State of WASHINGTON and at all times material was registered and doing
business in the State of Florida.

## COUNT I

## NEGLIGENCE AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues the Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

5.          Plaintiff realleges and reavers paragraphs one through three above as if fully set forth herein.

6.          On or about or about April 24, 1995, Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, manufactured a SERIES 8 CUBER and sold it to Plaintiff's employer.

7.          At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, had a duty to manufacture and construct the SERIES 8 CUBER so that it was safe to use.

8.          At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured and/or constructed the SERIES 8 CUBER in that when the electronic eye malfunctioned and there was no warning or mechanism to prevent a person from walking into the area of danger where the cuber could crush someone.   The Plaintiff entered the area of the cuber and the cuber without warning started to operate and crushed the plaintiff.

9.          As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendants and demands trial by jury of all issues so triable as a matter of right.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues the Defendant, COLUMBIA MACHINE, INC., and alleges:

10.        Plaintiff realleges and reavers paragraphs one through four above as if fully set forth herein.

11.        On or about April 23, 1996, Plaintiff was using a product known as Series 8 Cuber, manufactured and/or sold by Defendant COLUMBIA MACHINE, INC.

12.        At that time and place, Defendant, COLUMBIA MACHINE, INC., had a duty to manufacture the product so that it was safe for the consumer to use.

13.        At that time and place, Defendant, COLUMBIA MACHINE, INC. , negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

14.        As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable as a matter of right.

## COUNT III

## PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP

## AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

15.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

16.     On or about January 19,1989, Plaintiff's employer, was a purchaser of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

17.     On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the devise failed to properly work.  At that time and place, Defendants, negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise.  In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone.  The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

18.     Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

19.     At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.  At that time and place, Defendants, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise.  In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone.  The machine started in motion and trapped the plaintiff and

crushed him between the machine and pole causing serious injury.

20.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES , for damages and demands a trial by jury of all issues so triable.

## COUNT IV

## PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, COLUMBIA MACHINE, INC. and alleges:

21.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

22.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was a user of a product manufactured by Defendant, COLUMBIA MACHINE, INC.

23.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the series 8 cuber. At that time and place, Defendant, COLUMBIA MACHINE, INC. , negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

24.    Defendant, COLUMBIA MACHINE, INC., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to

warn Plaintiff of any dangerous conditions of the product.

      25.     At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

      26.     As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

      WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

# COUNT V

## BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE AGAINST DEFENDANTS, EATON CORP. AND/OR CUTLER-HAMMER AND/OR THEIR SUBSIDIARIES

      Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

      27.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

      28.     At all times material, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

      29.     On or about April 24, 1995, Plaintiff, RICHARD GORDON, was using the machine manufactured by the Defendant, Columbia Machines, Inc. The product was purchased on or about April 24, 1995.

      30.     At the time of the sale of the product, Defendant had reason to know the particular

purpose for which the product was purchased.

31.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32.    On or about April 24, 1995, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33.    On or about January 16, 1997 , Plaintiff, RICHARD GORDON, gave Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, written notice of the breaches of warranty as hereinafter set out.  A copy of the notice is attached hereto as Plaintiff's "Exhibit A", and is by reference made a part hereof.

34.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES  impliedly  warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35.    By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express warranty.  The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition.  The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

## COUNT VI

## BREACH OF IMPLIED WARRANTY FOR A PARTICULAR

## PURPOSE AGAINST DEFENDANT COLUMBIA MACHINE. INC.

16

Plaintiff, RICHARD GORDON, sues Defendant, and alleges:

37.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

38.    At all times material, Defendant, COLUMBIA MACHINE, INC. was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

39.    On or about April 24, 1995, Plaintiff, RICHARD GORDON, was using the series 8 cuber when it malfunctioned. At that time and place, Defendant, COLUMBIA MACHINE, INC. , negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

40.    At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

41.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

42.    On or about April 24, 1995, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the series 8 cuber crushed him.

43.    On or about January 14, 1997, Plaintiff, RICHARD GORDON, gave Defendant, COLUMBIA MACHINE, INC. written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit B", and is by reference made a part hereof.

44.    Defendant, COLUMBIA MACHINE, INC., impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

45.    By selling the series 8 cuber in a defective condition, Defendant failed to conform to the representations previously made and breached their implied warranty. The breach of implied warranty was a proximate cause of injuries to Plaintiff.

