UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



RICHARD GORDON                : CASE NO.:OO-6067 –CIV-MIDDLEBROOKS
                              : MAGISTRATE JUDGE BANDSTRA
    Plaintiff,            :
                              :
vs.                           :
                              :
COLUMBIA MACHINE, INC. and.   :
EATON CORP. AND/OR CUTLER-    :
HAMMER CORP. AND/OR THEIR ,   :
SUBSIDIARIES                  :
                              :
    Defendants.           :
                              :

## MOTION TO DISMISS
### (MEMORANDUM OF LAW INCLUDED)

The Defendant, CUTLER-HAMMER CORP., ("CUTLER-HAMMER"), by and through undersigned counsel and pursuant to Rules 7 and 12, Fed.R.Civ.P., moves to dismiss the Complaint and this action filed by Plaintiff RICHARD GORDON ("GORDON"). As grounds, Defendant states:

1.    This is a products liability action in which Plaintiff seeks recovery of damages allegedly caused by his use of the Series 8 Cuber, allegedly manufactured and sold by Defendant CUTLER-HAMMER.

2.    The Complaint purports to state a claim under Florida common law negligence, products liability, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and strict product liability against CUTLER-HAMMER, arising out of purported injuries sustained by Plaintiff while using the Series 8 Cuber.





3. As discussed in detail in the following memorandum of law, Plaintiff is unable to state a cause of action against Defendant CUTLER-HAMMER because the complaint <u>on its face</u> affirmatively and conclusively shows that the applicable statute of limitations has expired and the action is accordingly barred.

    A. Plaintiff states in Paragraph 1 of the Complaint that this action arose "out of a cause of action which accrued on or about April 24, 1995." (Compl. ¶ 1). Thereafter, in each Count Plaintiff incorporates Paragraph 1 of the Complaint.

    B. Further, Plaintiff's repeatedly alleges in the Complaint that the alleged injury occurred on or about April 24, 1995.

    C. Plaintiff filed the Complaint against Defendant CUTLER-HAMMER on November 15, 1999. Accordingly, Plaintiff's claim is barred by the applicable 4-year statute of limitations. Fla.Stat. § 95.11(3).

4. For the foregoing reasons, all the respective counts of Plaintiff's complaint against Defendant CUTLER-HAMMER must be dismissed.

5. Defendant adopts and incorporates by reference the following memorandum of law.

## MEMORANDUM OF LAW

This is an action in which Plaintiff seeks recovery of damages allegedly caused by use of the Series 8 Cuber product allegedly manufactured and sold by Defendant CUTLER-HAMMER.

Plaintiff filed suit against Defendant CUTLER-HAMMER on November 15, 1999. Paragraph 1 of the Complaint states that this is an action exceeding fifteen thousand dollars, "arising out of a cause of action which accrued on or about April 24, 1995." (Compl. ¶ 1). Plaintiff thereafter incorporates Paragraph 1 into each Count. Further, Plaintiff repeatedly

alleges in the Complaint that on or about April 24, 1995, Plaintiff incurred bodily injury from the alleged malfunction of the Series 8 Cuber.

Florida state law governs the applicable statute of limitations. See Reisman v. General Motors Corp., 845 F.2d 289, 291 (11th Cir. 1988) ("Except in matters governed by the federal Constitution or by acts of Congress, federal courts in diversity cases must apply the law of the forum state, including its statute of limitations.") (citations omitted); Palm Beach Atlantic College, Inc. v. First United Fund, Ltd., 928 F.2d 1538, 1542 (11th Cir. 1991) (citing Reisman at 291). Section 95.11 of the Florida Statutes provides that the applicable statute of limitations is four years. Fla. Stat. § 95.11(3). Therefore, in order to comply with the applicable statute of limitations Plaintiff was required to bring this cause of action on or before April 24, 1999.

Accordingly, because the Complaint on its face shows that plaintiff filed this suit after the statute of limitations period expired, the Complaint must be dismissed. Fortner v. A.G. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993) (a district court may dismiss a complaint on a Rule 12(b)(6) motion to dismiss when the compliant indicates the existence of an affirmative defense on the face of the complaint) (citations omitted); In re Physician Corporation of America Securities Litigation, 50 F. Supp. 2d 1304, 1319 (S.D. Fla. 1999) ("Proof that a claim is barred by the applicable statute of limitations is grounds for a motion to dismiss"); City of Fort Lauderdale v. Ross, Saarinen, Bolton & Wilder, Inc. 815 F. Supp. 444, 446 (S.D. Fla. 1992) ("when a complaint shows on its face that the limitations period has run, the defect may be raised by a motion to dismiss"); Held v. Davis, 778 F. Supp. 527, 530 (S.D. Fla. 1991) (court may consider statute of limitations affirmative defense in a motion to dismiss where defense appears on the face of the complaint).

## CONCLUSION

Based upon the foregoing discussion and authorities, this Court should grant Defendant's motion to dismiss and dismiss this action with prejudice.

**WHEREFORE**, the Defendant requests that the Court grant the instant motion and enter an order dismissing Plaintiff's complaint and this action with prejudice.

Respectfully submitted,

By _____
BENJAMINE REID
Florida Bar No. 183522
Email: breid@carltonfields.com
CARLTON, FIELDS, WARD, EMMANUEL,
SMITH & CUTLER, P.A.
4000 NationsBank Tower
100 S.E. 2nd Street
Miami, Florida 33131
(305) 530-0050
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the Motion to Dismiss was served by U.S. Mail this 20 day of January, 2000, to KENNETH D. COOPER, Esq., KENNETH D. COOPER, P.A., 400 S.E. 8TH Street, Fort Lauderdale, Florida, 33316.

BENJAMINE REID

2053162