UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISON

RICHARD GORDON  :  CASE NO.:00-6067-CIV
                                                                               :  MIDDLEBROOKS/BANDSTRA

Plaintiff,

vs.

COLUMBIA MACHINE, INC.
AND EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES

Defendants.

_____

## MOTION TO DISMISS AND ACCOMPANYING MEMORANDUM OF LAW

Defendant, COLUMBIA MACHINE ("COLUMBIA") by and through undersigned counsel and pursuant to Rules 7 and 12, Federal Rules of Civil Procedure, moves to dismiss the Complaint and this action filed by Plaintiff RICHARD GORDON ("GORDON"). As grounds therefor, Defendant states and avers the following:

1. Plaintiff GORDON filed a lawsuit against Defendant COLUMBIA and other defendants, consisting of ten (10) separate counts on November 15, 1999 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

2. Plaintiff's Complaint purports to state a claim under Florida common law negligence, products liability, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and strict/products liability

COPIES NOT PROVIDED

against Defendant COLUMBIA arising out of injuries allegedly sustained by the Plaintiff.

3. As more fully set forth in the accompanying memorandum of law, Plaintiff cannot state a cause of action against Defendant COLUMBIA as Plaintiff's Complaint affirmatively and conclusively shows that the applicable statute of limitations has expired and the action is therefore barred.

4. More specifically, Plaintiff's Complaint alleges that this action arose "out of a cause of action which accrued on or about April 24, 1995." (Plaintiff's Complaint at paragraph 1). Thereafter, in each count, Plaintiff incorporates Paragraph 1 of the Complaint.

5. Plaintiff repeats his allegation that his alleged injury occurred on or about April 24, 1995 throughout his Complaint.

6. Plaintiff filed his Complaint against COLUMBIA on November 15, 1999. Accordingly, Plaintiff's claim is barred by the applicable 4-year statute of limitations. Fla. Stat. Sec. 95.11(3).

7. For the foregoing reasons, all the respective counts of the Plaintiff's Complaint against Defendant COLUMBIA must be dismissed.

8. Defendant COLUMBIA adopts and incorporates by reference the following memorandum of law.

## MEMORANDUM OF LAW

In this action, Plaintiff seeks recovery of damages allegedly caused by the use of a Series 8 Cuber machine allegedly, manufactured and sold by Defendant COLUMBIA.

Plaintiff filed suit against Defendant COLUMBIA on November 15, 1999. Paragraph 1 of the Complaint states that this is an action exceeding fifteen thousand dollars, "arising out of a cause of action which accrued on or about April 24, 1995" (Complaint at paragraph 1). Plaintiff thereafter incorporates paragraph 1 into each Count. Further, Plaintiff repeatedly alleges in his Complaint that he incurred bodily injury on or about April 24, 1995 as the result of a malfunction of the Series 8 Cuber.

Florida law governs the applicable limitations period. Reisman v. General Motors Corp., 845 F.2d 289, 291 (11th Cir. 1998) ("Except in matters governed by the federal Constitution or by acts of Congress, federal courts in diversity cases must apply the law of the forum state, including its statute of limitations." (citations omitted); Palm Beach Atlantic College, Inc. v. First United Fund, Ltd., 928 F.2d 1538, 1542 (11th Cir. 1991) (citing Reisman at 291). Section 95.11, Florida Statutes provides that the applicable statute of limitations is four years. FLA. STAT. ANN. Sec. 95.11(3). Therefore, in order to comply with the applicable statute of limitations, Plaintiff was required to bring this cause of action on or before April 24, 1999.

Accordingly, because the Complaint, on its face, shows that the Plaintiff filed this suit after the statute of limitations period expired, the Complaint must be dismissed. Fortner v. A.G. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993) (a district court may dismiss a complaint on a Rule 12(b)(6) motion to dismiss when the complaint indicates the existence of an affirmative defense on the face of the complaint) (citations omitted); In re Physician Corporation of America Securities Litigation, 50 F. Supp. 2d. 1304, 1319 (S.D. Fla. 1999) ("Proof that a claim is barred by the applicable statute of limitations is grounds for a motion to dismiss"); City of Fort Lauderdale v. Ross, Saarinen, Bolton &

Wilder, Inc. 815 F. Supp 444, 446 (S.D. Fla. 1992) ("when a complaint shows on its face that the limitations period has run, the defect may be raised by a motion to dismiss"); Held v. Davis, 778 F. Supp. 527, 530 (S.D. Fla. 1991) (court may consider statute of limitations affirmative defense in a motion to dismiss where defense appears on the face of the complaint).

## CONCLUSION

Based on the foregoing argument and authorities, the Court should grant Defendant's Motion to Dismiss and dismiss this action with prejudice.

**WHEREFORE**, the Defendant COLUMBIA requests that the Court grant the instant motion and enter an order dismissing Plaintiff's Complaint and this action with prejudice.

Respectfully submitted,

BY _____
Dale R. Hightower
Florida Bar No. 372102
Hightower & Rudd, P.A.
2300 New World Tower
100 N. Biscayne Blvd.
Miami, Florida 33132
(305) 539-0909
Attorney for Defendant Columbia Machine, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to: Kenneth D. Cooper, P.A., S.E. 8th Street, Fort Lauderdale, Florida 33316 and a courtesy copy to the Honorable Donald Middlebrooks, Federal Courthouse Square, 6th Floor, 301 North Miami Avenue, Miami, Florida 33128 on April 20, 2000.

Dale R. Hightower, Esq.