IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, FT. LAUDERDALE DIVISION

RICHARD GORDON,

        Plaintiff/s

vs.                                Case # - 00-6067-CIV-
                                           MIDDLEBROOKS/BANDSTRA

COLUMBIA MACHINE, INC.
EATON CORP AND/OR CUTLER-HAMMER
CORP. AND/OR THEIR SUBSIDIARIES

        Defendant/s.
_____/

### PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12 (F) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO COMPLY WITH THE RULES OF FEDERAL PROCEDURE

The Plaintiffs, RICHARD GORDON, moves this Court pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure to enter an order STRIKING the defendant's motion to dismiss and states:

    1. On February 4, 2000 the defendant filed an answer and affirmative defenses.

    2. Rule 7 (a) of the rules of Federal Civil Procedure states that the only pleadings that are allowed under the rules **after** the answer and affirmative defenses have been filed are: "There shall be a complaint and an answer; reply to a counterclaim denominated as such; an answer to a cross-claim, ... **No other pleading shall be** allowed, except that the court may order a reply to an answer or a third-party answer.

    3. Rule 12 (b) give the defendant the option of either pleading in motion form or in affirmative defense form the issues before the Court. In this case the defendant has chosen to file an answer and affirmative defenses. The affirmative defense have the same issues as the motion to



dismiss.

4. Rule 12 (b) states: "A motion making any of these defenses **shall** be made **before** pleading if a further pleading is permitted. The defendant has not sought to get the Court permission to file the motion to dismiss.

5. In this case the defendant is attempting to file a motion to dismiss after the answer and affirmative defenses have been filed.

6. Rule 7 (a) states and give the only pleadings that are allowed under the rules after the answer and affirmative defenses have been filed. Rule 7 (a) states: "There shall be a complaint and an answer; reply to a counterclaim denominated as such; an answer to a cross-claim, ... **No other pleading shall be allowed**, except that the court may order a reply to an answer or a third-party answer.

7. Since Rule 12 (b) allows the pleader to choose how they desire to present their case and in this case the pleader had the option to file the motion prior to filing the answer and affirmative defenses and did not do so, the pleading of motion to dismiss should be stricken under Rule 12 (f) as a redundant pleading. The motion and the affirmative defense is redundant and should be stricken.

8. The Federal rules of Civil Procedure do not allow for a Motion to Dismiss to be filed after the answer and affirmative defenses have been filed.

WHEREFORE, PLAINTIFF moves this Court to strike the defendant's motion to dismiss as not being allowed by the rules. In the alternative, Plaintiff moves this Court if the Motion to Strike is denied to allow additional time to respond to the motion.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to: BENJAMINE REID, 2300 New World Tower, 100 N. Biscayne Blvd., Miami, Fl. 33132 and a courtesy copy to the Honorable JUDGE MIDDLEBROOKS on May 25, 2000.

                         _____
                         KENNETH D. COOPER, P.A.
                         Attorney for Plaintiff
                         400 S.E. 8th Street
                         Fort Lauderdale, FL 33316
                         Telephone: (954) 522-7177
                         FLORIDA BAR NUMBER 362166