UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6067-CIV-MIDDLEBROOKS

RICHARD GORDON,

    Plaintiff,

vs.

COLUMBIA MACHINE, INC.,

    Defendant.
_____/



## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant, Columbia Machine, Inc.'s, Motion to Dismiss, filed on April 21, 2000. DE #The Court has reviewed the record and is otherwise fully advised in the premises.

### I.

Plaintiff, Richard Gordon, filed this personal injury lawsuit on November 15, 1999, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Florida. The complaint originally stated ten causes of action against three separate defendants. All of the counts are related to injuries Mr. Gordon alleges he sustained while using a piece of machinery Gordon alleges was manufactured and sold by Columbia Machine, Inc. The complaint originally alleged claims for: (1) Negligence against Eaton Corp. and/or Cutler-Hammer Corp.; (2) Negligence against Columbia Machine, Inc.; (3) Products Liability against Eaton Corp. and/or Cutler-Hammer Corp; (4) Products Liability against Columbia Machine, Inc.; (5) Breach of Implied Warranty for a Particular Purpose against Eaton Corp. and/or Cutler-Hammer Corp; (6) Breach of Implied Warranty for a Particular Purpose against Columbia Machine, Inc.; (7) Breach of Implied Warranty of Merchantability against Columbia Machine, Inc.; (8) Breach of Implied Warranty of Merchantability against Eaton Corp.

and/or Cutler-Hammer Corp.; (9) Strict Products Liability against Eaton Corp. and/or Cutler-Hammer Corp.; and (10) Strict Products Liability against Columbia Machine, Inc.

On January 13, 2000, this case was removed to federal court pursuant to our diversity jurisdiction. On February 9, 2000, Plaintiff filed a notice of voluntary dismissal as to Eaton Corp. and Cutler-Hammer Corp., and the Court dismissed all claims against those defendants. As such, the only remaining counts in this action are the five against Columbia Machine, Inc. On April 21, 2000, Columbia Machine, Inc. filed the motion to dismiss we now consider.

## II.

A motion to dismiss is appropriate only when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *See Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). It is from this point that we begin our analysis.

## III.

In this motion, Columbia Machine, Inc. argues that the complaint should be dismissed as time barred by the Florida statute of limitations. Although the accrual of a cause of action is normally a determination more appropriate for summary judgment than a motion to dismiss, a district court may dismiss a complaint on a 12(b)(6) motion when the face of the complaint indicates the validity of an affirmative defense. *City of Ft. Lauderdale v. Ross, Saarinen, Bolton & Wilder, Inc.*, 815 F. Supp. 444, 446 (S.D. Fla. 1992) (holding "when a complaint shows on its face that the limitations period has run, the defect may be raised by a motion to dismiss"). Accordingly, because Columbia Machine, Inc. limits its argument to the allegations in the complaint, the statute of limitations issues is properly before the Court on the motion to dismiss.

Plaintiff's complaint alleges his causes of action under Florida state law and therefore Florida law governs the applicable limitations period. *Reisman v. General Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1998) ("Except in matters governed by the federal Constitution or by acts of Congress, federal courts in diversity cases must apply the law of the forum state, including its statute of limitations."). The Florida statute of limitations provides that the applicable limitations period for both negligence and product liability actions is four years.[1] *Fla. Stat.* § 95.11(3)(a) & (e). Plaintiff filed this suit on November 15, 1999. Therefore, if the complaint alleges that the causes of actions accrued prior to November 15, 1995, the claims are barred by the Florida statute of limitations.

Paragraph 1 of the complaint states: "This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, arising out of a cause of action which accrued on or about April 24, 1995." As such, on the face of the complaint, it appears that Mr. Gordon's claims are time barred. That said, each of the five counts against Columbia Machine, Inc. lists an individual date for the accrual of the action. For example, Count II of the complaint states that the injury occurred on April 23, 1996, while Count IV states that the injury occurred on January 3, 1997. Accordingly, dismissal of a claim is not proper unless the claim itself demonstrates the validity of Columbia Machine, Inc.'s statute of limitations defense. In order to ascertain for which counts dismissal is proper, the Court will review the complaint count by count.

Counts I and IV state that Mr. Gordon was injured on April 23, 1996, and January 3, 1997, respectively, thus, on the face of the complaint, these claims are not time barred.[2] Counts VI, VII, and X, however, state that Mr. Gordon was injured on April 24, 1995, thus, on the face of the complaint, these claims are time barred and dismissal is appropriate.

---

[1] The relevant statutory provisions provide:
Actions other than for recovery of real property shall be commenced as follows: . . . .
(3)     Within four years —
(a)     An action founded on negligence. . . .
(e)     An action for injury to a person founded on the design, manufacture, distribution, or sale of personal property . . .
*Fla. Stat.* § 95.11 (3) (a) & (e).

[2] The Court is aware that Plaintiff incorporated by reference the April 24, 1995 accrual date into each count, however when faced with even a sliver of contradictory pleading, dismissal of a claim is inappropriate.

Gordon does not contest that dismissal of the time barred Counts is appropriate, but instead argues that the motion to dismiss must be stricken because Columbia Machine, Inc. had previously filed an answer to the complaint and had therefore waived its right to file a 12(b)(6) motion. While Gordon's legal analysis is correct, the factual predicate underlying his argument is not apparent to the Court. Upon a review of the docket, neither the Court nor the Clerk have any record of an answer being filed in this case. Accordingly, Columbia Machines, Inc. was well within its rights to file the motion to dismiss.

### IV.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Columbia Machine, Inc.'s Motion to Dismiss, DE # 9, is GRANTED IN PART AND DENIED IN PART. Columbia Machine, Inc.'s motion is GRANTED as to Counts VI, VII, and X and DENIED as to Counts II and IV. Counts VI, VII, and X of Plaintiff's complaint are hereby DISMISSED and STRICKEN. It is further ORDERED that Plaintiff's Motion to Strike, DE #12, is DENIED. It is further ORDERED Columbia Machine, Inc.'s Motion for Default, DE #13, is DENIED. Columbia Machine, Inc. shall file an answer to Counts II and IV no later than **June 30, 2000**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 5th day of June 2000.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record