# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT, FT. LAUDERDALE DIVISION

RICHARD GORDON,

        **Plaintiff/s**

vs.

                                      **Case # - 00-6067-CIV-**
                                      **MIDDLEBROOKS/BANDSTRA**

COLUMBIA MACHINE, INC.
EATON CORP AND/OR CUTLER-HAMMER
CORP. AND/OR THEIR SUBSIDIARIES

        **Defendant/s.**

_____/

## PLAINTIFFS' MOTION FOR RE-HEARING AND ORDER
## MOTION TO VACATE ORDER DATED JUNE 8, 2000 AND MEMORANDUM OF LAW

      The Plaintiffs, RICHARD GORDON, moves this Court to re-hear the Motion to Dismiss and/or files this Motion to Vacate the Order based upon the answer being filed by Columbia Machine, Inc. and states:

      1. Attached is EXHIBIT A. EXHIBIT A IS THE ANSWER AND AFFIRMATIVE DEFENSES FILED IN THE <u>CIRCUIT COURT</u> BY COLUMBIA MACHINE, INC., PRIOR TO THE CASE BEING TRANSFERRED TO FEDERAL COURT.

      2. The Court held that Plaintiff was correct in the legal analysis, in that, if an answer is filed the motion to dismiss is not permitted. The Court checked the court file and could not find the answer. Plaintiff did not respond to the motion because I had the answer in my file and presumptively the clerk in the Circuit court transferred all the papers, including the Answer and

346



Affirmative Defenses.  However, somehow the answer did not reach the Federal court. (EXHIBIT B, LAST PAGE PARAGRAPH 1).

      3.  Apparently the answer was filed in the Circuit Court at the time the Motion to transfer to the Federal Court was filed.

      4.  However, due to some clerical mistake the answer did not reach the Federal Court file or since the Circuit court case number was on it, the federal court may have sent it back to the Circuit court.  Either way the answer was filed and somehow it did not reach the Federal court file.

      5.  In any event, attached is the answer and affirmative defenses that was filed prior to the motion to dismiss.

      6.  There are responses that the Plaintiff would have filed if the motion was properly before the Court.

      7.  However, since the rule is very clear, Plaintiff did not respond with case law or other facts other than the affidavit of Mr. Gordon stating he did not discovery that the machine was defective until he was in Miami and saw a guard around the place where he was injured.

      8.  That affidavit,  that is in the Court file, leaves the question under the law as to when the Plaintiff should have reasonably discovered the defect.  That response should be filed in opposition to a Motion for Judgement on the Pleading or Motion for Summary Judgement, not the motion to dismiss.

      9.  The law states that if there is an affidavit as to when the defect is discovered, there is 12 years in the statute of limitation in which to file the suit.  That depends upon whether the Plaintiff was reasonable in time as to the discovery the defect.  Generally, this becomes a question for the jury to decide.

      10.  Plaintiff moves this Court to vacated the order per the Federal Rules of Civil procedure or grant Plaintiff prior request that if the Court found that the response to the Motion to Dismiss was not sufficient, to grant additional time to respond.

11. In this case the Court has held the Plaintiff <u>was and is correct</u> in the legal position on the rule but the Court did not have the answer in the court file.

12. The answer is attached and was in fact filed and should have been sent to the Federal court, only due to a clerical error was it not filed.

WHEREFORE, PLAINTIFF MOVES THIS COURT to re-hear the Motion to dismiss and or to vacate the order of June 8, 2000 due to the fact that an answer was filed and the Motion to Dismiss was not properly before this Court.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to:
DALE HIGHTOWER, 2300 New World Tower, 100 N. Biscayne Blvd., Miami, Fl. 33132
and a courtesy copy to the Honorable JUDGE MIDDLEBROOKS on June 22, 2000.

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BORWARD COUNTY, FLORIDA

RICHARD GORDON

           Plaintiff,

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

           Defendants.

