UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

Case No :00-6067-CIV- MIDDLEBROOKS

RICHARD GORDON

    Plaintiff,

vs.

COLUMBIA MACHINE, INC.
AND EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES

    Defendants.

### DEFENDANT COLUMBIA MACHINE'S RESPONSE TO PLAINTIFF'S MOTION FOR REHEARING AND MOTION TO VACATE ORDER DATED JUNE 8, 2000

COMES NOW Defendant COLUMBIA MACHINE, INC. (hereinafter: "Columbia") by and through the undersigned counsel and pursuant to Rule 7.1(C), Local Rules of the United States District Court for the Southern District of Florida and Rule 6(a), Federal Rules of Civil Procedure and files this opposing memorandum in response to Plaintiff's Motion for Rehearing and Motion to Vacate Order Dated June 8, 2000. In support thereof, Defendant states and avers the following:

    1.    This lawsuit began in Circuit Court in Broward County, Florida and was later removed by other defendants to this District Court.

2. The Notice of Removal was filed January 13, 2000 by counsel for Defendant EATON CORP. AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES (hereinafter: "EATON").

3. At the time of removal, Defendant COLUMBIA had not received notice that Defendant EATON had removed the case.

4. As a result, Defendant COLUMBIA filed an Answer in the Circuit Court in order to forestall the entry of a default for failure to respond to the complaint.

5. Under the Florida Rules of Civil Procedure, which were the rules under which Defendant COLUMBIA was traveling when filing its answer, a Motion to Dismiss may be brought where the affirmative defense raised by the motion appears in the face of the Plaintiff's pleading.

6. Furthermore, in Plaintiff's Motion for Rehearing, he argues that there are additional responses that the Plaintiff would have filed to Defendant COLUMBIA's Motion to Dismiss if the motion was "properly filed before the Court" (see Plaintiff's motion at paragraph 6).

7. This is a groundless argument as Plaintiff filed a Motion to Strike in response to Defendant's Motion to Dismiss. Plaintiff is making this argument in order to get a second "bite at the apple". Plaintiff was welcome to make any relevant responses to Defendant COLUMBIA's Motion to Dismiss in the alternative and as a part if his Motion to Strike. He chose not to do so and now wishes this Court to grant him a second opportunity.

8. Plaintiff also stated that "Plaintiff did not respond [apparently to Defendant's Motion to Dismiss]... other than the affidavit of Mr. Gordon stating that he

did not discovery [sic] that the machine was defective until he was in Miami and noticed a guard...". (See Plaintiff's Motion at paragraph 7).

9. Defendant COLUMBIA received no such affidavit in response to Defendant COLUMBIA's Motion to Dismiss or under any other circumstances.

10. Additionally, Plaintiff argues that "the law states that if there is an affidavit as to when the defect is discovered, there is [sic] 12 years in the statute of limitation [sic] in which to file the suit." (See Plaintiff's Motion at paragraph 9.)

11. Plaintiff's argument however, contains no supporting case law.

12. Part of this Court's ruling on Defendant's Motion to Dismiss was that since the Court file did not reflect an answer filed on behalf of COLUMBIA, Plaintiff's argument that Defendant waived its right to file a 12(b) Motion to Dismiss was unsupported.

13. If Plaintiff had filed this action in the District Court, Defendant would have filed a 12(b)(6) motion, as Defendant is aware that, in Federal Court, it waives his right to so file where it files a previous answer.

14. Because this case was not filed originally with the District Court this Court should not deem Defendant to have waived its right to file a 12(b)(6) Motion to Dismiss and should therefore not rehear this motion or vacate its previous order entered on June 8, 2000.

15. In the alternative, should this Court grant Plaintiff's Motion for Rehearing and/or to Vacate Order dated June 8, 2000, Defendant prays this Court's leave to file a Motion for Judgment on the Pleadings.

WHEREFORE, Defendant COLUMBIA MACHINE hereby moves this Honorable Court to deny Plaintiff's Motion for Rehearing and to Vacate this Court's Order dated June 8, 2000 on Defendant's Motion to Dismiss as the Motion to Dismiss was properly before this Court.

Respectfully submitted,

BY *[signature]*

Dale R. Hightower
Florida Bar No. 372102
Hightower & Rudd, P.A.
2300 New World Tower
100 N. Biscayne Blvd.
Miami, Florida 33132
(305) 539-0909
Attorney for Defendant Columbia Machine, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to: Kenneth D. Cooper, P.A., S.E. 8th Street, Fort Lauderdale, Florida 33316 and a courtesy copy was hand-delivered to the Honorable Donald Middlebrooks, Federal Courthouse Square, 6th Floor, 301 North Miami Avenue, Miami, Florida 33128 on July 7, 2000.

*[signature]*

Dale R. Hightower, Esq.