IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, FT. LAUDERDALE DIVISION

**RICHARD GORDON,**

        Plaintiff/s

vs.

Case # - 00-6067-CIV-
MIDDLEBROOKS/BANDSTRA

**COLUMBIA MACHINE, INC.
EATON CORP AND/OR CUTLER-HAMMER
CORP. AND/OR THEIR SUBSIDIARIES**

        Defendant/s.

_____/

## PLAINTIFFS' NOTICE OF FILING

## OF THE CERTIFIED COPY OF THE ANSWER FILED IN THE CIRCUIT COURT CASE

## AFTER THIS CASE WAS REMOVED

      The Plaintiffs, RICHARD GORDON, files a certified copy of the answer filed in the Circuit Court after the case was removed to Federal Court.

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to:
DALE HIGHTOWER, 2300 New World Tower, 100 N. Biscayne Blvd., Miami, Fl. 33132
and a courtesy copy to the Honorable JUDGE MIDDLEBROOKS on July 14, 2000.

_____
KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BORWARD COUNTY, FLORIDA

RICHARD GORDON

CASE NO.: 99019458

FLORIDA BAR NO.: 372102

Plaintiff,

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

Defendants.
_____/

## COLUMBIA MACHINE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, COLUMBIA MACHINE, INC., by and through its undersigned attorney, and answers the Plaintiff's complaint as follows:

1. This Defendant denies each and every allegation contained in Plaintiff's Complaint and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

### Statute of Limitations/Statute of Repose

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and any applicable Statute of Repose, in that plaintiff brought the lawsuit after the requisite time to file the lawsuit from the time of injury or the time the product was sold and placed in to the stream of commerce.

### No Duty to Warn

3. Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to warn Plaintiff.

### Assumption of Risk

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk by voluntarily assuming the risk of injury or damage.

### Product Not Unreasonably Dangerous

5. Plaintiff's claims are barred, in whole or in part, because the product at issue is not unreasonably dangerous.

### Comparative Negligence

6. The negligence of the Plaintiff, caused and/or contributed to the injuries that he sustained and therefore, any award rendered to him should be reduced by the amount of his negligence or the Plaintiff should not be entitled to recover at all.

### Waiver, Estoppel, and Laches

7. Plaintiff's are barred from recovery, in whole or in part, by the doctrines of waiver, estoppel, and laches.

### Sophisticated User Doctrine

8. Plaintiff's are barred from recovery, in whole or in part, by the "sophisticated user" doctrine, as the plaintiff had superior knowledge than the general public regarding the use, maintenance, and operation of the product alleged as defective.

### Pre-Emption by Federal Law

9. Plaintiff's are barred from recovery, in whole or in part, on the grounds that Plaintiffs' claims are pre-empted by applicable federal law, regarding warranties of products and any other applicable Federal Statute.

### Spoliation of Evidence

10. Plaintiff's claims are barred, in whole or in part, by Plaintiffs' failure to preserve and/or identify the allegedly defective products.

### Product is State of the Art

11. Plaintiff's claims are barred, in whole or in part, by their failure to demonstrate that there is a safer alternative design.

### Risk/Utility Doctrine

12. Plaintiff's claims are barred, in whole or in part, by the "risk/utility" doctrine. The social benefits and utility of this product outweigh and risks associated with its use.

### Product Misuse and Alteration

13. Plaintiff's claims are barred, in whole or in part, by Plaintiffs' misuse or alteration of the product by using the product in a manner not in conformity with its design and purpose or by altering the product causing a change in the product from its original condition.

### Product State of The Art

14. Plaintiff's claims are barred, in whole or in part, because the product or products at issue complied with the customary and accepted practice of the

industry at the time of manufacture and conformed with all available technical, scientific, and industry state of the art.

### Warning by Intermediary

15. Defendants had no duty to warn Plaintiff because it reasonably relied upon a knowledgeable intermediary to convey appropriate warnings.

### Unavoidably Unsafe Product

16. Plaintiff's claims may be barred in whole or in part to the extent the products complained of are "unavoidably unsafe" within the meaning of comment (k) to § 402 (A) of the Restatement (Second) of Torts.

### Apportionment of Damages

17. While denying all of the allegations of the Complaint regarding liability, if Defendants have any liability for loss or injury as alleged in the Complaint, said liability must be proportionate to the alleged harm or injury caused by other Defendants similarly responsible for the harm or injury at issue.

### No Enterprise Liability

18. The negligence of Defendants, if any, is so minimal when compared to the negligence of Plaintiff and other Defendants as to preclude recovery by Plaintiff or any other party against this defendant.

### Negligence of Third Parties as Intervening Causes

19. While denying all of the allegations of the Complaint, to the extent Plaintiff may be able to prove any alleged injuries and/or damages, they were proximately caused by intervening and/or superseding actions, negligence and/or

fault of the Plaintiffs and/or other parties to this action over whom Defendants had no control or right to control and for whose actions Defendants are not liable.

### Lack of Proximate Cause

20. While denying all the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any negligence or fault on the part of Defendants, it was not the proximate cause of any of the damages at issue.

### Unforeseeable Acts of Third Parties

21. While denying all of the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, they are the sole and proximate result of intentional, willful and/or unlawful acts of other parties and/or third persons, the occurrence of which was not foreseeable to Defendants.

### Adequate Warning(s)

22. At all relevant times, Defendants formulated, manufactured, marketed and provided proper warnings, information and instruction for all of their products in accordance with the state of the medical and scientific knowledge existing at the time and pursuant to generally recognized and prevailing standards in existence at the time.

### Jurisdiction and Venue Improper

23. Plaintiff's failed to properly serve defendant and did not conform with the Due Process requirements of minimum contacts and substantial justice and fair play such that this defendant should be hailed into court; in

addition, venue is improper or is inconvenient as laid in this action.

### Collateral Sources

24. The Plaintiff, DONALD DACOSTA, is not entitled to recover as damages in this case, any amount which represents payment of any medical expense or lost wages paid or payable from Personal Injury Protection Insurance Coverage or any other collateral source.

### Unreasonable Medical Bills

25. The Plaintiff's claims for incidental medical bills incurred as a result of the alleged injuries are exaggerated, unnecessary and unreasonable.

### Unreasonable Lost Wage Claim

26. The Plaintiff's claim for lost wages are exaggerated and unreasonable.

27. Defendants adopt by reference all separate defenses heretofore and hereafter asserted by any and all other Defendants or other parties, except as such separate defenses may make allegations against Defendants.

28. Defendants reserve the right to amend or supplement its Answer or to assert additional defenses as may be disclosed by discovery.

### Demand for Jury Trial

This Defendant demands Trial by Jury of all issues so triable by right.

WHEREFORE, Defendant COLUMBIA MACHINE INC. demand judgment in their favor and against Plaintiff on the Complaint, any other relief deemed appropriate by the Court.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 4th day of February, 2000, to: Kenneth D. Cooper, Esq., 400 S.E. 8th Street, Ft. Lauderdale, Florida 33316.

HIGHTOWER AND RUDD, P.A.
2300 New World Tower
100 North Biscayne Boulevard
Miami, Florida 33132
305.539.0909
305.530.0661 (Facsimile)

By: _____
Dale R. Hightower

3.3027/DRH/JJB

