UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

FILED BY ___ D.C.
00 JUL 25 PM 1:56
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

Case No :00-6067-CIV- MIDDLEBROOKS

RICHARD GORDON

Plaintiff,

vs.

COLUMBIA MACHINE, INC.
AND EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES

Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, COLUMBIA MACHINE, INC., by and through its undersigned attorney, and answers the Plaintiff's complaint as follows:

1. This Defendant denies each and every allegation contained in Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### No Duty to Warn

2. Plaintiff's claims are barred, in whole or in part, because Defendant had no duty to warn Plaintiff.



**Assumption of Risk**

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk by voluntarily assuming the risk of injury or damage.

**Product Not Unreasonably Dangerous**

4. Plaintiff's claims are barred, in whole or in part, because the product at issue is not unreasonably dangerous.

**Comparative Negligence**

5. The negligence of the Plaintiff caused and/or contributed to the injuries that he allegedly sustained and therefore, any award rendered to him should be reduced by the amount of his negligence or the Plaintiff should not be entitled to recover at all.

**Waiver, Estoppel, and Laches**

6. Plaintiff is barred from recovery, in whole or in part, by the doctrines of waiver, estoppel, and laches.

**Sophisticated User Doctrine**

7. Plaintiff is barred from recovery, in whole or in part, by the "sophisticated user" doctrine, as the plaintiff had superior knowledge than the general public regarding the use, maintenance, and operation of the product alleged as defective.

**Pre-Emption by Federal Law**

8. Plaintiff is barred from recovery, in whole or in part, on the grounds

that Plaintiff's claims are pre-empted by applicable federal law, regarding warranties of products and any other applicable Federal Statute.

**Spoliation of Evidence**

9. Plaintiff's claims are barred, in whole or in part, by Plaintiffs' failure to preserve and/or identify the allegedly defective products.

**Product is State of the Art**

10. Plaintiff's claims are barred, in whole or in part, by his failure to demonstrate that there is a safer alternative design.

**Risk/Utility Doctrine**

11. Plaintiff's claims are barred, in whole or in part, by the "risk/utility" doctrine. The social benefits and utility of this product outweigh and risks associated with its use.

**Product Misuse and Alteration**

12. Plaintiff's claims are barred, in whole or in part, by Plaintiff's misuse or alteration of the product by using the product in a manner not in conformity with its design and purpose or by altering the product causing a change in the product from its original condition.

**Warning by Intermediary**

13. Defendant had no duty to warn Plaintiff because it reasonably relied upon a knowledgeable intermediary to convey appropriate warnings.

**Unavoidably Unsafe Product**

14. Plaintiff's claims may be barred in whole or in part to the extent the products complained of are "unavoidably unsafe" within the meaning of comment (k) to § 402 (A) of the Restatement (Second) of Torts.

**Apportionment of Damages**

15. While denying all of the allegations of the Complaint regarding liability, if Defendant has any liability for loss or injury as alleged in the Complaint, said liability must be proportionate to the alleged harm or injury caused by other Defendants similarly responsible for the harm or injury at issue.

**No Enterprise Liability**

16. The negligence of Defendant, if any, is so minimal when compared to the negligence of Plaintiff and other Defendants as to preclude recovery by Plaintiff or any other party against this Defendant.

**Negligence of Third Parties as Intervening Causes**

17. While denying all of the allegations of the Complaint, to the extent Plaintiff may be able to prove any alleged injuries and/or damages, they were

proximately caused by intervening and/or superseding actions, negligence and/or fault of the Plaintiffs and/or other parties to this action over whom Defendant had no control or right to control and for whose actions Defendant is not liable.

**Lack of Proximate Cause**

18. While denying all the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any negligence or fault on the part of Defendant, it was not the proximate cause of any of the damages at issue.

**Unforeseeable Acts of Third Parties**

19. While denying all of the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, they are the sole and proximate result of intentional, willful and/or unlawful acts of other parties and/or third persons, the occurrence of which was not foreseeable to Defendant.

**Adequate Warning(s)**

20. At all relevant times, Defendant formulated, manufactured, marketed and provided proper warnings, information and instruction for all of their products in accordance with the state of the medical and scientific knowledge existing at the time and pursuant to generally recognized and prevailing standards in existence at the time.

**Jurisdiction and Venue Improper**

21. Plaintiff failed to properly serve Defendant and did not conform with the Due Process requirements of minimum contacts and substantial justice and fair play such that this defendant should be haled into court; in addition, venue is improper or is inconvenient as laid in this action.

**Unreasonable Medical Bills**

22. The Plaintiff's claims for incidental medical bills incurred as a result of the alleged injuries are exaggerated, unnecessary and unreasonable.

**Unreasonable Lost Wage Claim**

23. The Plaintiff's claims for lost wages and loss of ability to earn money are exaggerated and unreasonable.

24. Defendant adopts by reference all separate defenses heretofore and hereafter asserted by any and all other Defendants or other parties, except as such separate defenses may make allegations against Defendants.

25. Defendant reserves the right to amend or supplement its Answer or to assert additional defenses as may be disclosed by discovery.

**Demand for Jury Trial**

This Defendant demands Trial by Jury of all issues so triable by right.

WHEREFORE, Defendant COLUMBIA MACHINE INC. demands judgment in their favor and against Plaintiff on the Complaint, any other relief deemed appropriate by the Court.

Respectfully submitted,

BY ______________________
Dale R. Hightower
Florida Bar No. 372102
Hightower & Rudd, P.A.
2300 New World Tower
100 N. Biscayne Blvd.
Miami, Florida 33132
(305) 539-0909
Attorney for Defendant Columbia Machine, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to: Kenneth D. Cooper, P.A., S.E. 8th Street, Fort Lauderdale, Florida 33316 33128 on July 25, 2000.

______________________
Dale R. Hightower, Esq.