46.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily

99

injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT VII

## BREACH IMPLIED WARRANTY OF MERCHANTABILITY

## AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, COLUMBIA MACHINE, INC., and alleges:

47.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

48.    On or about April 24, 1989, Plaintiff, was using the series 8 cuber manufacturered by Columbia Machines, Inc.

49.    Defendant, COLUMBIA MACHINE, INC., impliedly warranted that the Series 8 cuber was of merchantable quality.

50.    The Series 8 Cuber was not of merchantable quality and was dangerous.

51.    On or about April 24, 1995, Plaintiff was injured when the cuber malfunctioned.

52.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53.    Defendant's breach of implied warranty of merchantability was a proximate cause of the

injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable.

## COUNT VIII

## BREACH IMPLIED WARRANTY OF MERCHANTABILITY

## AGAINST DEFENDANT, EATON CORP

## AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and alleges:

54.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

55.     On or about April 24, 1995, Plaintiff , purchased a SERIES 8 CUBER from Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

56.     Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, impliedly warranted that the SERIES 8 CUBER was of merchantable quality.

57.     The SERIES 8 CUBER was not of merchantable quality and  was dangerous.

58.     On or about April 24, 1995, Plaintiff was injured when the cuber malfunctioned.  At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise.  In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone.  The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

59.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

60.    Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and demands trial by jury of all issues so triable.

# COUNT IX

## STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT

## EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

61.    Plaintiff realleges and reaverts paragraphs one through 5 above as if fully set forth herein.

62.    On or about April 24, 1995 Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

63.    On or about April 24, 1995, Plaintiff RICHARD GORDON, was seriously and permanently injured when the cuber malfunctioned. The product was negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the

machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

64.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product. In addition, the Defendant knew or should have known that the product was defective.

65.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

# COUNT X

## STRICT / PRODUCTS LIABILITY AGAINST

## DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues COLUMBIA MACHINE, INC. and alleges:

67.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

68.    On or about April 24, 1995, Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by COLUMBIA MACHINE, INC.

69.    On or about April 24, 1995, Plaintiff RICHARD GORDON, was seriously and permanently injured when the Series 8 Cuber malfunctioned. The product was negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started

to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

70.    Defendant, COLUMBIA MACHINE, INC. , before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product. In addition, the Defendant knew or should have known that the product was defective.

71.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

72.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously.

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166

ubers                                                                    http://www.colmac.com/cubers.htm



**Low or high volumes; Spacious or tight layouts Columbia Cubers Fit!**

Columbia is your cubing expert. We have a whole division dedicated solely to manufacturing machines that stack products on pallets in tight, precise patterns. So it makes sense that our palletizer expertise would carry over to our concrete products division cubers. With two models and lots of optional layouts and accessories to choose from, Columbia cubers fit your specific production needs.

**Model 8 Cuber**
Our tough, modular Model 8 Cuber is built to adapt quickly and easily to your specific needs. It operates at high speeds to maximize your production, yet gently handles your product to minimize damage. It's heavy-duty design is simple, with a minimum of wearable moving parts — and can be tailored for either full- or semi-automatic operation. You choose the configuration that works for your plant — front, side or rear infeed.

**Model 100 Cuber**
The economical option for low-volume production. The simple, functional design and compact size of the Model 100 make it an ideal choice for cubing in smaller plants or for handling specialty products in larger plants.

*Served &*
*Time/Date:*
*Server*
*#*

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

RICHARD GORDON

      Plaintiff

vs.

CASE NO. 99-01845 809-18

SUMMONS

ON CORPORATION

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR CUTLER-HAMMER
CORP. AND/OR THEIR SUBSIDIARIES

      Defendants

_____/

THE STATE OF FLORIDA

To all and singular the Sheriffs of said State:

         YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant,

BY SERVING:    DEFENDANT:         EATON CORP AND/OR CUTLER-HAMMER CORP.
                            AND/OR THEIR SUBSIDIARIES
                            CT CORPORATION SYSTEMS

BY SERVING AT:                  1200 S. PINE ISLAND RD., PLANTATION, FL. 33324
OR:

      BY SERVING: The President, or Vice-President or other head of the corporation; or in their absence, the cashier, treasurer, security or general manager; or in their absence, any director; or in their absence, any officer or business agent in accordance with Florida Statute 48.081.

Each Defendant is required to serve written defenses to the Complaint or Petition on KENNETH D. COOPER, P.A., Plaintiff's Attorney, whose address is 400 S.E. 8th Street, Fort Lauderdale, Florida 33316, (954) 522-7177, within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the attorneys or immediately thereafter. If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      WITNESS my hand and the Seal of said Court this _____ day of DEC 03 1999 __, 19____



STATE OF FLORIDA
BROWARD COUNTY
I DO HEREBY CERTIFY the within and foregoing is a true
and correct copy of the original as it appears on record
and file in the office of the Circuit Court Clerk of Broward
County, Florida.
    WITNESS my hand and Official Seal at Fort Lauderdale,
Florida, this the _____ day of _____ A.D. 19 2000
                Robert E. Lockwood, Clerk

ROBERT E. LOCKWOOD
Clerk of the Circuit Court

By:_____
    As Deputy Clerk

119



**DAVID LONG**
PRIVATE INVESTIGATOR
#A 9100389

**VERIFIED RETURN OF SERVICE**

CASE NO. 99-019458 -18
ATT: K.Cooper
STYLE R.Gordon/Columbia Ma

Beeper: (954) 293-0690
REC'D 12/3/99
3:00 P.M.