_____/

CASE NO.: 99019458

FLORIDA BAR NO.: 372102

*file*

## COLUMBIA MACHINE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, COLUMBIA MACHINE, INC., by and through its undersigned attorney, and answers the Plaintiff's complaint as follows:

1. This Defendant denies each and every allegation contained in Plaintiff's Complaint and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

### Statute of Limitations/Statute of Repose

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and any applicable Statute of Repose, in that plaintiff brought the lawsuit after the requisite time to file the lawsuit from the time of injury or the time the product was sold and placed in to the stream of commerce.



## No Duty to Warn

3.    Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to warn Plaintiff.

## Assumption of Risk

4.    Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk by voluntarily assuming the risk of injury or damage.

## Product Not Unreasonably Dangerous

5.    Plaintiff's claims are barred, in whole or in part, because the product at issue is not unreasonably dangerous.

## Comparative Negligence

6.    The negligence of the Plaintiff, caused and/or contributed to the injuries that he sustained and therefore, any award rendered to him should be reduced by the amount of his negligence or the Plaintiff should not be entitled to recover at all.

## Waiver, Estoppel, and Laches

7.    Plaintiff's are barred from recovery, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## Sophisticated User Doctrine

8.    Plaintiff's are barred from recovery, in whole or in part, by the "sophisticated user" doctrine, as the plaintiff had superior knowledge than the general public regarding the use, maintenance, and operation of the product alleged as defective.

## Pre-Emption by Federal Law

9.     Plaintiff's are barred from recovery, in whole or in part, on the grounds that Plaintiffs' claims are pre-empted by applicable federal law, regarding warranties of products and any other applicable Federal Statute.

## Spoliation of Evidence

10.     Plaintiff's claims are barred, in whole or in part, by Plaintiffs' failure to preserve and/or identify the allegedly defective products.

## Product is State of the Art

11.     Plaintiff's claims are barred, in whole or in part, by their failure to demonstrate that there is a safer alternative design.

## Risk/Utility Doctrine

12.     Plaintiff's claims are barred, in whole or in part, by the "risk/utility" doctrine. The social benefits and utility of this product outweigh and risks associated with its use.

## Product Misuse and Alteration

13.     Plaintiff's claims are barred, in whole or in part, by Plaintiffs' misuse or alteration of the product by using the product in a manner not in conformity with its design and purpose or by altering the product causing a change in the product from its original condition.

## Product State of The Art

14.     Plaintiff's claims are barred, in whole or in part, because the product or products at issue complied with the customary and accepted practice of the

industry at the time of manufacture and conformed with all available technical, scientific, and industry state of the art.

### Warning by Intermediary

15.    Defendants had no duty to warn Plaintiff because it reasonably relied upon a knowledgeable intermediary to convey appropriate warnings.

### Unavoidably Unsafe Product

16.    Plaintiff's claims may be barred in whole or in part to the extent the products complained of are "unavoidably unsafe" within the meaning of comment (k) to § 402 (A) of the Restatement (Second) of Torts.

### Apportionment of Damages

17.    While denying all of the allegations of the Complaint regarding liability, if Defendants have any liability for loss or injury as alleged in the Complaint, said liability must be proportionate to the alleged harm or injury caused by other Defendants similarly responsible for the harm or injury at issue.

### No Enterprise Liability

18.    The negligence of Defendants, if any, is so minimal when compared to the negligence of Plaintiff and other Defendants as to preclude recovery by Plaintiff or any other party against this defendant.

### Negligence of Third Parties as Intervening Causes

19.    While denying all of the allegations of the Complaint, to the extent Plaintiff may be able to prove any alleged injuries and/or damages, they were proximately caused by intervening and/or superseding actions, negligence and/or

fault of the Plaintiffs and/or other parties to this action over whom Defendants had no control or right to control and for whose actions Defendants are not liable.

### Lack of Proximate Cause

20.    While denying all the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any negligence or fault on the part of Defendants, it was not the proximate cause of any of the damages at issue.

### Unforeseeable Acts of Third Parties

21.    While denying all of the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, they are the sole and proximate result of intentional, willful and/or unlawful acts of other parties and/or third persons, the occurrence of which was not foreseeable to Defendants.