I, the Undersigned, hereby certify that on 12 / 6 / 19 99 at 10:00 am/pm, did personally serve:

Columbia Mach. 1200 S.Pine Island Rd.

at: Plantation in Broward County, Florida, pursuant

to rule ☒ 1.410(c), Florida R.C.P. ☐ 45(C), Federal R.C.P. in the following manner; ☐ Individual

☐ Substitute ☐ Liaison ☐ Corporate

_____ as _____ ☒ No Sercice (Explain) ☐ Other (Explain)

Comments: Summons Incorrect

_____

_____

_____

_____

_____

I am a process server in good standing in the 11 Judicial Circuit.

I further certify that I have no interest in the above styled litigation whatsoever.

Signed. _____ Date: 12/6/99 ID No.: 599

COPIES: WHITE – COURT          YELLOW – ATTORNEY          PINK – FILE

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

RICHARD GORDON

       Plaintiff,

vs.                                    CASE NO. 99-019458 (18)

COLUMBIA MACHINE, INC. and
EATON CORP. AND/OR CUTLER-
HAMMER CORP. AND/OR THEIR
SUBSIDIARIES

       Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING
## NOTICE OF REMOVAL

      Defendant, CUTLER-HAMMER CORP., pursuant to 28 U.S.C. § 1446(d), hereby gives

notice to the Clerk of the Court of the Seventeenth Judicial Circuit, in and for Broward County,

Florida, that on the 13th day of January, 2000, Defendant removed this action to the United

States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C.

§§ 1332 and 1441, *et seq.*

      Further, this Court is required to take no further action and to stay all proceedings before

this Court, pursuant to 28 U.S.C. § 1446(d), unless and until further order is forthcoming from

the United States District Court for the Southern District of Florida, Miami Division, remanding

this action to Circuit Court.  Absent entry of a Remand Order issued by the United States District

Court for the Southern District of Florida, Miami Division, the Circuit Court of the Seventeenth

Judicial Circuit, in and for Broward County, Florida, is divested of jurisdiction over this cause

CASE NO.  99-019458 (18)

and is requested to stay all actions and undertake no further proceedings.  Attached hereto as

**Exhibit "A"** and incorporated herein by reference is a copy of the Notice of Removal filed with

the United States District Court for the Southern District of Florida, Miami Division, by and on

behalf of the named Defendant.

Respectfully submitted,

CARLTON, FIELDS, WARD, EMMANUEL,
    SMITH & CUTLER, P.A.
Counsel for EATON.
4000 NationsBank Tower
100 SE 2nd Street
Miami, Florida  33131
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055

By_____
    BENJAMINE REID
    Florida Bar No. 183522

2

CASE NO. 99-019458 (18)

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S. Mail this _13th_ day of _Jan._, 2000, to KENNETH D. COOPER, Esq., KENNETH D. COOPER, P.A., 400 S.E. 8TH Street, Fort Lauderdale, Florida, 33316.

BENJAMINE REID

2051780

3

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by ..., except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS** RICHARD GORDON

**DEFENDANTS** COLUMBIA MACHINE, INC., and EATON CORP., and/or CUTLER-HAMMER CORP.

00-6067 CIV-MIDDLEBROOKS
MAGISTRATE
BANDSTRA

**COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** __Broward__
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** __New Jersey__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Kenneth D. Cooper
00 S.E. 8th Street
Fort Lauderdale, FL (954) 522-7177

**ATTORNEYS (IF KNOWN)** Benjamine Reid, Esq,
Carlton, Fields, Ward, Emmanuel, Smith & Cutler
Suite 4000, 100 SE 2nd Street, Miami, FL 33131
(305) 530-0050

**(c) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Sections 1332, 1441 & 1446

JAN 13

## IVa. 10 + days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☒ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
**DEMAND $** 75,000
Check YES only if demanded in complaint.
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE _____   DOCKET NUMBER _____

DATE Jan 13th, 2000
SIGNATURE OF ATTORNEY OF RECORD   x _____

UNITED STATES DISTRICT COURT
JS-2
9/94

FOR OFFICE USE ONLY: Receipt No. _____
Date Paid: _____
Amount: _____
M/fp: _____