### Adequate Warning(s)

22.    At all relevant times, Defendants formulated, manufactured, marketed and provided proper warnings, information and instruction for all of their products in accordance with the state of the medical and scientific knowledge existing at the time and pursuant to generally recognized and prevailing standards in existence at the time.

### Jurisdiction and Venue Improper

23.    Plaintiff's failed to properly serve defendant and did not conform with the Due Process requirements of minimum contacts and substantial justice and fair play such that this defendant should be hailed into court; in

addition, venue is improper or is inconvenient as laid in this action.

### Collateral Sources

24.    The Plaintiff, DONALD DACOSTA, is not entitled to recover as damages in this case, any amount which represents payment of any medical expense or lost wages paid or payable from Personal Injury Protection Insurance Coverage or any other collateral source.

### Unreasonable Medical Bills

25.  The Plaintiff's claims for incidental medical bills incurred as a result of the alleged injuries are exaggerated, unnecessary and unreasonable.

### Unreasonable Lost Wage Claim

26.  The Plaintiff's claim for lost wages are exaggerated and unreasonable.

27.    Defendants adopt by reference all separate defenses heretofore and hereafter asserted by any and all other Defendants or other parties, except as such separate defenses may make allegations against Defendants.

28.    Defendants reserve the right to amend or supplement its Answer or to assert additional defenses as may be disclosed by discovery.

### Demand for Jury Trial

This Defendant demands Trial by Jury of all issues so triable by right.

WHEREFORE, Defendant COLUMBIA MACHINE INC. demand judgment in their favor and against Plaintiff on the Complaint, any other relief deemed appropriate by the Court.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 4th day of February, 2000, to: Kenneth D. Cooper, Esq., 400 S.E. 8th Street, Ft. Lauderdale, Florida  33316.

> HIGHTOWER AND RUDD, P.A.
> 2300 New World Tower
> 100 North Biscayne Boulevard
> Miami, Florida 33132
> 305.539.0909
> 305.530.0661 (Facsimile)
>
> By: _____
>
>        Dale R. Hightower

3.3027/DRH/JJB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6067-CIV-MIDDLEBROOKS

RICHARD GORDON,

      Plaintiff,

vs.

COLUMBIA MACHINE, INC.,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant, Columbia Machine, Inc.'s, Motion to Dismiss, filed on April 21, 2000.  DE #The Court has reviewed the record and is otherwise fully advised in the premises.

**I.**

Plaintiff, Richard Gordon, filed this personal injury lawsuit on November 15,1999, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Florida.  The complaint originally stated ten causes of action against three separate defendants.  All of the counts are related to injuries Mr. Gordon alleges he sustained while using a piece of machinery Gordon alleges was manufactured and sold by Columbia Machine, Inc.  The complaint originally alleged claims for: (1) Negligence against Eaton Corp. and/or Cutler-Hammer Corp.; (2)Negligence against Columbia Machine, Inc.; (3) Products Liability against Eaton Corp. and/or Cutler-Hammer Corp; (4) Products Liability against Columbia Machine, Inc.; (5) Breach of Implied Warranty for a Particular Purpose against Eaton Corp. and/or Cutler-Hammer Corp; (6) Breach of Implied Warranty for a Particular Purpose against Columbia Machine, Inc.; (7) Breach of Implied Warranty of Merchantability against Columbia Machine, Inc.; (8) Breach of Implied Warranty of Merchantability against Eaton Corp.

and/or Cutler-Hammer Corp.; (9) Strict Products Liability against Eaton Corp. and/or Cutler-Hammer Corp.; and (10) Strict Products Liability against Columbia Machine, Inc.

On January 13, 2000, this case was removed to federal court pursuant to our diversity jurisdiction.  On February 9, 2000, Plaintiff filed a notice of voluntary dismissal as to Eaton Corp. and Cutler-Hammer Corp., and the Court dismissed all claims against those defendants.  As such, the only remaining counts in this action are the five against Columbia Machine, Inc.  On April 21, 2000, Columbia Machine, Inc. filed the motion to dismiss we now consider.

## II.

A motion to dismiss is appropriate only when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true.  *See Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law.  *See Marshall County Bd. of Educ. v Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  It is from this point that we begin our analysis.

## III.

In this motion, Columbia Machine, Inc. argues that the complaint should be dismissed as time barred by the Florida statute of limitations.  Although the accrual of a cause of action is normally a determination more appropriate for summary judgment than a motion to dismiss, a district court may dismiss a complaint on a 12(b)(6) motion when the face of the complaint indicates the validity of an affirmative defense.  *City of Ft. Lauderdale v. Ross, Saarinen, Bolton & Wilder, Inc.*, 815 F. Supp. 444, 446 (S.D. Fla. 1992) (holding "when a complaint shows on its face that the limitations period has run, the defect may be raised by a motion to dismiss").  Accordingly, because Columbia Machine, Inc. limits its argument to the allegations in the complaint, the statute of limitations issues is properly before the Court on the motion to dismiss.

Plaintiff's complaint alleges his causes of action under Florida state law and therefore Florida law governs the applicable limitations period. *Reisman v. General Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1998) ("Except in matters governed by the federal Constitution or by acts of Congress, federal courts in diversity cases must apply the law of the forum state, including its statute of limitations."). The Florida statute of limitations provides that the applicable limitations period for both negligence and product liability actions is four years.[1] *Fla. Stat.* § 95.11(3)(a) & (e). Plaintiff filed this suit on November 15, 1999. Therefore, if the complaint alleges that the causes of actions accrued prior to November 15, 1995, the claims are barred by the Florida statute of limitations.

Paragraph 1 of the complaint states: "This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, arising out of a cause of action which accrued on or about April 24, 1995." As such, on the face of the complaint, it appears that Mr. Gordon's claims are time barred. That said, each of the five counts against Columbia Machine, Inc. lists an individual date for the accrual of the action. For example, Count II of the complaint states that the injury occurred on April 23, 1996, while Count IV states that the injury occurred on January 3, 1997. Accordingly, dismissal of a claim is not proper unless the claim itself demonstrates the validity of Columbia Machine, Inc.'s statute of limitations defense. In order to ascertain for which counts dismissal is proper, the Court will review the complaint count by count.

Counts I and IV state that Mr. Gordon was injured on April 23, 1996, and January 3, 1997, respectively, thus, on the face of the complaint, these claims are not time barred.[2] Counts VI, VII, and X, however, state that Mr. Gordon was injured on April 24, 1995, thus, on the face of the complaint, these claims are time barred and dismissal is appropriate.

---

[1]The relevant statutory provisions provide:
Actions other than for recovery of real property shall be commenced as follows: . . . .
(3)      Within four years —
(a)      An action founded on negligence. . . .
(e)      An action for injury to a person founded on the design, manufacture, distribution, or sale of personal property . . .
*Fla. Stat.* § 95.11 (3) (a) & (e).

[2]The Court is aware that Plaintiff incorporated by reference the April 24, 1995 accrual date into each count, however when faced with even a sliver of contradictory pleading, dismissal of a claim is inappropriate.

Gordon does not contest that dismissal of the time barred Counts is appropriate, but instead argues that the motion to dismiss must be stricken because Columbia Machine, Inc. had previously filed an answer to the complaint and had therefore waived its right to file a 12(b)(6) motion. While Gordon's legal analysis is correct, the factual predicate underlying his argument is not apparent to the Court. Upon a review of the docket, neither the Court nor the Clerk have any record of an answer being filed in this case. Accordingly, Columbia Machines, Inc. was well within its rights to file the motion to dismiss.

## IV.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Columbia Machine, Inc.'s Motion to Dismiss, DE # 9, is GRANTED IN PART AND DENIED IN PART. Columbia Machine, Inc.'s motion is GRANTED as to Counts VI, VII, and X and DENIED as to Counts II and IV. Counts VI, VII, and X of Plaintiff's complaint are hereby DISMISSED and STRICKEN. It is further ORDERED that Plaintiff's Motion to Strike, DE #12, is DENIED. It is further ORDERED Columbia Machine, Inc.'s Motion for Default, DE #13, is DENIED. Columbia Machine, Inc. shall file an answer to Counts II and IV no later than **June 30, 2000**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 8th day of June 2000.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record