_____D.C.

UNITED STATES DISTRICT COURT    3:03

SOUTHERN DISTRICT OF FLORIDA

RICHARD GORDON,

          **Plaintiff/s**

vs.          **Case # - 00-6067-CIV-**
          **MIDDLEBROOKS/BANDSTRA**


COLUMBIA MACHINE, INC.
EATON CORP AND/O
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES
        **Defendant/s.**
_____/

### PLAINTIFF'S AMENDED MOTION TO CONSOLIDATE AND TRANSFER

   The Plaintiffs, RICHARD GORDON, move this Court to enter an order

CONSOLIDATING THE ABOVE CASE WITH THE CASE PENDING IN THE STATE

COURT and states

     1.  In the Seventeenth Judicial Circuit in and for Broward, County, Florida

case number 99-006391-07 was filed in front of Judge Miller. The Judge Miller case was filed

first.

     2.  The Defendant removed one of the cases but not both of the cases. The

       case before this court is the later filed case. Both cases should be heard at



the same time.

3.    The Plaintiff moves this court to consolidate the cases into one case either

in Federal court or in State court.

4.    The motion is a combined motion to remand this case back to the state

court or to consolidate the two cases in this case.

5.    Case number  99-006391-07 in front of Judge Miller in the state court

action was filed first as the filing date will reflect.

6.    Attached is the entire court file in front of Judge Miller.

7.    Pursuant to local Rule 3.9 both case should be consolidate in front of one

judge.

8.    Plaintiff moves this court to remand the Federal case back to the State

court where the earlier case was filed.

9.    In the alternative, the State court action should be transferred into this

action so that two cases would not be tried at the same time.

I HEREBY CERTIFY that a true and correct copy of the foregoing delivered by hand to:  Dale Hightower OR STEVE BRUMMER, 2300 New World Tower, 100 N. BISCAYNE BLVD., MIAMI, FL. 33132, on February 27, 2001

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07 J. MILLER

RICHARD GORDON,

     Plaintiff,

v.

COLUMBIA MACHINE, INC. AND
EATON CORP. AND/OR EATON CORP
AND/OR CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES AND/OR
THEIR SUBSIDIARIES,

     Defendants.

_____/

## RE-NOTICE OF HEARING
(Motion Calendar)

TO:  KENNETH D. COOPER, ESQ.      DALE HIGHTOWER, ESQ.
       KENNETH D. COOPER, P.A.,    PETER DIAMOND, ESQ.
       400 S.E. 8th Street           Hightower & Rudd, P.A
       Ft. Lauderdale, Florida 33316   2300 New World Tower
                              100 North Biscayne Boulevard
                              Miami, Florida 33132

**YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before

the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the

Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, Florida, Room 826, on

**Wednesday, February 28, 2001 at 8:45 a.m.,** or as soon thereafter as it may be heard:

### DEFENDANTS EATON CORPORATION
### AND CUTLER-HAMMER, INC.'S MOTION FOR SUMMARY
### JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

PLEASE BE GOVERNED ACCORDINGLY.

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
    SMITH & CUTLER, P.A.
4000 Bank of America Tower
at International Place
100 SE Second Street
Miami, Florida 33131
Telephone:   (305) 530-0050
Facsimile:   (305) 530-0055

By: _____
        ANA M. MORALES
        Florida Bar No. 0091847
And
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Avenue, Suite 1000
Torrance, California 90502-1002
Telephone:   (310) 768-3068
Telefax:   (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Re-Notice of Hearing was served upon the above-named addressees via facsimile and U.S. mail this 2c 4h day of February, 2001.

_____
ANA M. MORALES
Florida Bar No. 0091847

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

RICHARD GORDON

CASE NO.: 99-06391 - 0 7

Plaintiff,

FLORIDA BAR NO.: 372102

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

Defendants.
_____/

## NOTICE OF PRODUCTION FROM NONPARTY

**YOU ARE HEREBY NOTIFIED** that after fifteen (15) days from the date of service of this notice, the undersigned will apply to the Clerk of this Court for issuance of the attached subpoena directed to the following individual:

1.    **RC/Florida Division of Worker's Compensation**

who are not a party to this suit, to produce the items listed to the location specified in the subpoena.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 8th day of February, 2001, to: Kenneth D. Cooper, Esq., 400 S.E. 8th Street, Ft. Lauderdale, Florida 33316.

Hightower, Rudd, Weiser & Acosta, P.A.
2300 New World Tower
100 North Biscayne Boulevard
Miami, Florida 33132
305.539.0909
305.530.0661 (Facsimile)

By: _____
      Dale R. Hightower

16.3180/DRH/PAD/amm

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

     Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

     Defendants.

_____/

## RE-NOTICE OF HEARING
(Motion Calendar)

**TO:**  KENNETH D. COOPER, ESQ.       DALE HIGHTOWER, ESQ.
       KENNETH D. COOPER, P.A.,     PETER DIAMOND, ESQ.
       400 S.E. 8th Street          Hightower & Rudd, P.A
       Ft. Lauderdale, FL 33316     2300 New World Tower
                                100 N. Biscayne Blvd.
                                Miami, FL 33132

     **YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before

the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the

Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, FL on **Tuesday, February 20,**

**2001 at 8:45 a.m.,** or as soon thereafter as it may be heard:

## DEFENDANTS EATON CORPORATION AND CUTLER-HAMMER, INC.'S
## MOTION FOR SUMMARY JUDGMENT AND
## SUPPORTING MEMORANDUM OF LAW

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO. 99-06067-CIV-MILLER

PLEASE BE GOVERNED ACCORDINGLY.

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
    SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street
Suite 400
Miami, FL 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055

By: _____
        ANA M. MORALES
        Florida Bar No. 0091847

And
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:    (310) 768-3068
Telefax:      (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

CASE NO. 99-0000591-07-J MILLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the above-named addressee, by U.S. mail, postage prepaid and telefaxed this _____ day of February, 2001.

ANA M. MORALES

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

    Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

    Defendants.

_____/

## <u>RE-NOTICE OF HEARING</u>
(Motion Calendar)

TO:   **KENNETH D. COOPER, P.A.,**
       **400 S.E. 8th Street**
       **Ft. Lauderdale, FL 33316**

    **YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before

the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the

Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, FL on **Tuesday, February 20,**

**2001 at 8:45 a.m.,** or as soon thereafter as it may be heard:

**DEFENDANTS EATON CORPORATION AND CUTLER-HAMMER, INC.'S**
**MOTION FOR SUMMARY JUDGMENT AND**
**SUPPORTING MEMORANDUM OF LAW**

PLEASE BE GOVERNED ACCORDINGLY.

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
    SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street
Suite 400
Miami, FL 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055

By:    _Ana Morales_
    ANA M. MORALES
    Florida Bar No. 0091847

And
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:    (310) 768-3068
Telefax:    (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2102008.01        2

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

      Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

      Defendants.

_____/



### RE-NOTICE OF HEARING
(Motion Calendar)

**TO:  KENNETH D. COOPER, P.A.,**
      **400 S.E. 8th Street**
      **Ft. Lauderdale, FL 33316**

    **YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before

the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the

Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, FL on **Tuesday, February 20,**

**2001 at 8:45 a.m.,** or as soon thereafter as it may be heard:

#### DEFENDANTS EATON CORPORATION AND CUTLER-HAMMER, INC.'S
#### MOTION FOR SUMMARY JUDGMENT AND
#### SUPPORTING MEMORANDUM OF LAW

PLEASE BE GOVERNED ACCORDINGLY.

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
        SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street
Suite 400
Miami, FL 33131
Telephone:   (305) 530-0050
Facsimile:   (305) 530-0055

By:_____
     ANA M. MORALES
     Florida Bar No. 0091847

And
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:   (310) 768-3068
Telefax:   (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

2

R. Citram Gonson

vs                                    )

Columna Martin          )
ET AL                          )

                                        )

                                        )

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: 99-006391-07

ORDER

THIS CAUSE having come on to be heard on ~~Defendant~~'s/Plaintiff's

Motion _TO Continue Summary Judgment hearing_

and the Court having heard argument of counsel, and being otherwise advised

in the Premises, it is hereupon,

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

_Granted_

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida,

this _____7_____ day of _February_, ~~19~~2001.

_____
Circuit Judge

Copies furnished: _Carpio_
_Morales_

Richard Gordon

vs.

Columbia Machine, et al.

)
)
)
)
_____ )

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.: 99-006391-07-
Miller

2001 JAN 25 PM 12: 21
CIRCUIT CIVIL
CLERK OF CIRCUIT COURT
BROWARD COUNTY FLA.

## ORDER

THIS CAUSE having come on to be heard on Defendant's/Plaintiff's **Motion to**
**Amend     Complaint     on     January   25, 2001**

Motion _____

and the Court having heard argument of counsel, and being otherwise advised in the Premises, it is hereupon,

ORDERED AND ADJUDGED said Motion be, and the same is hereby **DENIED**

_____

_____

_____

_____

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida this 25th
day of _January_, 2001.

_____
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

    Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

    Defendants.

_____/

## DEFENDANTS, EATON CORPORATION'S AND CUTLER-HAMMER, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

Defendants, EATON CORPORATION and CUTLER-HAMMER INC. (hereinafter collectively referred to as "EATON CORPORATION"),[1] by and through their undersigned counsel, hereby oppose Plaintiff's Motion to Amend on the following grounds:

1.    First, despite the title of Plaintiff's motion, Plaintiff *does not* seek to amend the complaint. Rather, he intends to add a completely new and different cause of action from the facts alleged in Plaintiff's April 14, 1999 complaint and the "new" cause of action is time-barred based on the allegations on the face of the complaint.

2.    Paragraph 1 of the proposed "amended" complaint indicates that "this is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), arising out of a cause of action which accrued on or about April 1995." The proposed "amended" complaint asserts various counts against the defendants based on theories of negligence and products liability. The

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

applicable statute of limitations for these types of actions provides a four year time limitation. *Fla. Stat. §95.11 (3) (a) & (e)*. Thus, a cause of action that accrued on April 1995 is time-barred by January 2001, almost six (6) years later.

     2.     Moreover, since Plaintiff's proposed amendment seeks to introduce a new cause of action that is unrelated to any of the facts or occurrences described in his original April 14, 1999 complaint, the proposed "amendment" does not relate back to the date of the original pleading. *Scarfone v. Marin*, 442 So. 2d 282, 283 (Fla. 2d DCA 1983) Accordingly, the proposed amendment should not be allowed because the new cause of action is time-barred. "[O]ne cannot defeat the bar of the statute of limitations by filing a new cause of action labeled as an amended complaint." *School Bd. of Broward County v. Surette*, 394 So. 2d 147, 154 (Fla. 4th DCA 1981).

     3.     Second, in addition to the fatal limitations issue, Plaintiff's proposed "1st Amended Complaint" inappropriately seeks to split a cause of action where the exact same action is currently pending in the U.S. District Court for the Southern District of Florida and is specially set for trial on July 23, 2001.

     4.     Plaintiff's proposed "1st Amended Complaint" is identical, word for word, to a complaint filed by this same Plaintiff and the same counsel for Plaintiff on November 15, 1999 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Case No. 99019458 against the same defendants in this case (i.e., Eaton Corporation, Cutler-Hammer, Inc. and Columbia Machine, Inc.).

     5.     That November 15, 1999 action was removed to the United States District Court Southern District of Florida, Fort Lauderdale Division on January 13, 2000 and assigned Case

---

[1] Defendants note that Plaintiff, RICHARD GORDON erroneously sued and served Eaton Corporation as "EATON

2

No. 00-6067-CIV-MIDDLEBROOKS.    After the removal, Eaton Corporation and Cutler Hammer, Inc. filed a motion to dismiss the action because the counts against them were time-barred based on the allegations on the face of the complaint.

6.      On February 9, 2000, Plaintiff voluntarily agreed to dismiss Eaton Corporation and Cutler-Hammer, Inc. from the federal litigation, and the Court entered an order dismissing Eaton Corporation and Cutler-Hammer, Inc. from the action on February 13, 2000.

7.      Notwithstanding the dismissal of Eaton Corporation and Cutler-Hammer, Inc, the action in federal court proceeded against Columbia Machine, Inc. and the Court has ordered a specially set trial beginning on July 23, 2001 for the action.  Thus, Plaintiff can not seek redress of the same cause of action in this case and in the federal case.

Based on the foregoing, Defendants request that this Court deny Plaintiff's Motion to Amend.  EATON CORPORATION reserves the right to have this matter specially set for further briefing, hearing and argument.

> CARLTON FIELDS WARD EMMANUEL
>    SMITH & CUTLER, P.A.
> *Attorney for Defendants, Eaton Corp. and*
> *Cutler-Hammer Corp.*
> Bank of America Tower at International Place
> 100 SE Second Street, Suite 4000
> Miami, FL 33131
> Telephone:    (305) 530-0050
> Facsimile:     (305) 530-0055
>
>
> By: _____
>      BENJAMINE REID
>      Florida Bar No. 183522
>      ANA M. MORALES
>      Florida Bar No. 0091847

---

CORP. and/or EATON CORP and/or CUTLER-HAMMER CORP. and/or THEIR SUBSIDIARIES."

MIA#2104585.01                            3

CASE NO. 99-006391-07-J. MILLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was hand-delivered to

**KENNETH D. COOPER, P.A.**, attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale,

Florida, 33316 and to **DALE R. HIGHTOWER**, (or his representative), Hightower & Rudd,

P.A., 2300 New World Tower, 100 N. Biscayne Blvd., Miami, Florida, Attorneys for Columbia

Machine, Inc. this _____ day of January, 2001.

ANA M. MORALES
Florida Bar No. 0091847

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

IN THE CIRCUIT COURT OF
THE 17TH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

RICHARD GORDON

      Plaintiff,

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.
      Defendants.

_____/

CASE NO.: 99-06391  (07)
FLORIDA BAR NO.: 372102

## ORDER APPROVING THE MOTION OF JOHN R. "RICK" POTTER TO APPEAR *PRO HACE VICE* (See attached documents)

This Cause having come before the Court upon the Motion of John R. "Rick" Potter

for permission to appear *pro hac vice* as co-counsel for Defendant, Columbia Machines, Inc.,

and the Court having read said Motion, and otherwise being advised in its premise, it is

ORDERED AND ADJUDGED that the Motion is approved and John R. "Rick"

Potter is granted permission to appear *pro hac vice* for Defendant, Columbia Machines, Inc. in

these proceedings. All pleadings, motions, orders, notices, requests and other documents

filed or served in these proceedings shall be served upon Dale R. Hightower at the following

address:

      Dale R. Hightower
      Hightower & Rudd
      2300 New World Tower
      100 North Biscayne Blvd.
      Miami, Fl 33132
      (305)539-0909
      (305)539-0661 fax

DONE AND ORDERED this 6th day of October, 2000

_____
CIRCUIT COURT JUDGE

Copies Furnished to: all record counsel

# CERTIFICATE OF GOOD STANDING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

I, Bruce Rifkin, Clerk of the United States District Court for the Western District of Washington, Do Hereby Certify that John R. Potter, was admitted to practice in said Court on June 16, 1978, to the Western District of Washington, and is in good standing as a member of the bar of said Court.

Dated at Seattle, Washington on October 18, 2000.

Bruce Rifkin
Clerk

By _____
Deputy Clerk

# CERTIFICATE OF GOOD STANDING

## UNITED STATE DISTRICT COURT

## DISTRICT OF OREGON

I, Donald M. Cinnamond, Clerk of the United States District Court for the District of Oregon,

DO HEREBY CERTIFY that John Rick Potter was duly admitted to practice in said Court on October 12,

, 1992, and is in good standing as a member of the bar of said Court.

Dated at Portland, Oregon

on October 18, 2000.

DONALD M. CINNAMOND
Clerk

By   Clara Priestley

Deputy Clerk



# STATE OF OREGON

# SUPREME COURT

### SALEM

In the Matter of the Admission of

### JOHN RICHARD POTTER

as an Attorney of this Court.

I, as State Court Administrator of the State of Oregon, certify that on the 12th day of October, 1992,

### JOHN RICHARD POTTER

was admitted to the practice of law in the Supreme Court and all other courts of the State of Oregon, and is now an attorney in good standing.

October 17, 2000

Kingsley W. Click
State Court Administrator

By:

Authorized Representative of the
State Court Administrator



# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

IN THE MATTER OF THE ADMISSION

OF

JOHN RICHARD POTTER

TO PRACTICE IN THE COURTS OF THIS STATE.

BAR # 06834

**CERTIFICATE OF GOOD**

**STANDING**

I, C.J. Merritt, Clerk of the Supreme Court of the State of Washington, hereby certify

### JOHN RICHARD POTTER

was regularly admitted to practice as an Attorney and Counselor at Law in the Supreme Court

and all the Courts of the State of Washington, on October 27, 1976, and is now and has been

continuously since that date an attorney in good standing in said Court.

IN TESTIMONY WHEREOF, I have

hereunto set my hand and affixed

the seal of said Court this

17th day of October, 2000.



C.J. MERRITT, SUPREME COURT CLERK

WASHINGTON STATE SUPREME COURT

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CASE NO. CACE 99-6981 (07)
Judge John A. Miller

DR. ROBERT FISHMAN, et al.,

      Plaintiff,

vs.

NATURAL BODYLINES, INC., f/k/a BODYLINES, INC.,

      Defendants.

_____/

## MOTION, NOTICE & HEARING OF DISMISSAL

The Court's review of this file reveals that it does not affirmatively appear from the filing of pleadings, order of Court or otherwise for a period of one year, that this action is being prosecuted. It is therefore

**ORDERED and ADJUDGED that:**

1.    Good cause shall be shown why the action should not be dismissed for lack of prosecution at least five days before the hearing set in Paragraph (3) hereof.

2.    The showing of good cause shall be in writing and filed in this action, **with a courtesy copy sent directly to the Court.**

3.    If a showing of good cause is filed as provided in Paragraph (2) above, a hearing on the question shall be held on **WEDNESDAY, the 31ST day of JANUARY, 2001, at 9:30 AM,** before the undersigned Judge in Chambers, Room **826,** at the Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301.

4.    If no showing of good cause is filed within the time specified in Paragraph (1) hereof, this action shall stand dismissed for lack of prosecution on the date specified in Paragraph (3) hereof, and Plaintiff shall take nothing by this action and Defendant shall go hence without day.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this /5 day of January, 2001.

**JOHN A. MILLER, Circuit Court Judge**

Copies Furnished:
Samuel I. Burstyn, Esquire, Ste 2600, One Biscayne Tower, 2 South Biscayne Blvd. Miami, FL 33231
Miguel M. de la O. Esquire, and Thomas J. Rebull, Esquire, 3001 SW 3rd Avenue, Miami, FL 33129
Mark S. London, Esquire, 4030-C Sheridan Street, Hollywood, FL 33021
Burton L. Bruggeman, Esquire, 2121 Lakeside Drive, Orlando, FL 32803

IN THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD, COUNTY, FLORIDA

RICHARD GORDON
Plaintiff

CASE NO. - 99-006391-07 - J. MILLER

vs.

Plaintiffs

vs.

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES,

Defendants.
_____/

### PLAINTIFFS' MOTION TO AMEND

The Plaintiff, RICHARD GORDON, moves for the entry of an order TO AMEND THE PLEADINGS AND STATES:

1. THE CASE IS NOT SET FOR TRIAL.

2. DUE TO TYPOGRAPHICAL OR SEARCH AND REPLACE ERRORS IN THE COMPUTER THE WRONG MACHINE OR PRODUCT WAS PLACED IN THE COMPLAINT.

3. ATTACHED IS THE CORRECTED PRODUCT AND MACHINE IN THE AMENDED COMPLAINT. Exhibit A.

4. NO PREJUDICE IN AMENDING THE PLEADINGS WOULD BE CAUSED BY THE AMENDMENT SINCE THE CASE IS NOT NOTICED FOR TRIAL.

WHEREFORE, PLAINTIFF MOVES, this Court to allow the pleadings to be amended.

I hereby certify a copy of the foregoing was delivered to BENJAMINE REID, 4000 BANK OF AMERICA TOWER, 100 SE 2ND ST., MIAMI, FL. 33131-9101, 305-530-0050, FAX 305-530-0055, EDEAJUDGE MILLER, AT 201 SE 6TH ST., FT. LAUDERDALE, FL. 33301 on January 16, 2001.



KENNETH D. COOPER, P.A.
**Counsel for Plaintiff - Florida Bar # 362166**
**Florida Bar Number 362166**
**400 S.E. 8th Street**
**Ft. Lauderdale, FL 33316**
**Telephone: (954) 522-7177**

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD,
COUNTY, FLORIDA

RICHARD GORDON                                              CASE NO. - 99-006391-07 - J. MILLER

      Plaintiff

vs.

        Plaintiffs

vs.                                                                    1ST __AMENDED COMPLAINT__

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES ,

      Defendants.
_____/

      Plaintiff, RICHARD GORDON,  sues Defendants, EATON CORP AND/OR CUTLER-

HAMMER CORP. AND/OR THEIR SUBSIDIARIES And  COLUMBIA MACHINE, INC.  and alleges:

      1. This is an action for damages that exceed Fifteen  Thousand ($15,000.00) Dollars, arising

out of a cause of action which accrued on or about April 24, 1995.

      2. The Plaintiff, RICHARD GORDON, is a resident of Broward County, Florida, and is sui

juris.

      3. The Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR

THEIR SUBSIDIARIES, is a FOREIGN corporation, organized and existing under the laws of the State of

NEW JERSEY and at all times material was doing business in the State of Florida.  The Defendant, CUTLER-

HAMMER CORP. AND/OR THEIR SUBSIDIARIES, is a FOREIGN corporation, and at all times material

was doing business in the State of Florida

      4. The Defendant, COLUMBIA MACHINE, INC., , is a foreign  corporation, organized and

existing under the laws of the State of WASHINGTON and at all times material was registered and doing

business in the State of Florida.

# COUNT I

## NEGLIGENCE AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues the Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

5. Plaintiff realleges and reavers paragraphs one through three above as if fully set forth herein.

6. On or about or about April 24, 1995, Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, manufactured a SERIES 8 CUBER and sold it to Plaintiff's employer.

7. At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, had a duty to manufacture and construct the SERIES 8 CUBER so that it was safe to use.

8. At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured and/or constructed the SERIES 8 CUBER in that when the electronic eye malfunctioned and there was no warning or mechanism to prevent a person from walking into the area of danger where the cuber could crush someone. The Plaintiff entered the area of the cuber and the cuber without warning started to operate and crushed the plaintiff.

9. As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendants and demands trial by jury of all issues so triable as a matter of right.

# COUNT II

## NEGLIGENCE AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues the Defendant, COLUMBIA MACHINE, INC., and alleges:

10. Plaintiff realleges and reavers paragraphs one through four above as if fully set forth herein.

11. On or about April 23, 1996, Plaintiff was using a product known as Series 8 Cuber, manufactured and/or sold by Defendant COLUMBIA MACHINE, INC.

12. At that time and place, Defendant, COLUMBIA MACHINE, INC., had a duty to manufacture the product so that it was safe for the consumer to use.

13. At that time and place, Defendant, COLUMBIA MACHINE, INC. , negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

14. As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable as a matter of right.

<div align="center">

## COUNT III

### PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

</div>

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

15.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

16.     On or about January 19,1989, Plaintiff's employer, was a purchaser of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

17.     On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the devise failed to properly work.  At that time and place, Defendants, negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise.  In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone.  The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

18.     Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

19.     At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.  At that time and place, Defendants, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did

not shut off so that the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

20.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES , for damages and demands a trial by jury of all issues so triable.

# COUNT IV

## PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, COLUMBIA MACHINE, INC. and alleges:

21.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

22.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was a user of a product manufactured by Defendant, COLUMBIA MACHINE, INC.

23.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the series 8 cuber. At that time and place, Defendant, COLUMBIA MACHINE, INC. , negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off

devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

24.    Defendant, COLUMBIA MACHINE, INC., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

25.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

26.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT V

## BREACH OF IMPLIED WARRANTY FOR A PARTICULAR

## PURPOSE AGAINST DEFENDANTS, EATON CORP. AND/OR CUTLER-

## HAMMER AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES  and alleges:

27.    Plaintiff realleges and reavers paragraphs one through 3  above as if fully set forth herein.

28.    At all times material, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

29.    On or about April 24, 1995, Plaintiff, RICHARD GORDON, was using the machine manufactured by the Defendant, Columbia Machines, Inc. The product was purchased on or about April 24, 1995.

30.    At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

31.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32.    On or about April 24, 1995, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33.    On or about January 16, 1997, Plaintiff, RICHARD GORDON, gave Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit A", and is by reference made a part hereof.

34.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES implied warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35.    By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express warranty. The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR

CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of

all issues so triable.

## COUNT VI

### BREACH OF IMPLIED WARRANTY FOR A PARTICULAR

### PURPOSE AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, and alleges:

37.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth

herein.

38.    At all times material, Defendant, COLUMBIA MACHINE, INC. was a seller within

the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

39.    On or about April 24, 1995, Plaintiff, RICHARD GORDON, was using the series 8

cuber when it malfunctioned. At that time and place, Defendant, COLUMBIA MACHINE, INC. , negligently

manufactured, and/or designed the product in that when the product and/or the product's electric eye did not

shut off so that when the machine started to operate; there is no shut off devise or other devise that would

allow someone to shut off the machine if they were in the way of the devise.  In addition, there is no protective

barrier to prevent someone from going into the area where the machine could trap someone.  The machine

started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious

injury.

40.    At the time  of the sale of the product, Defendant had reason to know the particular

purpose for which the product was purchased.

41.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable

product.

42.    On or about April 24, 1995, Plaintiff, RICHARD GORDON, was seriously and

permanently injured when the series 8 cuber crushed him.

43.    On or about January 14, 1997, Plaintiff, RICHARD GORDON, gave Defendant, COLUMBIA MACHINE, INC. written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit B", and is by reference made a part hereof.

44.    Defendant, COLUMBIA MACHINE, INC., impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

45.    By selling the series 8 cuber in a defective condition, Defendant failed to conform to the representations previously made and breached their implied warranty. The breach of implied warranty was a proximate cause of injuries to Plaintiff.

46.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.


## COUNT VII

## BREACH IMPLIED WARRANTY OF MERCHANTABILITY

## AGAINST DEFENDANT, COLUMBIA MACHINE, INC.


Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, COLUMBIA MACHINE, INC., and alleges:

47.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

48.    On or about April 24, 1989, Plaintiff, was using the series 8 cuber manufacturered by Columbia Machines, Inc.

49.     Defendant, COLUMBIA MACHINE, INC., impliedly warranted that the Series 8 cuber was of merchantable quality.

50.     The Series 8 Cuber was not of merchantable quality and was dangerous.

51.     On or about April 24, 1995, Plaintiff was injured when the cuber malfunctioned.

52.     As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53.     Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable.

# COUNT VIII

## BREACH IMPLIED WARRANTY OF MERCHANTABILITY

## AGAINST DEFENDANT, EATON CORP

## AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and alleges:

54.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

55.     On or about April 24, 1995, Plaintiff, purchased a SERIES 8 CUBER from Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

56.     Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR

THEIR SUBSIDIARIES, impliedly warranted that the SERIES 8 CUBER was of merchantable quality.

57. The SERIES 8 CUBER was not of merchantable quality and was dangerous.

58. On or about April 24, 1995, Plaintiff was injured when the cuber malfunctioned. At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

59. As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

60. Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and demands trial by jury of all issues so triable.

## COUNT IX

### STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT

### EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR

### SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

61.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

62.    On or about April 24, 1995 Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

63.    On or about April 24, 1995, Plaintiff RICHARD GORDON, was seriously and permanently injured when the cuber malfunctioned. The product was negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise. In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone. The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

64.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product. In addition, the Defendant knew or should have known that the product was defective.

65.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of

all issues so triable.

## COUNT X

### STRICT / PRODUCTS LIABILITY AGAINST

### DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues COLUMBIA MACHINE, INC. and alleges:

67.    Plaintiff realleges and reavers paragraphs one through 4  above as if fully set forth herein.

68.    On or about April 24, 1995, Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by COLUMBIA MACHINE, INC.

69.    On or about April 24, 1995, Plaintiff RICHARD GORDON, was seriously and permanently injured when the Series 8 Cuber malfunctioned.  The product was negligently manufactured, and/or designed the product in that when the product and/or the product's electric eye did not shut off so that when the machine started to operate; there is no shut off devise or other devise that would allow someone to shut off the machine if they were in the way of the devise.  In addition, there is no protective barrier to prevent someone from going into the area where the machine could trap someone.  The machine started in motion and trapped the plaintiff and crushed him between the machine and pole causing serious injury.

70.    Defendant, COLUMBIA MACHINE, INC. , before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.  In addition, the Defendant knew or should have known that the product was defective.

71.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

72.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation

of a previously.

WHEREFORE, Plaintiff demands judgment against Defendant,  DEFENDANT COLUMBIA

MACHINE, INC.,  for damages and demands a trial by jury of all issues so triable.


I hereby certify a copy of the foregoing was delivered to BENJAMINE REID. 4000 BANK OF AMERICA

TOWER, 100 SE 2ND ST., MIAMI, FL. 33131-9101, 305-530-0050, FAX 305-530-0055, EDEAJUDGE MILLER,

AT 201 SE 6TH ST., FT. LAUDERDALE, FL. 33301 on January 16, 2001.

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

RICHARD GORDON

       Plaintiff

CASE NO. - 99-006391-07- MILLER

vs.

NOTICE OF HEARING
(MOTION CALENDAR)

COLUMBIA MACHINE ET. AL.

       Defendant

_____/

PLEASE BE ADVISED that the undersigned will call up for hearing the following:

DATE AND TIME:    1/25/2001, at 8:45 a.m.
JUDGE:             The Honorable JUDGE - MILLER

PLACE:            Broward County Courthouse
                    201 S.E. Sixth Street
                    Ft. Lauderdale Florida 33301

SPECIFIC MATTERS TO BE HEARD:
                    Plaintiff's Motion TO AMEND

PLEASE GOVERN YOURSELF ACCORDINGLY.

      Movant counsel certifies that a bona fide effort to agree or to narrow the issues on the motion notices hereby has been made or because of time considerations such effort has not yet been possible but will be made prior to the date of hearing.

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail to: ANA MORALLES, 100 SE 2ND ST. #400., MIAMI, FL. 333131 305-530-0050,BENJAMINE REID, 4000 BANK OF AMERICA TOWER, 100 SE 2ND ST., MIAMI, FL. 33131-9101, 305-530-0050, FAX 305-530-0055, and a courtesy copy to the above-named Judge with the Motion to be heard on January 16, 2001.

KENNETH D. COOPER, P.A.
Attorney for Plaintiff  - Florida Bar # 362166
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: ( 954) 522-7177

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

     Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

     Defendants.

_____/

## NOTICE OF HEARING
(Special Setting – 15 minutes)

TO:   **KENNETH D. COOPER, P.A.,**
       **400 S.E. 8th Street**
       **Ft. Lauderdale, FL  33316**

**YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before

the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the

Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, FL on **Thursday, February 8,**

**2001 at 3:15 p.m.,** or as soon thereafter as it may be heard:

### DEFENDANTS EATON CORPORATION AND CUTLER-HAMMER, INC.'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street
Suite 400
Miami, FL 33131
Telephone:     (305) 530-0050
Facsimile:     (305) 530-0055


By:_____/s/_____
        ANA M. MORALES
        Florida Bar No. 0091847

and
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:     (310) 768-3068
Telefax:       (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

MIA#2102008.01                          2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the above-named addressee, by U.S. mail, postage prepaid and telefaxed this _____ day of January, 2001.

_____

ANA M. MORALES

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2102008.01                    3

IN THE CIRCUIT COURT OF
THE 17TH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

RICHARD GORDON

CASE NO.: 99-06391 (07)

Plaintiff,

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

Defendants.
_____/

## MOTION TO APPEAR PRO HAC VICE

COMES NOW, John R. "Rick" Potter of the law firm of Heurlin, Potter, Jahn,

Leatham & Holtman, 610 Esther Street, Suite 225, Vancouver, Washington 98660, and

hereby respectfully moves this Court pursuant to Florida Rules of Judicial Administration,

Rule 2.060(b) for an Order admitting him specially to practice *pro hac vice* before the Circuit

Court of the 17th Judicial Circuit, in and for Broward County, Florida for the purpose of

appearance and participation in the above entitled case on behalf of Defendant, Columbia

Machine, Inc., and in support thereof states as follows:

1.      I am admitted to practice law in the State of Washington and the State of

Oregon, and a Certificate of Good Standing from said Courts are attached hereto.

2.      I am admitted to practice before the United States District Court for the

Western District of Washington, Eastern District of Washington, District of Oregon, U.S.

Court of Appeals for the 9th Circuit, and U.S. Supreme Court.

3.      I have not applied for permission to appear before this Court within the last

three years.

**WHEREFORE** John R. "Rick" Potter respectfully requests that he be allowed to appear *pro hac vice* as co-counsel for Defendant, Columbia Machine, Inc., in the above-entitled action.

**DATED:**    This _19th_ day of _December 2000_

Respectfully submitted,

**HEURLIN, POTTER, JAHN, LEATHAM & HOLTMAN**
a Professional Corporation

By:

John R. "Rick" Potter,
610 Esther Street
Suite 225
Vancouver, Washington 98660

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 26th day of December, 2000 to: Kenneth D. Cooper, Esq., 400 S.E. 8th Street, Ft. Lauderdale, Florida 33316.

HIGHTOWER AND RUDD, P.A.
2300 New World Tower
100 North Biscayne Boulevard
Miami, Florida 33132

305.539.0909
305.530.0661 (Facsimile)

By: _____
Dale R. Hightower
Florida Bar No.: 372102

16.3180/DRH/PAD/EAF

IN THE CIRCUIT COURT OF
AND FOR BROWARD COUNTY,
FLORIDA

RICHARD GORDON

        Plaintiff,

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.
        Defendants.

_____/

CASE NO.: 99-06391
FLORIDA BAR NO.: 372102

## ORDER APPROVING THE MOTION OF JOHN R. "RICK" POTTER TO APPEAR *PRO HACE VICE*

    This Cause having come before the Court upon the Motion of John R. "Rick" Potter

for permission to appear *pro hac vice* as co-counsel for Defendant, Columbia Machines, Inc.,

and the Court having read said Motion, and otherwise being advised in its premise, it is

    ORDERED AND ADJUDGED that the Motion is approved and John R. "Rick"

Potter is granted permission to appear *pro hac vice* for Defendant, Columbia Machines, Inc. in

these proceedings. All pleadings, motions, orders, notices, requests and other documents

filed or served in these proceedings shall be served upon Dale R. Hightower at the following

address:

        Dale R. Hightower
        Hightower & Rudd
        2300 New World Tower
        100 North Biscayne Blvd.
        Miami, Fl 33132
        (305)539-0909
        (305)539-0661 fax

    DONE AND ORDERED this 6th day of October, 2000.

               _____
                    CIRCUIT COURT JUDGE

Copies Furnished to: all record counsel

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

RICHARD GORDON

    Plaintiff,

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

    Defendants.

_____/

CASE NO.: 99-06391 (07)

FLORIDA BAR NO.: 372102



## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable **John A. Miller** one of the Judges of the above styled Court, in his Chambers, at the Broward County Courthouse, on, **Wednesday, the 24th day of January, 2001 at 8:45 a.m.**, or as soon thereafter as the same may be heard on the:

### MOTION TO APPEAR PRO HAC VICE

Movant counsel certifies that a bona fide effort to agree or to narrow the issues on the Motion noticed has been made with opposing counsel or that, because of time considerations, such efforts has not yet been made but will be made prior to the scheduled hearing.

PLEASE BE GOVERNED ACCORDINGLY.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 26th day of December, 2000, to: Kenneth D. Cooper, Esq., 400 S.E. 8th Street, Ft. Lauderdale, Florida 33316.

HIGHTOWER AND RUDD, P.A.
2300 New World Tower
100 North Biscayne Boulevard
Miami, Florida 33132
305.539.0909
305.530.0661 (Facsimile)

By: _____
    Dale R. Hightower

cc: Judical Assistant to Judge Miller

16.3180/MPR./PAD/amm

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 99-06391

RICHARD GORDON,

       Plaintiff,

vs.

EATON CORP AND/OR CUTLER-
HAMMER CORP. AND/OR THEIR
SUBSIDIARIES and COLUMBIA
MACHINE, INC.

       Defendants.

_____/

**DEFENDANTS EATON CORPORATION
AND CUTLER-HAMMER, INC.'S
MOTION FOR SUMMARY JUDGMENT
AND SUPPORTING MEMORANDUM OF
LAW**

       Defendants, EATON CORPORATION and CUTLER-HAMMER INC. (hereinafter collectively referred to as "EATON CORPORATION"),[1] by and through their undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.510, move for the entry of summary judgment on Plaintiff's Complaint on the basis that EATON CORPORATION did not design, manufacture, construct or sell the home that is the subject of Plaintiff's products liability complaint against EATON CORPORATION. Accordingly, there are no issues of material fact that remain to be determined and EATON CORPORATION is entitled to judgment as a matter of law.

       In further support of this motion, EATON CORPORATION states as follows:

### UNDISPUTED FACTS

1.     Plaintiff, RICHARD GORDON ("Plaintiff") brings a products liability action in which he seeks recovery against EATON CORPORATION for injuries allegedly

---

[1]     Eaton Corporation notes that Plaintiff, RICHARD GORDON erroneously sued and served Eaton Corporation as "EATON CORP. and/or EATON CORP and/or CUTLER-HAMMER CORP. and/or THEIR SUBSIDIARIES."

MIA#2100433.01



sustained when a garage door opening mechanism became dislodged and hit him in the arms and face.[2]

2.    In Counts I, III, V, VIII, and IX of his Complaint, Plaintiff asserts claims for products liability against EATON CORPORATION based on causes of action for negligence, products liability, implied warranty for a particular purpose, implied warranty of merchantability, and strict products liability. Plaintiff claims that on or about January 19, 1989 he purchased a home manufactured by EATON CORPORATION that was defectively manufactured and/or constructed in that the garage door opening mechanism in the garage was not securely affixed to the wall and became dislodged on or about January 3, 1997 and injured Plaintiff.

3.    Plaintiff claims the opening mechanism was manufactured and sold by Columbia Machine, Inc., Sears Roebuck & Co., and/or Lennar Homes Inc.

4.    Despite Plaintiff's allegation that EATON CORPORATION manufactured the subject home, the undisputed evidence, as supported by the Affidavit of Wayne Adamson submitted concurrently herewith,[3] demonstrates that EATON CORPORATION has never been in the business of designing, manufacturing, constructing or selling homes. Consequently, EATON CORPORATION did not design, manufacture, construct or sell Plaintiff's home on January 19, 1989.

5.    Thus, Plaintiff has sued the wrong defendant.

As discussed in detail below, under these undisputed facts, as a matter of Florida law, Plaintiff is unable to establish the essential elements to support his products liability claim against EATON CORPORATION, and the underlying causes of action. There is no genuine issue as to any material fact and accordingly, EATON CORPORATION is entitled to judgment as a matter of law on Plaintiff's entire Complaint.

---

[2]    *See* copy of Complaint attached hereto as Exhibit "A".

[3]    *See* attached Exhibit "B".

WHEREFORE, Defendants EATON CORPORATION and CUTLER-HAMMER INC., erroneously sued and served herein as EATON CORP. AND/OR EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, request that this court enter summary judgment in their favor and against Plaintiff as to all Counts brought in his Complaint.

The following Memorandum of Law is incorporated by reference herein.

## MEMORANDUM OF LAW

### I.    PLAINTIFF'S CLAIMS

All of Plaintiff's asserted claims against EATON CORPORATION arise out of Plaintiff's allegations (1) that "[o]n or about . . . January 19, 1989, defendant EATON . . ., manufactured a house and sold it to Plaintiff;" (2) that "[a]t that time and place, defendant, EATON . . ., had a duty to manufacture and construct the house so that it was safe to live in;" (3) that "[a]t that time and place, defendant EATON . . . negligently manufactured and/or constructed the house and that the garage door opening mechanism was not securely affixed to the wall.  The garage door mechanism became dislodged and hit the plaintiff in the arms and face;" and (4) "[a]s a result, plaintiff suffered bodily injury . . ."  (See, Plaintiff's Complaint at paras. 6, 7, 8 and 9, attached hereto as Exhibit "A.")  Based upon these allegations of negligence, Plaintiff also asserts a cause of action for products liability at Count III, specifically as follows:

16.    On or about January 19, 1989, plaintiff RICHARD GORDON, was a purchaser of a product manufactured by defendant, EATON . . .

17.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener dislodged from the wall and hit the plaintiff in the face and arm.  The product is defective in that it became dislodged from the wall . . .

18.    Defendant, EATON . . ., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the products.

19. At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

20. As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury . . . (See Plaintiff's Complaint at Paras., 16, 17, 18, 19 and 20, Exhibit A.)

Plaintiff purports to set forth a claim of breach of implied warranty for a particular purpose against EATON CORPORATION in Count V, specifically as follows:

29. On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door manufactured by the Defendant, LENNAR. The product was purchased on or about January 19, 1989.

30. At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

31. Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32. On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33. On or about January 16, 1997, Plaintiff RICHARD GORDON, gave Defendant, EATON . . ., written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit A," and is by reference made a part hereof. [4]

34. Defendant, LENNAR HOMES INC. impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35. By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express

---

[4]     No such notice or document has ever been produced and was not attached to Plaintiff's Complaint.

warranty.  The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.     As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury . . . " (See, Plaintiff's Complaint at paras. 29, 30, 31, 32, 33, 34, 35 and 36, Exhibit A.)

Plaintiff sets forth a claim for breach of implied warranty of merchantability against defendant, EATON CORPORATION in Count VIII, specifically as follows:

55.     On or about January 19, 1989, Plaintiff, purchased a house from the defendant, EATON . . .,

56.     Defendant, EATON . . ., implied warranted that the house and the garage door therein was of merchantable quality.

57.     The house and the garage door therein was not of merchantable quality and was dangerous.

58.     On or about January 3, 1997, Plaintiff was injured when the Plaintiff (sic) the garage door became dislodged from the wall and hit the Plaintiff in the face and arms.

59.     As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain . . . (See, Plaintiff's Complaint at paras. 55, 56, 57, 58 and 59, Exhibit A.)

Plaintiff also asserts a claim of strict products liability against defendant EATON CORPORATION in Count X, specifically as follows:

62.     On or about January 19, 1989 Plaintiff RICHARD GORDON, was a consumer/user of a product manufactured by Defendant, EATON . . . .

63.     On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door dislodged from the wall and hit him on the face and arms.  The product is and was defective in that it dislodged from the wall.

64.    Defendant, EATON . . ., before placing the product into the stream of commerce, failed to make reasonable tests and inspections to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product. In addition, the Defendant knew or should have known that the product was defective.

65.    At the time of the use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.    As a proximately result, Plaintiff RICHARD GORDON, suffered bodily injury and . . . ."

## PROCEDURAL HISTORY

Procedurally, Plaintiff RICHARD GORDON filed his original Complaint on April 14, 1999. On or about January 28, 2000, the Court *sua sponte* dismissed Plaintiff's Complaint. On or about, June 20, 2000, Plaintiff moved to vacate the order dismissing the Complaint. This Court granted Plaintiff's motion to vacate and thereafter EATON CORPORATION was served on June 30, 2000. Upon a review of the allegations, it became clear to EATON CORPORATION that it had been erroneously sued and based on the case number assigned to this action, the Complaint appeared to have been served outside the 120 day limit provided by Florida law. Therefore, EATON CORPORATION called Plaintiff and sent him correspondence prior to answering the complaint in an effort to discuss these issues.

Plaintiff did not respond to EATON CORPORATION's correspondence or telephone calls. EATON CORPORATION then filed a notice of appearance on July 20, 2000, the date the answer was due. Despite prior requests for an extension to respond to the Complaint, Plaintiff inappropriately obtained a entry of default against Defendant EATON CORPORATION from the clerk of the court. The default was removed by order of this Court on or about September 7, 2000.

EATON CORPORATION initially requested Plaintiff's cooperation in obtaining information regarding Plaintiff, RICHARD GORDON's claim. Numerous telephone calls have gone unanswered. As a result, on September 28, 2000, EATON CORPORATION served upon Plaintiff their First Set of Special Interrogatories and Request for Production, answers to which were due on October 30, 2000. To date, no responses have been provided and no requests for extensions to respond have been made.

It is undisputed that EATON CORPORATION nor any of its divisions or subsidiaries have never been in the business of designing, constructing, manufacturing or selling homes. (See, Affidavit of Wayne Adamson at para. 3, filed concurrently herewith as Exhibit B.) As such, EATON CORPORATION never designed, constructed, manufactured or sold Plaintiff a home. Plaintiff, as a matter of law, cannot establish that EATON CORPORATION designed, manufactured, constructed or sold Plaintiff, RICHARD GORDON a home on January 19, 1989, as pled in his Complaint. Contrary to Plaintiff's Complaint, EATON CORPORATION owes no duty to Plaintiff, RICHARD GORDON with regard to the design, construction, manufacture or sale of his home, which he purchased on January 19, 1989 and is the subject of his Complaint. As a result, Plaintiff, as a matter of law cannot establish that EATON CORPORATION had any duty to Plaintiff to form the basis of his products liability claims based on negligence, strict liability or breach of warranty under the undisputed facts of record. There is no genuine issue as to any material fact and EATON CORPORATION is entitled to summary judgment as a matter of law.

## II.    ARGUMENT

### A.    Summary Judgment is Warranted if the Pleadings, Depositions, Answers to Interrogatories, and Admissions on File Together with the Affidavits, if any, Show That There is No Genuine Issue as to Any Material Fact and That the Moving Party is Entitled to a Judgment as a Matter of Law.

Pursuant to Florida Rules of Civil Procedure, Rule 1.510 (b) and (c):

(b)    A party against whom a claim, counter claim, crossclaim, or third party claim is asserted or a declaratory judgment is sought may move for a

summary judgment in that party's favor as to all or any party thereof at any time with or without supporting affidavits.

(c)    The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." Florida Rules of Civil Procedure, Rule 1.510 (b) and (c).

"The trial court should grant a motion for summary judgment when the movant meets its burden of showing that there is an absence of any genuine issue of material fact." Nationwide Insurance Co. v. Square D Co., 570 So. 2d 406, 407 (Fla.App.2 Dist., 1990); citing Florida Rules of Civil of Procedure, Rule 1.510; Moore v. Morris, 475 So. 2d 666 (Fla. 1985).

**B.    Eaton Corporation is Entitled to Summary Judgment on Plaintiff's Products Liability Complaint as Eaton Corporation Did Not Design, Manufacture, Construct or Sell the Subject Product or Home That is the Subject of Plaintiff's Products Liability Complaint.**

It is well settled under Florida law that an action for products liability cannot be maintained against a defendant who has no relationship with the product which is alleged to be defective. The Florida Supreme Court in West v. Caterpillar Tractor Co., Inc., 336 So. 2d 80 (Fla. 1976), summarized the law of products liability in Florida as follows:

Product liability deals with the recourse for personal injury or property damage resulting from the use of a product and, in the past, has covered actions for negligence, breach of express warranty, breach of implied warranty, and fraud. These theories of recovery have been refined and consolidated to such an extent that the distinctions frequently have more theoretical than practical significance. As a result the theory of strict liability has evolved to compliment the traditional conditional warranty and negligence

theories. A statement of this theory is found in insurer.

Restatement Second of Torts Section 402A as follows:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused by the ultimate user or consumer, or to his property, if

    (a) the seller is engaged in the business of selling such a product, and,

    (b) it is expected to and does reach user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

    (a) the seller has exercised all possible care in the preparation and sale of his product,

    (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.'" West, 336, So. 2d at 84.

The Court in West goes on to acknowledge that Florida Courts are in conformity with the principals set forth in the Restatement (Second) of Torts Section 402A. West, 336 So. 2d at 86. As a result, the Florida Supreme Court summarized the state of strict products liability as follows:

In other words strict liability should be imposed only when a product a manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. The user should be protected from unreasonably dangerous products or from a product fraught with unexpected dangers. In order to hold the manufacturer liable on the theory of strict liability in tort, the user must establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection

Id., at 86 - 87.

In Florida, the elements of the negligence cause of action in a products liability case are as follows:

1. The manufacturer must have a legal duty to design and manufacture a product reasonable (sic) safe for use;

2. The manufacturer must fail to comply with that duty;

3. The Plaintiff must have an injury that is legally caused by the manufacturer's breach of duty; and,

4. The plaintiff must have suffered damages.

Pritchett v. E.I. DuPont De Nemours & Co., 1994 WL 150834 (M.D. Fla., 1994); citing, Simon v. Tampa Electric Co., 202 So. 2d 209 (Fla. 2d DCA 1967); and Kasanof v. Embry Riddle Co., 25 So. 2d 89 (Fla. 1946).

As for Plaintiff's breach of implied warranty claims, Florida law requires that there be "privity" between the parties. Amoroso v. Samuel Friedland Family Enterprises, 604 So. 2d 827, 834 (Fla. App. 4 Dist., 1992); Kramer v. Pipper Aircraft Corp., 520 So. 2d 37, 39, 4 (Fla. 1988); T.W.M. v. American Medical Systems, Inc., 886 F.Supp. 842, 844, (N.D. Fla., 1995).

The facts in the present case are undisputed. Plaintiff cannot establish that Defendant, EATON CORPORATION had any relationship to the subject product, or the "home" that plaintiff allegedly purchased on January 19, 1989, because EATON CORPORATION, CUTLER-HAMMER, INC., and their divisions and subsidiaries have never been in the business of designing, manufacturing, constructing or selling homes. (See, Affidavit of Wayne Gerald Adamson, at para. 2, filed concurrently herewith.) As a result, it is undisputed, and Plaintiff cannot establish that EATON CORPORATION had any duty to Plaintiff to form the basis of any negligence claim. Moreover, it is undisputed and Plaintiff cannot establish that EATON CORPORATION was ever in privity with Plaintiff, RICHARD GORDON to support any breach of implied warranty claims. It necessarily follows, as a matter of law, that EATON

CORPORATION is entitled to judgment as a matter of law in its prosecution brought by Plaintiff, RICHARD GORDON.

## III.    CONCLUSION

Based on the foregoing, Defendants EATON CORPORATION and CUTLER-HAMMER INC., erroneously sued and served herein as EATON CORP. AND/OR EATON CORP AND/OR CUTLER-HAMMER CORP. and/or their subsidiaries, requests that this court enter summary judgment in their favor and against Plaintiff, RICHARD GORDON as to all counts brought in Plaintiff's Complaint.

Respectfully Submitted,

CARLTON, FIELDS, WARD, EMMANUEL,
    SMITH & CUTLER, P.A.
*Attorneys for EATON CORPORATION and*
*CUTLER-HAMMER, INC.*
4000 Bank of America Tower
100 Southeast Second Street
Miami, Florida 33131-9101
Tel. (305) 530-0050
Fax. (305) 530-0055

By: *Ana Morales*

BENJAMINE REID
Florida Bar No. 183522
ANA M. MORALES
Florida Bar No. 0091847

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon Kenneth D. Cooper, P.A., attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale, Florida, 33316, by U.S. mail, postage prepaid, this _29th_ day of December, 2000.

*Ana Morales*

ANA M. MORALES

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.     99   06391

RICHARD GORDON,

      Plaintiff

vs.

EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

      Defendants.

_____/

<u>COMPLAINT</u>

A TRUE COPY
ROBERT E. LOCKWOOD

APR 14 1999

Plaintiff, RICHARD GORDON, sues Defendants, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES And COLUMBIA MACHINE, INC. and alleges:

      1.      This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, arising

out of a cause of action which accrued on or about January 3, 1997.

      2.      The Plaintiff, RICHARD GORDON, is a resident of Broward County, Florida, and is

sui juris.

      3.      The Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR

THEIR SUBSIDIARIES, is a corporation, organized and existing under the laws of the State of Florida, and at all

times material was doing business in the State of Florida

      4.      The Defendant, COLUMBIA MACHINE, INC.,, is a foreign corporation, organized

and existing under the laws of the State of WASHINGTON and at all times material was registered and doing

business in the State of Florida.

<u>COUNT I</u>

<u>NEGLIGENCE AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES</u>

Plaintiff, RICHARD GORDON ~~~ TON CORP AND/OR CUTLER-HAMMER



EXHIBIT

"A"

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

5.          Plaintiff realleges and reavers paragraphs one through three above as if fully set forth herein.

6.          On or about or about January 19, 1989, Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, manufactured a house and sold it to Plaintiff.

7.          At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, had a duty to manufacture and construct the house so that it was safe to live in.

8.          At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured and/or constructed the house in that the garage door opening mechanism was not securely affixed to the wall. The garage door mechanism became dislodged and hit the Plaintiff in the arms and face.

9.          As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendants and demands trial by jury of all issues so triable as a matter of right.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues the Defendant, COLUMBIA MACHINE, INC., and alleges:

10.          Plaintiff realleges and reavers paragraphs one through four above as if fully set forth herein.

11.          On or about January 3, 1997, Plaintiff was using a product known as Sears/Craftsman, garage door opener model 139.53824SRT - 1/2/ HP, manufactured and/or sold by Defendant COLUMBIA MACHINE, INC.          12.          At that time and place, Defendant, COLUMBIA

MACHINE, INC., had a duty to manufacture the product so that it was safe for the consumer to use.

13.        At that time and place, Defendant, SEARS AND ROEBUCK & CO., negligently manufactured the product in that the product became dislodged from the wall and hit Plaintiff on the arms and face.

14.        As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable as a matter of right.

## COUNT III

## PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

15.        Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

16.        On or about January 19,1989, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

17.        On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall..

18.        Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

19. At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

20. As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP. AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES , for damages and demands a trial by jury of all issues so triable.

## COUNT IV

### PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, COLUMBIA MACHINE, INC. and alleges:

21. Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

22. On or about January 3, 1997, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, COLUMBIA MACHINE, INC.

23. On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model #139.53824SRT 1\2\HP became dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall.

24. Defendant, COLUMBIA MACHINE, INC., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

25. At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

26.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT V

### BREACH OF IMPLIED WARRANTY FOR A PARTICULAR
### PURPOSE AGAINST DEFENDANT LENNAR HOMES, INC.

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

27.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

28.    At all times material, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

29.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door manufactured by the Defendant, LENNAR. The product was purchased on or about January 19, 1989.

30.    At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

31.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33.    On or about January 16, 1997, Plaintiff, RICHARD GORDON, gave Defendant,

EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit A", and is by reference made a part hereof,

34.     Defendant, LENNAR HOMES INC. impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35.     By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express warranty. The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.     As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

### COUNT VI - BREACH OF IMPLIED WARRANTY FOR A PARTICULAR
### PURPOSE AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, and alleges:

37.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

38.     At all times material, Defendant, COLUMBIA MACHINE, INC. was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

39.     On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door when it became dislodged from the wall, the garage door opener was_ manufactured and/or sold by the Defendant, COLUMBIA MACHINE, INC. The product was purchased on or about January 8, 1989.

40.     At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

41.     Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

42.     On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door opener became dislodged from the wall and hit the Plaintiff in the face and arms.

43.     On or about January 14, 1997, Plaintiff, RICHARD GORDON, gave Defendant, COLUMBIA MACHINE, INC. written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit B", and is by reference made a part hereof.

44.     Defendant, COLUMBIA MACHINE, INC., impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

45.     By selling the garage door opener and/or its mechanism in a defective condition, Defendant failed to conform to the representations previously made and breached their implied warranty. The breach of implied warranty was a proximate cause of injuries to Plaintiff.

46.     As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT VII

### BREACH IMPLIED WARRANTY OF MERCHANTABILITY

### AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, COLUMBIA MACHINE, INC.,, and alleges:

47.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

48.    On or about January 8, 1989, Plaintiff, purchased a garage door opener, model # 139.53824SRT - 1/2/HP from Defendant, SEARS.

49.    Defendant, COLUMBIA MACHINE, INC., impliedly warranted that the garage door opener was of merchantable quality.

50.    The garage door opener was not of merchantable quality and was dangerous.

51.    On or about January 3, 1997, Plaintiff was injured when the garage door opener became dislodged from the wall and hit he Plaintiff in the face and arms.

52.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53.    Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable.

## COUNT VIII

### BREACH IMPLIED WARRANTY OF MERCHANTABILITY

### AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and alleges:

54.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

55.    On or about January 19, 1989, Plaintiff , purchased a house from Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

56.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, impliedly warranted that the house and the garage door therein was of merchantable quality.

57.    The house and the garage door therein was not of merchantable quality and  was dangerous.

58.    On or about January 3, 1997, Plaintiff was injured when the Plaintiff the garage door became dislodged from the wall and hit the Plaintiff in the face and arms.

59.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

60.    Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and demands trial by jury of all issues so triable.

## COUNT IX
### STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

61.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

62.    On or about January 19, 1989 Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

63.    On or about January 5, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door dislodged from the wall and hit him on the face and arms. The product is and was defective in that it dislodged from the wall.

64.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product. In addition, the Defendant knew or should have known that the product was defective.

65.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.


## COUNT X

### STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues COLUMBIA MACHINE, INC. and alleges:

67.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

68.     On or about January 3, 1997, Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by COLUMBIA MACHINE, INC.

69.     On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model # 139.53824SRT 1/2/HP, dislodged from the wall.  The product is and was defective in that the garage door dislodged from the wall and hit Plaintiff on the face and arms in the ordinary use of the product.

70.     Defendant, COLUMBIA MACHINE, INC. , before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.  In addition, the Defendant knew or should have known that the product was defective.

71.     At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

72.     As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166

RICHARD GORDON,

                                  CASE NO.: 99-06391-07-J. MILLER

        Plaintiff,

v.

COLUMBIA MACHINE, INC. AND
EATON CORP. AND/OR EATON CORP
AND/OR AND/OR CUTLER-HAMMER
CORP. AND/OR THEIR SUBSIDIARIES
        Defendants.
_____/

## AFFIDAVIT OF WAYNE GERALD ADAMSON

STATE OF PHILADELPHIA     )
                                 )     ss.
COUNTY OF PHILADELPHIA   )

BEFORE ME, the undersigned, WAYNE GERALD ADAMSON, personally appeared who after being duly sworn, said as follows:

       1.     I am employed by Cutler-Hammer, Inc., a wholly owned subsidiary of Eaton Corporation, as an Engineering Section Manager. I have been employed with Cutler-Hammer, Inc., and Eaton Corporation for the past nine (9) years.

       2.     I earned a Bachelor of Science degree in business managment from the University of Nebraska in 1982.

       3.     I have reviewed the complaint in Richard Gordon v. Columbia Machine, Inc., et al., filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 99-006391-07. In that complaint, plaintiff asserts a claim against Eaton Corporation and Cutler-Hammer, Inc., arising out of the sale of a residential home on or about January 19, 1989.

       4.     I am familiar with the products manufactured and sold by Eaton

EXHIBIT "B"

08270

5.    Based on my personal knowledge as an employee of Eaton Corporation and Cutler-Hammer, Inc., as well as information supplied to me by other employees at Eaton Corporation and Cutler-Hammer, Inc., I certify that neither Eaton Corporation nor Cutler-Hammer, Inc., have ever been involved in the manufacturing, designing, constructing or selling of residential homes.  Moreover, I also certify that neither Eaton Corporation nor Cutler-Hammer, Inc., is in any way involved in the designing, manufacturing, constructing or selling of the residential home which is the subject of this lawsuit.

6.    In fact, Eaton Corporation is in the business of manufacturing highly engineered products that serve industrial, vehicle, commercial, aerospace and semi-conductor markets, including hydraulic products and fluid connectors, electrical power distribution and control equipment, truck drive-train systems, engine components, ion implanters and a variety of electrical controls.  Cutler-Hammer, Inc., a wholly owned subsidiary of Eaton Corporation, specializes in the manufacture of electrical control components and power distribution equipment.

7.    Thus, neither Eaton Corporation nor Cutler-Hammer, Inc., has any involvement with the product (i.e., a residential home) that is the subject of Richard Gordon's lawsuit.

/ / /

/ / /

/ / /

98370                                    2 of 3

Executed this __ day of December, 2000 in Philadelphia, Pennsylvania.

_WAYNE GERALD ADAMSON,_
WAYNE GERALD ADAMSON,
Affiant

Sworn to and Subscribed before me
this _14_____ day of DECEMBER, 2000

_Judith L. Maholtz_
(Notary Signature)

Judith L. Maholtz
(Print Notary Name)

NOTARY PUBLIC – STATE OF PENNSYLVANIA
My Commission Expires: _May 24, 2003_

Personally known ___✓__ OR _____ Produced Identification _____

Type of Identification Produced _____

Jud...          ...ublic
Fin...e,         ...nty
My Co...          ...2003
Member, P...                ...notaries

98370                              3 of 3

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 99-06391

RICHARD GORDON,

        Plaintiff,

vs.

EATON CORP AND/OR CUTLER-
HAMMER CORP. AND/OR THEIR
SUBSIDIARIES and COLUMBIA
MACHINE, INC.

        Defendants.

_____/

**DEFENDANTS EATON CORPORATION
AND CUTLER-HAMMER, INC.'S
MOTION FOR SUMMARY JUDGMENT
AND SUPPORTING MEMORANDUM OF
LAW**_____

        Defendants, EATON CORPORATION and CUTLER-HAMMER INC. (hereinafter collectively referred to as "EATON CORPORATION"),[1] by and through their undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.510, move for the entry of summary judgment on Plaintiff's Complaint on the basis that EATON CORPORATION did not design, manufacture, construct or sell the home that is the subject of Plaintiff's products liability complaint against EATON CORPORATION. Accordingly, there are no issues of material fact that remain to be determined and EATON CORPORATION is entitled to judgment as a matter of law.

        In further support of this motion, EATON CORPORATION states as follows:

## UNDISPUTED FACTS

1.      Plaintiff, RICHARD GORDON ("Plaintiff") brings a products liability action in which he seeks recovery against EATON CORPORATION for injuries allegedly

---

[1]    Eaton Corporation notes that Plaintiff, RICHARD GORDON erroneously sued and served Eaton Corporation as "EATON CORP. and/or EATON CORP and/or CUTLER-HAMMER CORP. and/or THEIR SUBSIDIARIES."

sustained when a garage door opening mechanism became dislodged and hit him in the arms and face.[2]

2. In Counts I, III, V, VIII, and IX of his Complaint, Plaintiff asserts claims for products liability against EATON CORPORATION based on causes of action for negligence, products liability, implied warranty for a particular purpose, implied warranty of merchantability, and strict products liability. Plaintiff claims that on or about January 19, 1989 he purchased a home manufactured by EATON CORPORATION that was defectively manufactured and/or constructed in that the garage door opening mechanism in the garage was not securely affixed to the wall and became dislodged on or about January 3, 1997 and injured Plaintiff.

3. Plaintiff claims the opening mechanism was manufactured and sold by Columbia Machine, Inc., Sears Roebuck & Co., and/or Lennar Homes Inc.

4. Despite Plaintiff's allegation that EATON CORPORATION manufactured the subject home, the undisputed evidence, as supported by the Affidavit of Wayne Adamson submitted concurrently herewith,[3] demonstrates that EATON CORPORATION has never been in the business of designing, manufacturing, constructing or selling homes. Consequently, EATON CORPORATION did not design, manufacture, construct or sell Plaintiff's home on January 19, 1989.

5. Thus, Plaintiff has sued the wrong defendant.

As discussed in detail below, under these undisputed facts, as a matter of Florida law, Plaintiff is unable to establish the essential elements to support his products liability claim against EATON CORPORATION, and the underlying causes of action. There is no genuine issue as to any material fact and accordingly, EATON CORPORATION is entitled to judgment as a matter of law on Plaintiff's entire Complaint.

---

[2]    *See* copy of Complaint attached hereto as Exhibit "A".

[3]    *See* attached Exhibit "B".

WHEREFORE, Defendants EATON CORPORATION and CUTLER-HAMMER INC., erroneously sued and served herein as EATON CORP. AND/OR EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, request that this court enter summary judgment in their favor and against Plaintiff as to all Counts brought in his Complaint.

The following Memorandum of Law is incorporated by reference herein.

## MEMORANDUM OF LAW

### I.   PLAINTIFF'S CLAIMS

All of Plaintiff's asserted claims against EATON CORPORATION arise out of Plaintiff's allegations (1) that "[o]n or about . . . January 19, 1989, defendant EATON . . ., manufactured a house and sold it to Plaintiff;" (2) that "[a]t that time and place, defendant, EATON . . ., had a duty to manufacture and construct the house so that it was safe to live in;" (3) that "[a]t that time and place, defendant EATON . . . negligently manufactured and/or constructed the house and that the garage door opening mechanism was not securely affixed to the wall. The garage door mechanism became dislodged and hit the plaintiff in the arms and face;" and (4) "[a]s a result, plaintiff suffered bodily injury . . ." (See, Plaintiff's Complaint at paras. 6, 7, 8 and 9, attached hereto as Exhibit "A.") Based upon these allegations of negligence, Plaintiff also asserts a cause of action for products liability at Count III, specifically as follows:

16.   On or about January 19, 1989, plaintiff RICHARD GORDON, was a purchaser of a product manufactured by defendant, EATON . . .

17.   On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener dislodged from the wall and hit the plaintiff in the face and arm. The product is defective in that it became dislodged from the wall . . .

18.   Defendant, EATON . . ., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the products.

19.  At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

20.  As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury . . . (See Plaintiff's Complaint at Paras., 16, 17, 18, 19 and 20, Exhibit A.)

Plaintiff purports to set forth a claim of breach of implied warranty for a particular purpose against EATON CORPORATION in Count V, specifically as follows:

29.  On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door manufactured by the Defendant, LENNAR.  The product was purchased on or about January 19, 1989.

30.  At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

31.  Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32.  On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33.  On or about January 16, 1997, Plaintiff RICHARD GORDON, gave Defendant, EATON . . ., written notice of the breaches of warranty as hereinafter set out.  A copy of the notice is attached hereto as Plaintiff's "Exhibit A," and is by reference made a part hereof. [4]

34.  Defendant, LENNAR HOMES INC. impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35.  By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express

---

[4]  No such notice or document has ever been produced and was not attached to Plaintiff's Complaint.

warranty. The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury . . . " (See, Plaintiff's Complaint at paras. 29, 30, 31, 32, 33, 34, 35 and 36, Exhibit A.)

Plaintiff sets forth a claim for breach of implied warranty of merchantability against defendant, EATON CORPORATION in Count VIII, specifically as follows:

55.    On or about January 19, 1989, Plaintiff, purchased a house from the defendant, EATON . . .,

56.    Defendant, EATON . . ., implied warranted that the house and the garage door therein was of merchantable quality.

57.    The house and the garage door therein was not of merchantable quality and was dangerous.

58.    On or about January 3, 1997, Plaintiff was injured when the Plaintiff (sic) the garage door became dislodged from the wall and hit the Plaintiff in the face and arms.

59.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain . . . (See, Plaintiff's Complaint at paras. 55, 56, 57, 58 and 59, Exhibit A.)

Plaintiff also asserts a claim of strict products liability against defendant EATON CORPORATION in Count X, specifically as follows:

62.    On or about January 19, 1989 Plaintiff RICHARD GORDON, was a consumer/user of a product manufactured by Defendant, EATON . . . .

63.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door dislodged from the wall and hit him on the face and arms. The product is and was defective in that it dislodged from the wall.

Defendant, EATON . . ., before placing the product into the stream of commerce, failed to make reasonable tests and inspections to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product. In addition, the Defendant knew or should have known that the product was defective.

65.    At the time of the use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.    As a proximately result, Plaintiff RICHARD GORDON, suffered bodily injury and . . . ."

## PROCEDURAL HISTORY

Procedurally, Plaintiff RICHARD GORDON filed his original Complaint on April 14, 1999. On or about January 28, 2000, the Court *sua sponte* dismissed Plaintiff's Complaint. On or about, June 20, 2000, Plaintiff moved to vacate the order dismissing the Complaint. This Court granted Plaintiff's motion to vacate and thereafter EATON CORPORATION was served on June 30, 2000. Upon a review of the allegations, it became clear to EATON CORPORATION that it had been erroneously sued and based on the case number assigned to this action, the Complaint appeared to have been served outside the 120 day limit provided by Florida law. Therefore, EATON CORPORATION called Plaintiff and sent him correspondence prior to answering the complaint in an effort to discuss these issues.

Plaintiff did not respond to EATON CORPORATION's correspondence or telephone calls. EATON CORPORATION then filed a notice of appearance on July 20, 2000, the date the answer was due. Despite prior requests for an extension to respond to the Complaint, Plaintiff inappropriately obtained a entry of default against Defendant EATON CORPORATION from the clerk of the court. The default was removed by order of this Court on or about September 7, 2000.

information regarding Plaintiff, RICHARD GORDON's claim. Numerous telephone calls have gone unanswered. As a result, on September 28, 2000, EATON CORPORATION served upon Plaintiff their First Set of Special Interrogatories and Request for Production, answers to which were due on October 30, 2000. To date, no responses have been provided and no requests for extensions to respond have been made.

It is undisputed that EATON CORPORATION nor any of its divisions or subsidiaries have never been in the business of designing, constructing, manufacturing or selling homes. (See, Affidavit of Wayne Adamson at para. 3, filed concurrently herewith as Exhibit B.) As such, EATON CORPORATION never designed, constructed, manufactured or sold Plaintiff a home. Plaintiff, as a matter of law, cannot establish that EATON CORPORATION designed, manufactured, constructed or sold Plaintiff, RICHARD GORDON a home on January 19, 1989, as pled in his Complaint. Contrary to Plaintiff's Complaint, EATON CORPORATION owes no duty to Plaintiff, RICHARD GORDON with regard to the design, construction, manufacture or sale of his home, which he purchased on January 19, 1989 and is the subject of his Complaint. As a result, Plaintiff, as a matter of law cannot establish that EATON CORPORATION had any duty to Plaintiff to form the basis of his products liability claims based on negligence, strict liability or breach of warranty under the undisputed facts of record. There is no genuine issue as to any material fact and EATON CORPORATION is entitled to summary judgment as a matter of law.

## II.    ARGUMENT

### A.    Summary Judgment is Warranted if the Pleadings, Depositions, Answers to Interrogatories, and Admissions on File Together with the Affidavits, if any, Show That There is No Genuine Issue as to Any Material Fact and That the Moving Party is Entitled to a Judgment as a Matter of Law.

Pursuant to Florida Rules of Civil Procedure, Rule 1.510 (b) and (c):

(b)    A party against whom a claim, counter claim, crossclaim, or third party

claim is asserted or a declaratory judgment is sought may move for a

summary judgment in that party's favor as to all or any part thereof at any time with or without supporting affidavits.

(c)     The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." Florida Rules of Civil Procedure, Rule 1.510 (b) and (c).

"The trial court should grant a motion for summary judgment when the movant meets its burden of showing that there is an absence of any genuine issue of material fact." Nationwide Insurance Co. v. Square D Co., 570 So. 2d 406, 407 (Fla.App.2 Dist., 1990); citing Florida Rules of Civil of Procedure, Rule 1.510; Moore v. Morris, 475 So. 2d 666 (Fla. 1985).

**B.      Eaton Corporation is Entitled to Summary Judgment on Plaintiff's Products Liability Complaint as Eaton Corporation Did Not Design, Manufacture, Construct or Sell the Subject Product or Home That is the Subject of Plaintiff's Products Liability Complaint.**

It is well settled under Florida law that an action for products liability cannot be maintained against a defendant who has no relationship with the product which is alleged to be defective. The Florida Supreme Court in West v. Caterpillar Tractor Co., Inc., 336 So. 2d 80 (Fla. 1976), summarized the law of products liability in Florida as follows:

Product liability deals with the recourse for personal injury or property damage resulting from the use of a product and, in the past, has covered actions for negligence, breach of express warranty, breach of implied warranty, and fraud. These theories of recovery have been refined and consolidated to such an extent that the distinctions frequently have more theoretical than practical significance. As a result the theory of strict liability has evolved to compliment the traditional conditional warranty and negligence

theories. A statement of this theory appears in the American Law Institute Restatement Second of Torts Section 402A as follows:

(1)    One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused by the ultimate user or consumer, or to his property, if

   (a)    the seller is engaged in the business of selling such a product, and,

   (b)    it is expected to and does reach user or consumer without substantial change in the condition in which it is sold.

(2)    The rule stated in Subsection (1) applies although

   (a)    the seller has exercised all possible care in the preparation and sale of his product,

   (b)    the user or consumer has not bought the product from or entered into any contractual relation with the seller.'" West, 336, So. 2d at 84.

The Court in West goes on to acknowledge that Florida Courts are in conformity with the principals set forth in the Restatement (Second) of Torts Section 402A. West, 336 So. 2d at 86. As a result, the Florida Supreme Court summarized the state of strict products liability as follows:

In other words strict liability should be imposed only when a product a manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. The user should be protected from unreasonably dangerous products or from a product fraught with unexpected dangers. In order to hold the manufacturer liable on the theory of strict liability in tort, the user must establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection

between such condition and the user's injuries or damages.  [Emphasis added.]
Id., at 86 - 87.

In Florida, the elements of the negligence cause of action in a products liability case are as follows:

1.    The manufacturer must have a legal duty to design and manufacture a product reasonable (sic) safe for use;

2.    The manufacturer must fail to comply with that duty;

3.    The Plaintiff must have an injury that is legally caused by the manufacturer's breach of duty; and,

4.    The plaintiff must have suffered damages.

Pritchett v. E.I. DuPont De Nemours & Co., 1994 WL 150834 (M.D. Fla., 1994); citing, Simon v. Tampa Electric Co., 202 So. 2d 209 (Fla. 2d DCA 1967); and Kasanof v. Embry Riddle Co., 25 So. 2d 89 (Fla. 1946).

As for Plaintiff's breach of implied warranty claims, Florida law requires that there be "privity" between the parties. Amoroso v. Samuel Friedland Family Enterprises, 604 So. 2d 827, 834 (Fla.App. 4 Dist., 1992); Kramer v. Pipper Aircraft Corp., 520 So. 2d 37, 39, 4 (Fla. 1988); T.W.M. v. American Medical Systems, Inc., 886 F.Supp. 842, 844, (N.D. Fla., 1995).

The facts in the present case are undisputed.  Plaintiff cannot establish that Defendant, EATON CORPORATION had any relationship to the subject product, or the "home" that plaintiff allegedly purchased on January 19, 1989, because EATON CORPORATION, CUTLER-HAMMER, INC., and their divisions and subsidiaries have never been in the business of designing, manufacturing, constructing or selling homes. (See, Affidavit of Wayne Gerald Adamson, at para. 2, filed concurrently herewith.)  As a result, it is undisputed, and Plaintiff cannot establish that EATON CORPORATION had any duty to Plaintiff to form the basis of any negligence claim.  Moreover, it is undisputed and Plaintiff cannot establish that EATON CORPORATION was ever in privity with Plaintiff, RICHARD GORDON to support any breach of implied warranty claims.  It necessarily follows, as a matter of law, that EATON

CORPORATION is entitled to judgment as a matter of law in any claim of products liability brought by Plaintiff, RICHARD GORDON.

## III.    CONCLUSION

Based on the foregoing, Defendants EATON CORPORATION and CUTLER-HAMMER INC., erroneously sued and served herein as EATON CORP. AND/OR EATON CORP AND/OR CUTLER-HAMMER CORP. and/or their subsidiaries, requests that this court enter summary judgment in their favor and against Plaintiff, RICHARD GORDON as to all counts brought in Plaintiff's Complaint.

Respectfully Submitted,

CARLTON, FIELDS, WARD, EMMANUEL,
    SMITH & CUTLER, P.A.
*Attorneys for EATON CORPORATION and
CUTLER-HAMMER, INC.*
4000 Bank of America Tower
100 Southeast Second Street
Miami, Florida 33131-9101
Tel. (305) 530-0050
Fax. (305) 530-0055

By: _____
    BENJAMINE REID
    Florida Bar No. 183522
    ANA M. MORALES
    Florida Bar No. 0091847

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon Kenneth D. Cooper, P.A., attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale, Florida, 33316, by U.S. mail, postage prepaid, this ___ day of December, 2000.

_____
ANA M. MORALES



IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.        99  06391

RICHARD GORDON,

      Plaintiff

vs.

EATON CORP AND/OR
  CUTLER-HAMMER CORP.
  AND/OR THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

      Defendants.
_____/

COMPLAINT

**A TRUE COPY**
ROBERT E. LOCKWOOD

**APR 1 4 1999**

    Plaintiff, RICHARD GORDON,  sues Defendants, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES And  COLUMBIA MACHINE, INC.  and alleges:

    1.        This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, arising

out of a cause of action which accrued on or about January 3, 1997.

    2.        The Plaintiff, RICHARD GORDON, is a resident of Broward County, Florida, and is

sui juris.

    3.        The Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR

THEIR SUBSIDIARIES, is a corporation, organized and existing under the laws of the State of Florida, and at all

times material was doing business in the State of Florida

    4.        The Defendant, COLUMBIA MACHINE, INC.,, is a foreign corporation, organized

and existing under the laws of the State of WASHINGTON and at all times material was registered and doing

business in the State of Florida.

<u>COUNT I</u>

<u>NEGLIGENCE AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES</u>

    Plaintiff, RICHARD GORDON  TON CORP AND/OR CUTLER-HAMMER

**EXHIBIT
"A"**

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

5.       Plaintiff realleges and reavers paragraphs one through three above as if fully set forth herein.

6.       On or about or about January 19, 1989, Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, manufactured a house and sold it to Plaintiff.

7.       At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, had a duty to manufacture and construct the house so that it was safe to live in.

8.       At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured and/or constructed the house in that the garage door opening mechanism was not securely affixed to the wall. The garage door mechanism became dislodged and hit the Plaintiff in the arms and face.

9.       As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendants and demands trial by jury of all issues so triable as a matter of right.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues the Defendant, COLUMBIA MACHINE, INC., and alleges:

10.       Plaintiff realleges and reavers paragraphs one through four above as if fully set forth herein.

11.       On or about January 3, 1997, Plaintiff was using a product known as Sears/Craftsman, garage door opener model 139.53824SRT - 1/2/ HP, manufactured and/or sold by Defendant COLUMBIA MACHINE, INC.       12.       At that time and place, Defendant, COLUMBIA

MACHINE, INC., had a duty to manufacture the product so that it was safe for the consumer to use.

13.        At that time and place, Defendant, SEARS AND ROEBUCK & CO., negligently manufactured the product in that the product became dislodged from the wall and hit Plaintiff on the arms and face.

14.        As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable as a matter of right.

## COUNT III

## PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

15.        Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

16.        On or about January 19,1989, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

17.        On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall..

18.        Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

19.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

20.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP. AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES , for damages and demands a trial by jury of all issues so triable.

## COUNT IV

## PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, COLUMBIA MACHINE, INC. and alleges:

21.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

22.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, COLUMBIA MACHINE, INC.

23.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model #139.53824SRT 1\2\HP became dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall.

24.    Defendant, COLUMBIA MACHINE, INC., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

25.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

26.     As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT V

### BREACH OF IMPLIED WARRANTY FOR A PARTICULAR
### PURPOSE AGAINST DEFENDANT LENNAR HOMES, INC.

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

27.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

28.     At all times material, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

29.     On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door manufactured by the Defendant, LENNAR. The product was purchased on or about January 19, 1989.

30.     At the time of the sale of the product , Defendant had reason to know the particular purpose for which the product was purchased.

31.     Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32.     On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33.     On or about January 16, 1997 , Plaintiff, RICHARD GORDON, gave Defendant,

EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit A", and is by reference made a part hereof.

34.    Defendant, LENNAR HOMES INC. impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35.    By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express warranty. The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

## COUNT VI - BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, and alleges:

37.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

38.    At all times material, Defendant, COLUMBIA MACHINE, INC. was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

39.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door when it became dislodged from the wall, the garage door opener was_ manufactured and/or sold by the Defendant, COLUMBIA MACHINE, INC. The product was purchased on or about January 8, 1989.

40.     At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

41.     Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

42.     On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door opener became dislodged from the wall and hit the Plaintiff in the face and arms.

43.     On or about January 14, 1997, Plaintiff, RICHARD GORDON, gave Defendant, COLUMBIA MACHINE, INC. written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit B", and is by reference made a part hereof.

44.     Defendant, COLUMBIA MACHINE, INC., impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

45.     By selling the garage door opener and/or its mechanism in a defective condition, Defendant failed to conform to the representations previously made and breached their implied warranty. The breach of implied warranty was a proximate cause of injuries to Plaintiff.

46.     As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

<center>

COUNT VII

BREACH IMPLIED WARRANTY OF MERCHANTABILITY

AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

</center>

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, COLUMBIA MACHINE, INC.,, and alleges:

47.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

48.    On or about January 8, 1989, Plaintiff, purchased a garage door opener, model # 139.53824SRT - 1/2/HP from Defendant, SEARS.

49.    Defendant, COLUMBIA MACHINE, INC., impliedly warranted that the garage door opener was of merchantable quality.

50.    The garage door opener was not of merchantable quality and was dangerous.

51.    On or about January 3, 1997, Plaintiff was injured when the garage door opener became dislodged from the wall and hit he Plaintiff in the face and arms.

52.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53.    Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable.

### COUNT VIII

### BREACH IMPLIED WARRANTY OF MERCHANTABILITY

### AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and alleges:

54.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

55.    On or about January 19, 1989, Plaintiff , purchased a house  from Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

56.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, impliedly warranted that the house and the garage door therein was of merchantable quality.

57.    The house and the garage door therein was not of merchantable quality and  was dangerous.

58.    On or about January 3, 1997, Plaintiff was injured when the Plaintiff the garage door became dislodged from the wall and hit the Plaintiff in the face and arms.

59.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

60.    Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and demands trial by jury of all issues so triable.

## COUNT IX

### STRICT / PRODUCTS  LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

61.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

62.    On or about January 19, 1989 Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

63.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door dislodged from the wall and hit him on the face and arms.   The product is and was defective in that it dislodged from the wall.

64.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.  In addition, the Defendant knew or should have known that the product was defective.

65.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands Judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.


## COUNT X

### STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues COLUMBIA MACHINE, INC. and alleges:

67.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

68.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by COLUMBIA MACHINE, INC.

69.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model # 139.53824SRT 1/2/HP, dislodged from the wall.  The product is and was defective in that the garage door dislodged from the wall and hit Plaintiff on the face and arms in the ordinary use of the product.

70.    Defendant, COLUMBIA MACHINE, INC. , before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.  In addition, the Defendant knew or should have known that the product was defective.

71.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

72.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166

RICHARD GORDON,

**CASE NO.: 99-06391-07-J. MILLER**

    Plaintiff,

v.

COLUMBIA MACHINE, INC. AND
EATON CORP. AND/OR EATON CORP
AND/OR AND/OR CUTLER-HAMMER
CORP. AND/OR THEIR SUBSIDIARIES
    Defendants.

_____/

## AFFIDAVIT OF WAYNE GERALD ADAMSON

STATE OF PHILADELPHIA    )
                         )  ss.
COUNTY OF PHILADELPHIA  )

BEFORE ME, the undersigned, WAYNE GERALD ADAMSON, personally appeared who after being duly sworn, said as follows:

1.    I am employed by Cutler-Hammer, Inc., a wholly owned subsidiary of Eaton Corporation, as an Engineering Section Manager. I have been employed with Cutler-Hammer, Inc., and Eaton Corporation for the past nine (9) years.

2.    I earned a Bachelor of Science degree in business managment from the University of Nebraska in 1982.

3.    I have reviewed the complaint in <u>Richard Gordon v. Columbia Machine, Inc., et al.</u>, filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 99-006391-07. In that complaint, plaintiff asserts a claim against Eaton Corporation and Cutler-Hammer, Inc., arising out of the sale of a residential home on or about January 19, 1989.

4.    I am familiar with the products manufactured and sold by Eaton



**EXHIBIT**

"B"

99370

5.    Based on my personal knowledge as an employee of Eaton Corporation and Cutler-Hammer, Inc., as well as information supplied to me by other employees at Eaton Corporation and Cutler-Hammer, Inc., I certify that neither Eaton Corporation nor Cutler-Hammer, Inc., have ever been involved in the manufacturing, designing, constructing or selling of residential homes. Moreover, I also certify that neither Eaton Corporation nor Cutler-Hammer, Inc., is in any way involved in the designing, manufacturing, constructing or selling of the residential home which is the subject of this lawsuit.

6.    In fact, Eaton Corporation is in the business of manufacturing highly engineered products that serve industrial, vehicle, commercial, aerospace and semi-conductor markets, including hydraulic products and fluid connectors, electrical power distribution and control equipment, truck drive-train systems, engine components, ion implanters and a variety of electrical controls. Cutler-Hammer, Inc., a wholly owned subsidiary of Eaton Corporation, specializes in the manufacture of electrical control components and power distribution equipment.

7.    Thus, neither Eaton Corporation nor Cutler-Hammer, Inc., has any involvement with the product (i.e., a residential home) that is the subject of Richard Gordon's lawsuit.

/ / /

/ / /

/ / /

98370                              2 of 3

Executed this ___ day of December, 2000 in Philadelphia, Pennsylvania.

_____

WAYNE GERALD ADAMSON,
Affiant

Sworn to and Subscribed before me
this _14_____ day of DECEMBER, 2000

_____
(Notary Signature)

Judith L. Manoltz
(Print Notary Name)

NOTARY PUBLIC – STATE OF PENNSYLVANIA
My Commission Expires: _May 24, 2003_

Personally known __✓__ OR _____ Produced Identification _____

Type of Identification Produced _____

Judi... Public
Findlay ... ounty
My Com... 4, 2003
Member, Pennsylvania Association of Notaries

98370                         3 of 3

IN THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD, COUNTY,
FLORIDA

RICHARD GORDON                          CASE NO. - 99-006391-07 - J. MILLER

        Plaintiff

vs.

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES

        Defendant
_____/

## ORDER

THIS CAUSE HAVING COME ON THE BE HEARD ON PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL, AND THE COURT HAVING HEARD ARGUMENT OF COUNSEL, AND BEING OTHERWISE ADVISED IN THE PREMISES, IT IS HEREUPON,

ORDERED AND ADJUDGE THAT SAID MOTION BE, AND THE SAME IS HEREBY GRANTED. THE ORDER DISMISSING THE CASE IS HEREBY VACATED. THE PLAINTIFF HAS SHOWN EXCUSABLE NEGLECT. THE PLAINTIFF SHALL HAVE AN ADDITIONAL 90 DAYS TO SERVE PROCESS AND PROCEED IN THIS ACTION.

DONE AND ORDERED IN CHAMBER, AT FT. LAUDERDALE, BROWARD COUNTY, FLORID ON June 6, 2000.

_____
JUDGE MILLER - CIRCUIT COURT JUDGE

IN THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD, COUNTY,
FLORIDA

RICHARD GORDON                                    CASE NO. - 99-006391-07 - J. MILLER

       Plaintiff

vs.

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES

       Defendant
_____/

## ORDER

THIS CAUSE HAVING COME ON THE BE HEARD ON PLAINTIFF'S MOTION
TO VACATE ORDER OF DISMISSAL, AND THE COURT HAVING HEARD ARGUMENT OF
COUNSEL, AND BEING OTHERWISE ADVISED IN THE PREMISES, IT IS HEREUPON,

ORDERED AND ADJUDGE THAT SAID MOTION BE, AND THE SAME IS
HEREBY GRANTED. THE ORDER DISMISSING THE CASE IS HEREBY VACATED. THE
PLAINTIFF HAS SHOWN EXCUSABLE NEGLECT. THE PLAINTIFF SHALL HAVE AN
ADDITIONAL 90 DAYS TO SERVE PROCESS AND PROCEED IN THIS ACTION.

DONE AND ORDERED IN CHAMBER, AT FT. LAUDERDALE, BROWARD COUNTY,
FLORID ON June 6, 2000.

_____
JUDGE MILLER - CIRCUIT COURT JUDGE

STATE OF FLORIDA
BROWARD COUNTY
I DO HEREBY CERTIFY the within and foregoing is a true
and correct copy of the original as it appears on record
and file in the office of the Circuit Court Clerk of Broward
County, Florida.
WITNESS my hand and Official Seal at Fort Lauderdale
Florida this the ____ day of _____ 20 ___
_____ Clerk of the Court
_____ Deputy Clerk

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

      Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON CORP. AND/OR EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES AND/OR THEIR SUBSIDIARIES,

      Defendants.

_____/

## DEFENDANTS' NOTICE OF SERVICE OF
## FIRST SET OF INTERROGATORIES TO PLAINTIFF, RICHARD GORDON

Defendants,[1] EATON CORPORATION and CUTLER-HAMMER CORPORATION ("Defendants"), by and through undersigned counsel, give notice that on this _____ day of September, 2000, it served its First Set of Interrogatories to Plaintiff, Richard Gordon, to be answered in accordance with the Florida Rules of Civil Procedure.

---

[1] Defendant, Eaton Corporation was erroneously sued and served as Eaton Corp. and/or Eaton Corp and/or Cutler-Hammer Corp. and/or their subsidiaries.

MIA#2083608.01

**CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.**
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that an original and one (1) copy of this First Set of

Interrogatories, consisting of twenty-two (22) Interrogatories, and a true and correct copy of this

Notice of Service were served on: **Kenneth D. Cooper, P.A.**, counsel for Plaintiff, 400 SE 8th

Street, Ft. Lauderdale, FL 33316 on this _____ day of September, 2000 via facsimile and U.S.

Mail.

CARLTON, FIELDS, WARD, EMMANUEL,
SMITH & CUTLER, P.A.
*Attorneys for Defendants Eaton Corp. and*
*Cutler-Hammer Corp.*
Bank of America Tower, Suite 4000
100 Southeast Second Street
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By: _____
BENJAMINE REID
Florida Bar No. 183522
ANA M. MORALES
Florida Bar No. 091847

2

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

       Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON CORP. AND/OR EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES AND/OR THEIR SUBSIDIARIES,

       Defendants.

_____/

## DEFENDANTS' FIRST REQUEST TO PRODUCE TO PLAINTIFF

Defendants,[1] EATON CORPORATION and CUTLER-HAMMER CORPORATION ("Defendants"), by and through undersigned counsel, request that plaintiff, Richard Gordon, produce the following within thirty (30) days from the date of service:

## DEFINITIONS

"You" and/or "your" — includes you, your attorneys and anyone else acting on your behalf.

"Anyone acting on behalf" — includes, but is not limited to, your attorneys, their representatives and consultants.

"Person" — includes a natural person, firm, association, organization, partnership, or corporation.

---

[1] Defendant, Eaton Corporation was erroneously sued and served as Eaton Corp. and/or Eaton Corp and/or Cutler-Hammer Corp. and/or their subsidiaries.

MIA#2083731.01

**CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.**
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

"Accident" or "incident" — refers to the accident or incident out of which this cause of action arose as described in the Complaint filed herein, unless the sense appears to the contrary.

"Product" — refers to the subject product mentioned in the Complaint, and which was involved in this accident, and which is the subject of this lawsuit.

"Photograph" means and includes any photographs, photographic reproductions, film or magnetic recordings, video recordings or tapes, and movies.

"Written statement" means any recording of statements made by a person who was a witness to any of the events, conditions or occurrences which are in controversy in the above-styled and named cause, and a transcription of any such recording.

"Repair" means and includes any type of work done, including replacement of parts, to correct or attempt to correct mechanical problems, breakages, malfunctions, defects or other non-conforming aspects of the product which is the subject of inquiry.  The term shall also include adjustments to correct or attempt to correct any problems or complaints.

"Maintenance" means and includes any work done for the purpose of maintaining the product in question or any component part or assembly of the product in question in good condition or good repair.

"Alteration" or "modification" means and includes the addition of any new part, device, component, assembly or piece of equipment to the product in question which was not originally a part of the product in question when purchased or which is not a standard replacement part, device, component, assembly or piece of equipment for such product.  This term also includes removal, without replacement, or repositioning of any part, device, component, assembly or piece of equipment which was originally supplied with the product in question at the time of purchase.

2

"Inspection", when used in connection with the product in question, means and includes any tests, visual, mechanical, electrical or electronic examinations or tests, electrical or electronic monitoring, measurements, photographing or any other type of inspection, examination, test or measurement of any description.

## REQUESTS TO PRODUCE

1.    Copies of any and all documents, writings, films, memoranda and/or correspondence in your possession, originally created by the defendant corporations, agents of the defendant corporation, or on behalf of the defendant corporations, which have not been produced to plaintiff by the defendants in this action.

2.    Copies of any and all transcripts of testimony in your possession given by anyone on behalf of the defendant corporations in litigation or before administrative panels.

3.    Copies of any and all written advertisements or product brochures, transcripts of audio or video advertisements, and any other promotional materials in your possession, authored by the defendant corporations and not produced in this litigation, which you contend are relevant to any issue in this case.

4.    Copies of any and all documents, articles, writings, correspondence, recordings, memoranda, photographs, films or videotapes, which you contend support or tend to support any allegation in your lawsuit against any defendant herein.

5.    Copies of any and all documents and writings regarding proof of purchase, i.e., invoice, bill of sale or any other documentation regarding the purchase of the subject product.

6.    Any and all warranties and owner's manuals received at the time of purchase of the subject product, plus any and all documents or other writings in your possession which relate to or concern the purchase or ownership of the product.

3

7.      Any and all maintenance records, repair records, inspection records, receipts or any other documentation relevant to any mechanical or other type work, repairs, etc., done to the product from the date of purchase to the date of the accident.

8.      Copies of any and all photographs, film or videotapes in the possession of you or your attorney, which depict or purport to depict the product(s) (or any part, component or assembly thereof) in question, the accident scene or any aspect of the accident scene in this case.

9.      All medical and hospital records of any doctor, hospital, clinic or any other medical or health care institution which treated or examined you from the time of the accident to the present.

10.     All reports, notes, correspondence, records, findings and/or recommendations and other written or transcribed documents prepared by or directed to any rehabilitation counselor regarding any examination and/or treatment provided to you with respect to any disability, injuries or damages claimed by you as a result of the accident in question.

11.     Copies of any and all photographs, slides, films or videotapes in the possession of you or your attorney which depict or purport to depict any aspect of plaintiff's injuries sustained as a result of the accident in question.

12.     Copies of any and all photographs, slides, films or videotapes which were made by you or by any person, firm or corporation acting on your behalf, which depict any allegedly defectively designed or unreasonably dangerous condition existing with respect to the product in question.

13.     Any and all regulations, standards, codes or requirements which are alleged to be applicable to the product in question.

4

14.     Any and all documents or records regarding any instruction or training given to you with respect to the use and/or operation of the product in question and identification of the person(s) and/or entities which provided such instruction and/or training and the manner in which it was provided, whether written, oral or physical.

15.     Copies of proof of all earned and non-earned income including your complete federal income tax returns, filed individually or jointly, with all attached schedules and forms (such as W-2 forms) from the period of five (5) years preceding the date of your complaint. Attached please find U.S. federal forms and Social Security Administration forms for signature. Please return these forms to us after they have been executed by Plaintiff, and we will handle paying for and retrieving the records.

16.     Copies of all medical bills, hospital bills, and all other bills, receipts or invoices for treatment of injuries and damages (whether physical or mental) which you claim to have sustained as a result of the accident in question.

17.     All documents in the form of invoices, summaries, correspondence, schedules and the like evidencing or relating to all damages claimed by you in your Complaint.

18.     If you have applied for any claims for compensation, Workers Compensation or otherwise, whether received or not, all petitions, applications or any forms, reports or supporting documents supplied in such applications, as well as any and all documents of any kind received in reply to, in response to, or as a result thereof.

19.     Copies of any and all agreements, contracts, arrangements, understandings, dealings or writings relating to any settlement, compromise or dismissal of any claim brought by or on behalf of plaintiff in the within cause against any person, party, firm or corporation relating to the product in question or to any damages, losses, expenses or injuries relating to the product

5

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

in question or the accident in question, regardless of whether the claim was brought or made directly by plaintiff or by insurance companies or carriers for the purpose of subrogating their interests in and to any such claims.

20.    All reports, correspondence, diagrams, charts, memoranda, and any other documentation prepared by any person, expert or otherwise, who has examined the subject product or any component thereof as well as a resume or summary of such expert's qualifications in his claimed field of experience and expertise.

21.    Any and all documents, records, photographs and any and all written materials of any kind whatsoever which have been provided to any person, firm or corporation who will or may be called as an expert witness at the trial of this action.

22.    Any and all standards, codes, regulations, treatises, publications and/or other supporting data relied upon by each expert witness plaintiff intends to call at the trial of this cause.

23.    Any and all standards, codes, regulations, rules or ordinances and/or statutes which Plaintiff alleges to have been violated with respect to the product in question or the accident in question.

24.    Copies of any and all materials and designs pertaining to products or product components which you allege or claim to be alternative, feasible product designs and/or which you allege are better, safer, more suitable for use in products such as the product in question, and/or which you allege defendants should have utilized, in part or in whole, rather than the design utilized for the product in question.

25.    Copies of any and all witness statements in your possession which relate to or concern this lawsuit or any event relevant thereto.

6

26.    Copies of all documents relating to your employment relationship with your employer(s) in January 1997.

27.    Copies of all documents to support your contention that "[o]n or about January 19, 1989, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, manufactured a house and sold it to Plaintiff."

28.    Copies of all documents to support your contention that "Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, had a duty to manufacture and construct the house so that it was safe to live in."

29.    Copies of all documents to support your contention that "Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured and/or constructed the house in that the garage door opening mechanism was not securely affixed to the wall.  The garage door mechanism became dislodged and hit the Plaintiff in the arms and face."

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
    SMITH & CUTLER, P.A.
*Attorney for Defendants, Eaton Corp. and*
*Cutler-Hammer Corp.*
Bank of America Tower at International Place
100 SE Second Street, Suite 4000
Miami, FL 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055

By:_____
    BENJAMINE REID
    Florida Bar No. 183522
    ANA M. MORALES
    Florida Bar No. 091847

7

CASE NO. 99-006391-07-J. MILLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon

**KENNETH D. COOPER, P.A.**, attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale,

Florida, 33316, by U.S. mail, postage prepaid and telefaxed this _____ day of September, 2000.


ANA M. MORALES

8

# 4506

**Request for Copy or Transcript of Tax Form**

(Rev. May 1997)

Department of the Treasury
Internal Revenue Service

► Read instructions before completing this form.

► Type or print clearly. Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-0429

**Note:** *Do not use this form to get tax account information. Instead, see instructions below.*

| | |
|---|---|
| **1a** Name shown on tax form. If a joint return, enter the name shown first.<br><br>*Richard Gordon* | **1b** First social security number on tax form or employer identification number (see instructions) |
| **2a** If a joint return, spouse's name shown on tax form | **2b** ↑ *Please Complete* |
| **3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code | |
| **4** Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the la | |

**5** If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

**6** If we cannot find a record of your tax form and you want the payment refunded to the third party, check here . . . . . ► ☐

**7** If name in third party's records differs from line 1a above, enter that name here (see instructions) ►

**8** Check only one box to show what you want. There is **no charge** for items 8a, b, and c:

- **a** ☐ Tax return transcript of Form 1040 series filed during the **current calendar year** and the 3 prior calendar years (see instructions).
- **b** ☐ Verification of nonfiling.
- **c** ☐ Form(s) W-2 information (see instructions).
- **d** ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). **The charge is $23 for each period requested.** Note: *If these copies must be certified for court or administrative proceedings, see instructions and check here* . . . . . ► ☐

**9** If this request is to meet a requirement of one of the following, check all boxes that apply.
☐ Small Business Administration ☐ Department of Education ☐ Department of Veterans Affairs ☐ Financial institution

**10** Tax form number (Form 1040, 1040A, 941, etc.)

**11** Tax period(s) (year or period ended date). If more than four, see instructions.

*1995 | 1996 | 1997 | 1998*

**12** Complete only if **line 8d** is checked. Amount due:

| | |
|---|---|
| **a** Cost for each period . . . . . . | $ 23.00 |
| **b** Number of tax periods requested on line 11 | |
| **c** Total cost. Multiply line 12a by line 12b. | $ |

*Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."*

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

**Please Sign Here**

► Signature. See instructions. If other than taxpayer, attach authorization document. | Date

► Title (if line 1a above is a corporation, partnership, estate, or trust) | Date

► Spouse's signature | Date

Telephone number of requester ( )

Best time to call

**TRY A TAX RETURN TRANSCRIPT (see line 8a instructions)**

## Instructions

*Section references are to the Internal Revenue Code.*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.**—Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2 information, or a copy of a tax form. Allow 6 weeks after you file a tax form before you

information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

**Do not use this form** to request Forms 1099 or tax account information. See this page for details on how to get these items.
**Note:** *Form 4506 must be received by the IRS within 60 calendar days after the date you signed and dated the request.*

**How Long Will It Take?**—You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.**—If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.**—If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

# 4506

## Request for Copy or Transcript of Tax Form

(Rev. May 1997)

Department of the Treasury
Internal Revenue Service

▶ Read instructions before completing this form.

▶ Type or print clearly. Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-0429

**Note:** *Do not use this form to get tax account information. Instead, see instructions below.*

| 1a Name shown on tax form. If a joint return, enter the name shown first. | 1b First social security number on tax form or employer identification number (see instructions) |
|---|---|
| *Richard Gordon* | |
| 2a If a joint return, spouse's name shown on tax form | 2b ...ax form |

*Please Complete*

3 Current name, address (including apt., room, or suite no.), city, state, and ZIP code

4 Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the

5 If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

6 If we cannot find a record of your tax form and you want the payment refunded to the third party, check here . . . . . . . . . ▶ ☐

7 If name in third party's records differs from line 1a above, enter that name here (see instructions) ▶

8 Check only one box to show what you want. There is **no charge** for items 8a, b, and c:

a ☐ Tax return transcript of Form 1040 series filed during the **current calendar year and the 3 prior calendar years** (see instructions).

b ☐ Verification of nonfiling.

c ☐ Form(s) W-2 information (see instructions).

d ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). **The charge is $23 for each period requested.**
   Note: *If these copies must be certified for court or administrative proceedings, see instructions and check here* . . . . . ▶ ☐

9 If this request is to meet a requirement of one of the following, check all boxes that apply.
   ☐ Small Business Administration    ☐ Department of Education    ☐ Department of Veterans Affairs    ☐ Financial institution

| 10 Tax form number (Form 1040, 1040A, 941, etc.) | 12 Complete only if **line 8d** is checked. Amount due: | |
|---|---|---|
| | a Cost for each period . . . . . . . | $ 23.00 |
| 11 Tax period(s) (year or period ended date). If more than four, see instructions. | b Number of tax periods requested on line 11 | |
| *1999* | c Total cost. Multiply line 12a by line 12b . | $ |
| | *Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."* | |

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

**Please Sign Here**

| | | Telephone number of requester ( ) |
|---|---|---|
| Signature. See instructions. If other than taxpayer, attach authorization document. | Date | Best time to call |
| Title (if line 1a above is a corporation, partnership, estate, or trust) | | **TRY A TAX RETURN TRANSCRIPT** (see line 8a instructions) |
| Spouse's signature | Date | |

## Instructions

*Section references are to the Internal Revenue Code.*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.**—Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2 information, or a copy of a tax form. Allow 6 weeks after you file a tax form before you

information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

**Do not** use this form to request Forms 1099 or tax account information. See this page for details on how to get these items.
**Note:** Form 4506 *must be received by the IRS within 60 calendar days after the date you signed and dated the request.*

**How Long Will It Take?**—You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.**—If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.**—If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

1. From whose record do you need the earnings information?

Print the Name, Social Security Number (SSN), and date of birth below.

Your Reference Number

Name **Richard Gordon**

Social Security Number _____

Other Name(s) Used
(Include Maiden Name) _____

Date of Birth
(Mo/Day/Yr) _____

2. What kind of information do you need?

☐ Detailed Earnings Information
(If you check this block, tell us below why you need this information.)

For the period(s) / year(s): _____

*Please complete*

_____

_____

☐ Certified Total Earnings For Each Year.
(Check this box only if you want the information certified. Otherwise, call 1-800-772-1213 to request Form SSA-7004, Request for Earnings and Benefit Estimate Statement.)

For the year(s): _____

3. If you owe us a fee for this detailed earnings information, enter the amount due using the chart on page 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A. $ _____

Do you want us to certify the information?   ☐ Yes  ☐ No

If yes, enter $15.00 . . . . . . . . . . . . . . . . . . . . . . . . . . . . B. $ _____

ADD the amounts on lines A and B, and enter the TOTAL amount . . . . . . . . . . . . . . . . . . . . . . . . . . C. $ _____

- You can pay by CREDIT CARD by completing and returning the form on page 4, or
- Send your CHECK or MONEY ORDER for the amount on line C with the request and make check or money order payable to "Social Security Administration."
- DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

SIGN your name here
(Do not print)   > _____    Date _____

5. Tell us where you want the information sent. (Please print)

Name _____

Address _____

City, State & ZIP Code _____

6. Mail Completed Form(s) To:

Social Security Administration
Office of Central Records Operations
P.O. Box 129
Baltimore, Maryland 21235

Form SSA-7050-F4 (2-96)

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

RICHARD GORDON,                                    CASE NO. 99-006391-07-J. MILLER

       Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

       Defendants.
_____/

### DEFENDANTS, EATON CORPORATION'S AND CUTLER-HAMMER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

      Defendants, EATON CORPORATION and CUTLER-HAMMER CORPORATION

("Defendants),[1] file their Answer and Affirmative Defenses to Plaintiff, RICHARD GORDON'S

Complaint.   Before answering this Complaint, Defendants note that there are various

irregularities and discrepancies in Plaintiff's Complaint:   First, the body of the Complaint

includes allegations against Sears Roebuck and Company and Lennar Homes, two entities who

are *not* listed as Defendants in the caption of the Complaint.   Also, the allegations in the

Complaint are vague and confusing as to Eaton Corporation and Cutler-Hammer Corporation

because the allegations are inconsistent as to what Eaton Corporation and/or Cutler-Hammer

allegedly manufactured and how that product was allegedly defective.   Notwithstanding the

---

[1] Eaton Corporation notes that plaintiff, RICHARD GORDON erroneously sued and served Eaton Corporation as "Eaton Corp. and/or Eaton Corp and/or Cutler-Hammer Corp. and /or their subsidiaries."

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

foregoing. Defendants respond as follows:

1.     In response to paragraph 1, Defendants are without sufficient information to admit or deny the allegations contained therein. Therefore, Defendants deny the allegations contained in paragraph 1.

2.     In response to paragraph 2, Defendants are without sufficient information to admit or deny the allegations contained therein. Therefore, Defendants deny the allegations contained in paragraph 2.

3.     In response to paragraph 3, Defendants admit that they are corporations doing business in Florida. Eaton Corporation is a Delaware corporation with its principal place of business at Eaton Center, Cleveland, Ohio. Cutler-Hammer is a wholly-owned subsidiary of Eaton Corporation.

4.     The allegations in paragraph 4 pertain solely to the co-defendant, Columbia Machine, Inc., and Defendants make no response on behalf of Columbia Machine, Inc.

## COUNT I
### (Negligence Against Eaton Corporation)

5.     In response to paragraph 5, Defendants incorporate herein their responses to paragraphs 1 through 3 above.

6.     In response to paragraph 6, Defendants deny the allegations contained therein.

7.     In response to paragraph 7, Defendants deny the allegations contained therein.

8.     In response to paragraph 8, Defendants deny the allegations contained therein.

9.     In response to paragraph 9, Defendants deny the allegations contained therein.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

## COUNT II
### (Negligence Against Columbia Machine, Inc.)

10.    The allegations contained in paragraph 10, Defendants incorporate herein their responses to paragraphs 1 through 4 above.

11.    The allegations contained in paragraph 11 pertain solely to the co-defendant, Columbia Machine, Inc., and Defendants make no response on behalf of Columbia Machine, Inc.

12.    The allegations contained in paragraph 12 pertain solely to the co-defendant, Columbia Machine, Inc., and Defendants make no response on behalf of Columbia Machine, Inc.

13.    The allegations contained in paragraph 13 pertain solely to the co-defendant, Sears Robuck & Co., and Defendants make no response on behalf of Sears Robuck & Co.

14.    In response to paragraph 14, Defendants are without sufficient information to admit or deny the allegations contained therein.  Therefore, Defendants deny the allegations contained in paragraph 14.

## COUNT III
### (Products Liability Against Eaton Corporation)

15.    In response to paragraph 15, Defendants incorporate herein their responses to paragraphs 1 through 3 above.

16.    In response to paragraph 16, Defendants are without sufficient information to admit or deny the allegations contained therein.  Therefore, Defendants deny the allegations contained in paragraph 16.

17.    In response to paragraph 17, Defendants deny that they manufactured a defective product and are without sufficient information to admit or deny the remaining allegations contained therein.  Therefore, Defendants deny the remaining allegations contained in paragraph

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO. 99-006391-07-J. MILLER

17.

18.     In response to paragraph 18, Defendants deny that they manufactured a defective product and are without sufficient information to admit or deny the remaining allegations contained therein. Therefore, Defendants deny the remaining allegations contained in paragraph 18.

19.     In response to paragraph 19, Defendants deny that the produced a defective product and are without sufficient information to admit or deny the remaining allegations contained therein. Therefore, Defendants deny the remaining allegations contained in paragraph 19.

20.     In response to paragraph 20, Defendants deny that they manufactured a defective product and are without sufficient information to admit or deny the remaining allegations contained therein. Therefore, Defendants deny the remaining allegations contained in paragraph 20.

<div align="center">

## COUNT IV
### (Products Liability Against Columbia Machine Inc.)

</div>

21.     In response to paragraph 21, Defendants incorporate herein their responses to paragraphs 1 through 4 above.

22.     In response to paragraph 22, Defendants are without sufficient information to admit or deny the allegations contained therein. Therefore, Defendants deny the allegations contained in paragraph 22.

23.     In response to paragraph 23, Defendants are without sufficient information to admit or deny the allegations contained therein. Therefore, Defendants deny the allegations

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

contained paragraph 23.

24.    The allegations contained in paragraph 24 pertain solely to the co-defendant, Columbia Machine, Inc., and Defendants make no response on behalf of Columbia Machine, Inc.

25.    In response to paragraph 25, Defendants are without sufficient information to admit or deny the allegations contained therein.  Therefore, Defendants deny the allegations contained in paragraph 25.

26.    In response to paragraph 26, Defendants are without sufficient information to admit or deny the allegations contained therein. Therefore, Defendants deny the allegations contained in paragraph 26.

<div align="center">

**COUNT V**
**(Breach of Implied Warranty for a Particular**
**Purpose Against Lennar Homes, Inc.)**

</div>

27.    In response to paragraph 27, Defendants incorporate herein its responses to paragraphs 1 through 3 above.

28.    In response to paragraph 28, Defendants deny the allegations contained therein because Defendants did not manufacture a house as alleged by plaintiff in paragraph 6 of the Complaint.

29.    In response to paragraph 29, Defendants are without sufficient information to admit or deny the allegations contained therein.  Therefore, Defendants deny the allegations contained in paragraph 29.

30.    In response to paragraph 30, Defendants deny the allegations contained therein because Defendants did not manufacture a house as alleged by plaintiff in paragraph 6 of the Complaint.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

31.    In response to paragraph 31, Defendants deny the allegations contained therein.

32.    In response to paragraph 32, Defendants are without sufficient information to admit or deny the allegations contained therein.  Therefore, Defendants deny the allegations contained in paragraph 32.

33.    Defendants note that no exhibit was attached to the Complaint.  Consequently, in response to paragraph 33, Defendants are without sufficient information to admit or deny the allegations contained therein. Therefore, Defendants deny the allegations contained in paragraph 33.

34.    The allegations contained in paragraph 34 pertain solely to the co-defendant, Lennar Homes, Inc., and Defendants make no response on behalf of Lennar Home, Inc.

35.    In response to paragraph 35, the Defendants deny the allegations contained therein and deny that they manufactured a home as alleged by plaintiff in paragraph 6 of the Complaint.

36.    In response to paragraph 36, Defendants deny that they manufactured a defective product and Defendants are without sufficient information to admit or deny the remaining allegations contained therein.  Therefore, Defendants deny the allegations contained therein.

<div align="center">

**COUNT VI**
**(Breach of Implied Warranty for a Particular**
**Purpose Against Columbia Machine, Inc.)**

</div>

Defendants make no response to the matters alleged in paragraphs 37 through 46 of the Complaint because these paragraphs solely concern the alleged breach of implied warranty for a particular purpose against another defendant, which should answer these paragraphs on its own behalf.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Second Street - Miami - Florida 33131-9101 - (305) 530-0050

## COUNT VII
### (Breach of Warranty of Merchantability Against Columbia Machine, Inc.)

Defendants make no response to the matters alleged in paragraphs 47 through 53 of the Complaint because these paragraphs solely concern the alleged breach of warranty of merchantability of another defendant, which should answer these paragraphs on its own behalf.

## COUNT VIII
### (Breach of Warranty of Merchantability Against Eaton Corporation)

37.    In response to paragraph 54, Defendants incorporate herein their responses to paragraphs 1 through 3 above.

38.    In response to paragraph 55, Defendants deny the allegations contained therein.

39.    In response to paragraph 56, Defendants deny the allegations contained therein.

40.    In response to paragraph 57, Defendants deny they manufactured or sold a house to plaintiff and therefore, deny the allegations contained in paragraph 57.

41.    In response to paragraph 58, Defendants are without sufficient information to admit or deny the allegations contained therein. Therefore, Defendants deny the allegations contained paragraph 58.

42.    In response to paragraph 59, Defendants are without sufficient information to admit or deny the remaining allegations contained therein.   Therefore, Defendants deny the remaining allegations contained in paragraph 59.

43.    In response to paragraph 60, Defendants deny the allegations contained therein.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

## COUNT IX
### (Strict/Products Liability
### Against Eaton Corporation)

44.    In response to paragraph 61, Defendants incorporate herein their responses to paragraphs 1 through 3 above.

45.    In response to paragraph 62, Defendants are without sufficient information to admit or deny the allegations contained therein.   Therefore, Defendants deny the allegations contained in paragraph 62.

46.    In response to paragraph 63, Defendants deny that they manufactured a defective product and are without sufficient information to admit or deny the remaining allegations contained in therein.   Therefore, Defendants deny the remaining allegations contained in paragraph 63.

47.    In response to paragraph 64, Defendants deny the allegations contained therein.

48.    In response to paragraph 65, Defendants deny that they manufacture a defective product and deny that a product left their possession in a defective condition and deny all the other allegations contained in paragraph 65.

49.    In response to paragraph 66, Defendants are without sufficient information to admit or deny the allegations contained therein.   Therefore, Defendants deny the allegations contained in paragraph 66.

## COUNT X
### (Strict/Products Liability Against Columbia Machine, Inc.)

Defendants make no response to the matters alleged in paragraphs 67 through 72 of the Complaint because these paragraphs solely concern the alleged strict products liability of another

defendant, which should answer these paragraphs on its own behalf.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants and Defendants demand judgment as a matter of law.

### Second Affirmative Defense
### (Comparative Negligence)

Plaintiff's damages are barred and/or reduced by their own negligence and/or the negligence of others.

### Third Affirmative Defense
### (Assumption of the Risk)

Plaintiff's injuries and damages, if any, resulted from Plaintiff's voluntarily and unreasonably proceeding to encounter danger.

### Fourth Affirmative Defense
### (Sole and Proximate Cause)

Plaintiff's own negligence and/or the negligence of others is the sole, proximate and/or contributory cause of the accident set forth in the Complaint.

### Fifth Affirmative Defense
### (Misuse or Product)

The acts, injuries, and/or damages complained of may have been proximately caused by the misuse of the product in a manner that was not reasonably foreseeable to Defendants.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.



### Sixth Affirmative Defense
### (Intervening/Superseding Cause)

The acts, injuries, and/or damages complained of may have been proximately caused by other intervening or superseding culpable acts of Plaintiff, third persons and/or entities other than Defendants, and over whom Defendants have or had no control, or right of control, and for whom Defendants are not responsible.

### Seventh Affirmative Defense
### (Warnings)

Defendants provided instructions and warnings which were adequate in their content and which informed ordinary users of the product of the proper way to use the product.

### Eighth Affirmative Defense
### (Florida Statutes §768.81)

The damages complained of were solely or partly the result of negligence on the part of other parties who were not in the care, custody, control or supervision of Defendants. Therefore, plaintiff either cannot recover against Defendants, or Defendants are responsible only for their own pro-rata share of the damages, if any, in accordance with Florida Statute Section 768.81. At this time, due to the absence of any discovery in this case, Defendants are unable to identify or describe the other persons or entities who were negligent. Pursuant to Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla. 1996), Defendants reserve the right to amend this affirmative defense to list the specific names or descriptions of other responsible nonparties. If a co-defendant settles, its name is automatically raised affirmatively for purposes of apportionment under Fabre v. Marin, 623 So.2d 1182 (Fla. 1993).


CASE NO. 99-006391-07-J. MILLER

### Sixth Affirmative Defense
### (Intervening/Superseding Cause)

The acts, injuries, and/or damages complained of may have been proximately caused by other intervening or superseding culpable acts of Plaintiff, third persons and/or entities other than Defendants, and over whom Defendants have or had no control, or right of control, and for whom Defendants are not responsible.

### Seventh Affirmative Defense
### (Warnings)

Defendants provided instructions and warnings which were adequate in their content and which informed ordinary users of the product of the proper way to use the product.

### Eighth Affirmative Defense
### (Florida Statutes §768.81)

The damages complained of were solely or partly the result of negligence on the part of other parties who were not in the care, custody, control or supervision of Defendants. Therefore, plaintiff either cannot recover against Defendants, or Defendants are responsible only for their own pro-rata share of the damages, if any, in accordance with Florida Statute Section 768.81. At this time, due to the absence of any discovery in this case, Defendants are unable to identify or describe the other persons or entities who were negligent. Pursuant to <u>Nash v. Wells Fargo Guard Services, Inc.</u>, 678 So.2d 1262 (Fla. 1996), Defendants reserve the right to amend this affirmative defense to list the specific names or descriptions of other responsible nonparties. If a co-defendant settles, its name is automatically raised affirmatively for purposes of apportionment under <u>Fabre v. Marin</u>, 623 So.2d 1182 (Fla. 1993).

### Ninth Affirmative Defense
### (Statute of Limitations/Statute of Repose)

Plaintiff's claims are barred by the applicable statute(s) of limitations and/or statute(s) of repose.

### Tenth Affirmative Defense
### (Compliance with Standards)

The product was manufactured in compliance with, and conformance to, federal statutes, regulations, requirements, and mandates imposed by the government at the time of said product's manufacture and sale.

### Eleventh Affirmative Defense
### (State-of-the-Art)

The product conformed to the state of the art for such products.

### Twelfth Affirmative Defense
### (Comparative Fault)

If upon proof and discovery plaintiff or any third party is shown to be at fault, then Defendants would rely on the doctrine of comparative fault in the defense of this case. Although Defendants deny any liability, in the event Defendants are found liable for some portion of plaintiff's injuries, Defendants will be liable only for the enhancement for which conduct of the Defendant is a cause in fact and a proximate cause.

### Thirteenth Affirmative Defense
### (Mitigation of Damages)

Plaintiff has failed to mitigate his damages, if any, in the manner and to the extent required by law.

### Fourteenth Affirmative Defense
### (Spoliation of Evidence)

Plaintiff and/or Plaintiff's representatives knew of the existence or likelihood of litigation

and intentionally or negligently spoliated or failed to preserve crucial evidence.

### Fifteenth Affirmative Defense
### (Alteration/Modification of Product)

The product was abused and/or altered after being placed into the stream of commerce in

a manner which was not reasonably foreseeable to Defendants. That abuse and/or alteration

reasonably caused or contributed to the happening of the alleged accident and to the injuries,

loss, and damages, if any.

### Sixteenth Affirmative Defense
### (Estoppel, Laches, Waiver)

Plaintiff's claims, in whole or in part, are barred by the doctrines of estoppel, laches,

and/or waiver.

### Seventeenth Affirmative Defense
### (Lack of Privity)

Plaintiff's warranty claims, in whole or in part, are barred because he is not in privity of

contract with Defendants, and there are no express or implied warranties running from

Defendants to plaintiff.

### Eighteenth Affirmative Defense
### (Lack of Proper Notice)

Plaintiff's warranty claims, in whole or in part, are barred by plaintiff's failure to give

timely notice of the alleged breach.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

### Nineteenth Affirmative Defense
### (Settlement Setoff)

Defendants may be entitled to a set-off in the amount of any settlement that plaintiff reaches with any real or alleged tortfeasor, whether or not a party to this action.

### Twentieth Affirmative Defense
### (Collateral Source Setoff)

To the extent that any of the alleged damages have been paid by collateral sources, Defendants are entitled to a set-off pursuant to the applicable Florida Statues governing collateral source payments.

### Twenty-First Affirmative Defense
### (Preemption)

Plaintiff's claims are barred, in whole or in part, by the doctrine of preemption.

## RESERVATIONS OF RIGHTS

Defendants reserve the right to file such additional affirmative defenses as may be appropriate upon a completion of its investigation and discovery. Further, any and all allegations contained in the Complaint which have not yet been admitted, denied or otherwise explained are now denied as if set forth specifically herein.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants pray that judgement be entered:

(1)    dismissing the Complaint with prejudice and on the merits;

(2)    awarding Defendants their costs and attorneys' fees, as may be allowed by law;

CARLTON FIELDS WARD EMMANUEL SMITH & CUTLER P.A.


CASE NO. 99-006391-07-J. MILLER

and,

(3)     granting such other relief as the Court deems just and appropriate.

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street, Suite 400
Miami, FL 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055

By: _____
BENJAMINE REID
Florida Bar No. 183522
ANA M. MORALES
Florida Bar No. 091847

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon **KENNETH D. COOPER, P.A.**, attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale, Florida, 33316, by U.S. mail, postage prepaid and telefaxed this 14 day of September, 2000.

_____
ANA M. MORALES

MIA#2074727.01                    **14**

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,
        Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,
        Defendants.
_____/

## AGREED ORDER

**THIS CAUSE** came on to be heard on Defendants, Eaton Corporation's and Cutler-Hammer Corporation's Motion to Set Aside Clerk's Default. The Court has considered the record and being duly advised, it is hereby

**ORDERED AND ADJUDGED** that the motion is **GRANTED**. The Clerk's default orders entered on July 21, 2000 against Defendants, Eaton Corporation and Cutler-Hammer Corporation are set aside. Defendants, Eaton Corporation and Cutler-Hammer Corporation shall have ten (10) days from the date of this Order to file a response to Plaintiff's complaint.

**DONE AND ORDERED**, in Chambers, at Broward County, Florida, on this _____ day of _____, 2000.

_____
CIRCUIT COURT JUDGE

Copies furnished to:
Benjamine Reid, Esq.
Kenneth D. Cooper, Esq.

MIA#2075102.01

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,
    Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,
    Defendants.
_____/

## AGREED ORDER

**THIS CAUSE** came on to be heard on Defendants, Eaton Corporation's and Cutler-Hammer Corporation's Motion to Set Aside Clerk's Default. The Court has considered the record and being duly advised, it is hereby

**ORDERED AND ADJUDGED** that the motion is **GRANTED**. The Clerk's default orders entered on July 21, 2000 against Defendants, Eaton Corporation and Cutler-Hammer Corporation are set aside. Defendants, Eaton Corporation and Cutler-Hammer Corporation shall have ten (10) days from the date of this Order to file a response to Plaintiff's complaint.

**DONE AND ORDERED**, in Chambers, at Broward County, Florida, on this _____ day of _____, 2000.

_____
CIRCUIT COURT JUDGE

Copies furnished to:
Benjamine Reid, Esq.
Kenneth D. Cooper, Esq.

MIA#2075102.01



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

      Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON CORP. AND/OR EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES AND/OR THEIR SUBSIDIARIES,

      Defendants.

_____/

### <u>RE-NOTICE OF HEARING</u>
(Motion Calendar)

**TO:  KENNETH D. COOPER, P.A.,**
     **400 S.E. 8th Street**
     **Ft. Lauderdale, FL 33316**

    **YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, FL on **Wednesday, August 16, 2000 at 8:45 a.m.,** or as soon thereafter as it may be heard:

**MOTION FOR ENLARGEMENT OF TIME TO RESPOND
TO PLAINTIFF'S COMPLAINT
&
MOTION TO SET ASIDE CLERK'S DEFAULT**

MIA#2076859.01 .

**C A R L T O N, F I E L D S, W A R D, E M M A N U E L, S M I T H & C U T L E R, P. A.**
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

PLEASE BE GOVERNED ACCORDINGLY.

                                    Respectfully submitted,

                                    CARLTON FIELDS WARD EMMANUEL
                                           SMITH & CUTLER, P.A.
                                    Bank of America Tower at International Place
                                    100 SE Second Street, Suite 400
                                    Miami, FL 33131
                                    Telephone:    (305) 530-0050
                                    Facsimile:    (305) 530-0055


                                    By:_____
                                        GREGORY M. CESARANO
                                        Florida Bar No. 217761
                                        ANA M. MORALES
                                        Florida Bar No. 91847


                                    and
                                    Robert K. Miller, Esq.
                                    Mike H. Madokoro, Esq.
                                    BOWMAN AND BROOKE LLP
                                    19191 South Vermont Ave., Ste. 1000
                                    Torrance, CA 90502-1002
                                    Telephone:    (310) 768-3068
                                    Telefax:      (310) 719-1019


                                    Attorneys for Defendants,
                                    EATON CORPORATION and
                                    CUTLER-HAMMER CORPORATION

CASE NO. 99-006391-07-J. MILLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the above-named addressee, by U.S. mail and telefaxed this __3rd__ day of August, 2000.

ANA M. MORALES, ESQ.

3

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

RICHARD GORDON

CASE NO . 99-06391

FLORIDA BAR NO. 372102

        Plaintiff,

vs.

EATON CORP  AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

        Defendants.

_____/

## MOTION TO DISMISS AND FOR SANCTIONS

COMES NOW Defendant, COLUMBIA MACHINE (hereinafter, COLUMBIA),

by and through the undersigned counsel and pursuant to Rule 1.140, Florida Rules of

Civil Procedure, and files this Motion to Dismiss and for Sanctions. In furtherance

thereof, Defendant states and avers the following:

1.      Plaintiff has filed a complaint with this Court alleging, inter alia, damages

sustained as a result of the operation of a garage door opener which Plaintiff claims was

manufactured and purchased from multiple parties including Sears and Roebuck and

Company, Defendant COLUMBIA. (See Plaintiff's Complaint attached hereto as

"Exhibit A").

2.　　　Plaintiff has filed a similar complaint against the same defendants in this court before alleging the same causes of action against the same defendants but with a factually different, although more legible and comprehensible, set of allegations.

3.　　　That previous complaint alleged that the Plaintiff was damaged as a result of an injury allegedly sustained pursuant to operation of a cement block manufacturing machine allegedly manufactured by Defendant COLUMBIA.

4.　　　That case was removed to United States District Court on January 13, 2000 at the motion of Defendants EATON and CUTLER HAMMER.

5.　　　This Defendant, COLUMBIA, filed a Motion to Dismiss directed at that removed case.

6.　　　The United States District Court for the Southern District of Florida granted Defendant COLUMBIA's motion in part and denied it in part. The motion was based on the expiration of the statute of limitations.

7.　　　The instant case represents a vague, confusing, and poorly drafted attempt to re-litigate the issues presented in the initial complaint but it does so by framing the allegations with reference to the operation of a Sears garage door opener.

8.　　　Plaintiff's complaint ambiguously alleges that the subject garage door opener was manufactured and sold by Sears and Roebuck and Company, Defendant COLUMBIA, as well as all other defendants in this case.

9.　　　Count II of the complaint alleges negligence by COLUMBIA and states that the garage door opener being used by the Plaintiff was manufactured and/or sold by COLUMBIA. (See Exhibit A at paragraph 11).

10.     Count II also states that "SEARS AND ROEBUCK AND CO. negligently manufactured" the product in question. (See Exhibit A at paragraph 13).

11.     Further, the Plaintiff clearly states in Count II both that Sears manufactured the product that allegedly caused his damages, and that the product was "manufactured and/or sold by Defendant COLUMBIA". (See Exhibit A at paragraphs 11 and 13).

12.     As to Count II, Plaintiff fails to state a cause of action under Florida law as he fails to plead with sufficient particularity the duty owed by the Defendant COLUMBIA to the Plaintiff, any breach thereof, and that the alleged breach was the proximate cause of the Plaintiff's alleged damages.    Plaintiff further fails to allege with specificity whether the product, which allegedly caused his injury, was manufactured by the Defendant or by Sears.

13.     As Count II fails to state a cause of action as against Defendant COLUMBIA, it should be dismissed.

14.     Count IV alleges products liability against Defendant COLUMBIA.

15.     This count alleges that "[t]he product is defective as it became dislodged from the wall." (See Exhibit A at paragraph 23).

16.     Count IV fails to state a cause of action for products liability as it fails to state how the product was defective.  The complaint merely states that "the product is defective in that it became dislodged from the wall." (See Exhibit A at paragraph 24).

17.     In that Plaintiff failed to plead how the product was allegedly defective, he has failed to state a cause of action under Florida law.

18.    Count V is a cause of action for Breach of Warranty against Lennar Homes, Inc. Lennar Homes, Inc. is not a party defendant to this case and as such, Defendant COLUMBIA hereby moves to dismiss this complaint for failure to join an indispensable party under Rule 1.140, Florida Rules of Civil Procedure.

19.    Counts VI and VII allege breach of the implied warranty of fitness for a particular purpose and merchantability, respectively, against Defendant COLUMBIA.

20.    Plaintiff's complaint also makes a claim for damages in strict liability in Count X.

21.    It is a long standing Florida law that a plaintiff cannot maintain a cause of action against a manufacturer in implied warranty separate distinct from strict liability action and that the doctrine of strict liability in tort supplants all breach of implied warranty causes of action. Kramer v. Piper Aircraft Corp. 520 So.2d 37 (Fla. 1988).

22.    Additionally, in Count VII, Plaintiff admits that the garage door opener, the subject of his complaint, was purchased from "Defendant Sears". (Exhibit A at paragraph 48).

23.    Sears is not a defendant to this action and Defendant COLUMBIA hereby moves to dismiss this complaint on the additional grounds of failure to join an indispensable party pursuant to Rule 1.140, Florida Rules of Civil Procedure.

24.    Count X of the Plaintiff's complaint alleges strict/products liability against Defendant COLUMBIA.

25.    Count X fails to allege that Defendant COLUMBIA is in the business of manufacturing garage door openers as required by Florida law.

26      Elsewhere in the complaint, the Plaintiff alleges that Sears and Roebuck and Co manufactured the garage door opener that allegedly caused the Plaintiff's injuries

27.     Further, the complaint fails to plead with the requisite specificity, how the product was defective   The complaint merely states that the product was defective.

28.     In total, this complaint is faulty as it fails to state a cause of action for any of the counts against Defendant COLUMBIA and it attempts to bring before this Court allegations which were properly removed by codefendants to the United States District Court.

WHEREFORE, Defendant COLUMBIA respectfully requests that this Court enter its Order dismissing the instant complaint with prejudice and levy sanctions on the Plaintiff for this abhorrent waste of the Court's and defense counsel's time.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _2Ý_ day of June, 2000, to Kenneth D. Cooper, Esq., 400 S.E. 8th Street, Ft. Lauderdale, Florida 33316 and that counsel has, in good faith, attempted to resolve this matter.

HIGHTOWER AND RUDD, P.A.
2300 New World Tower
100 North Biscayne Boulevard
Miami, Florida 33132

305.539.0909
305.530.0661 (Facsimile)

By: _____
      Dale R. Hightower

**EXHIBIT A**

CACE

IN THE CIRCUIT COURT OF THE SEVENTEEN
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

RICHARD GORDON,                              CASE NO.        99   06391

        Plaintiff

vs.

                                             COMPLAINT
EATON CORP AND/OR
  CUTLER-HAMMER CORP.
  AND/OR THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

        Defendants.
_____/

    Plaintiff, RICHARD GORDON,  sues Defendants, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES And  COLUMBIA MACHINE, INC.  and alleges:

    1.          This is an action for damages that exceed Fifteen  Thousand ($15,000.00) Dollars, arising

out of a cause of action which accrued on or about January 3, 1997.

    2.          The Plaintiff, RICHARD GORDON, is a resident of Broward County, Florida, and is

sui juris.

    3.          The Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR

THEIR SUBSIDIARIES, is a corporation, organized and existing under the laws of the State of Florida, and at all

times material was doing business in the State of Florida

    4.          The Defendant, COLUMBIA MACHINE, INC., , is a foreign  corporation, organized

and existing under the laws of the State of WASHINGTON and at all times material was registered and doing

business in the State of Florida.

<div align="center">COUNT I</div>

NEGLIGENCE AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES

    Plaintiff, RICHARD GORDON, sues the Defendant, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

5.        Plaintiff realleges and reavers paragraphs one through three above as if fully set forth herein.

6.        On or about or about January 19, 1989, Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, manufactured a house and sold it to Plaintiff.

7.        At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, had a duty to manufacture and construct the house so that it was safe to live in.

8.        At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured and/or constructed the house in that the garage door opening mechanism was not securely affixed to the wall. The garage door mechanism became dislodged and hit the Plaintiff in the arms and face.

9.        As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendants and demands trial by jury of all issues so triable as a matter of right.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues the Defendant, COLUMBIA MACHINE, INC., and alleges:

10.        Plaintiff realleges and reavers paragraphs one through four above as if fully set forth erein.

11.        On or about January 3, 1997, Plaintiff was using a product known as Sears/Craftsman, rage door opener model 139.53824SRT - 1/2/ HP, manufactured and/or sold by Defendant COLUMBIA ACHINE, INC.        12.                At that time and place, Defendant, COLUMBIA

MACHINE, INC., had a duty to manufacture the product so that it was safe for the consumer to use.

13.         At that time and place, Defendant, SEARS AND ROEBUCK & CO., negligently manufactured the product in that the product became dislodged from the wall and hit Plaintiff on the arms and face.

14.         As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable as a matter of right.

<u>COUNT III</u>

<u>PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES</u>

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

15.         Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

16.         On or about January 19,1989, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

17.         On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall..

18.         Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

19.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

20.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES , for damages and demands a trial by jury of all issues so triable.

## COUNT IV

## PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, COLUMBIA MACHINE, INC. and alleges:

21.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

22.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, COLUMBIA MACHINE, INC.

23.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model #139.53824SRT 1\2\HP became dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall.

24.    Defendant, COLUMBIA MACHINE, INC., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

25.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

26.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

COUNT V

BREACH OF IMPLIED WARRANTY FOR A PARTICULAR

PURPOSE AGAINST DEFENDANT LENNAR HOMES, INC.

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

27.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

28.    At all times material, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

29.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door manufactured by the Defendant, LENNAR. The product was purchased on or about January 19, 1989.

30.    At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

31.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33.    On or about January 16, 1997, Plaintiff, RICHARD GORDON, gave Defendant

EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit A", and is by reference made a part hereof.

34.    Defendant, LENNAR HOMES INC. impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35.    By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express warranty. The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

### COUNT VI - BREACH OF IMPLIED WARRANTY FOR A PARTICULAR
### PURPOSE AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, and alleges:

37.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

38.    At all times material, Defendant, COLUMBIA MACHINE, INC. was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

39.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door when it became dislodged from the wall, the garage door opener was_ manufactured and/or sold by the Defendant, COLUMBIA MACHINE, INC. The product was purchased on or about January 8, 1989.

40.    At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

41.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

42.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door opener became dislodged from the wall and hit the Plaintiff in the face and arms.

43.    On or about January 14, 1997, Plaintiff, RICHARD GORDON, gave Defendant, COLUMBIA MACHINE, INC. written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit B", and is by reference made a part hereof.

44.    Defendant, COLUMBIA MACHINE, INC., impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

45.    By selling the garage door opener and/or its mechanism in a defective condition, Defendant failed to conform to the representations previously made and breached their implied warranty. The breach of implied warranty was a proximate cause of injuries to Plaintiff.

46.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT VII

## BREACH IMPLIED WARRANTY OF MERCHANTABILITY

## AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, COLUMBIA MACHINE, INC.,, and alleges:

47.     Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

48.     On or about January 8, 1989, Plaintiff, purchased a garage door opener, model = 139.53824SRT - 1/2/HP from Defendant, SEARS.

49.     Defendant, COLUMBIA MACHINE, INC., impliedly warranted that the garage door opener was of merchantable quality.

50.     The garage door opener was not of merchantable quality and was dangerous.

51.     On or about January 3, 1997, Plaintiff was injured when the garage door opener became dislodged from the wall and hit he Plaintiff in the face and arms.

52.     As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53.     Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable.

## COUNT VIII

### BREACH IMPLIED WARRANTY OF MERCHANTABILITY

### AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and alleges:

54.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

55.    On or about January 19, 1989, Plaintiff , purchased a house  from Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

56.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, impliedly warranted that the house and the garage door therein was of merchantable quality.

57.    The house and the garage door therein was not of merchantable quality and  was dangerous.

58.    On or about January 3, 1997, Plaintiff was injured when the Plaintiff the garage door became dislodged from the wall and hit the Plaintiff in the face and arms.

59.    As a result of the aforesaid incident, Plaintiff  suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

60.    Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and demands trial by jury of all issues so triable.

## COUNT IX

### STRICT / PRODUCTS  LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

61.    Plaintiff realleges and reavers paragraphs one through 5 above as if fully set forth herein.

62.    On or about January 19, 1989 Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

63.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door dislodged from the wall and hit him on the face and arms.   The product is and was defective in that it dislodged from the wall.

64.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.  In addition, the Defendant knew or should have known that the product was defective.

65.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition.  The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

### COUNT X

### STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues COLUMBIA MACHINE, INC. and alleges:

67.    Plaintiff realleges and reavers paragraphs one through 4  above as if fully set forth herein.



68. On or about January 3, 1997, Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by COLUMBIA MACHINE, INC.

69. On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model # 139.53824SRT 1/2/HP, dislodged from the wall. The product is and was defective in that the garage door dislodged from the wall and hit Plaintiff on the face and arms in the ordinary use of the product.

70. Defendant, COLUMBIA MACHINE, INC. , before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product. In addition, the Defendant knew or should have known that the product was defective.

71. At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

72. As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

RICHARD GORDON

CASE NO.: 99-06391

FLORIDA BAR NO.: 372102

       Plaintiff,

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

       Defendants.

_____/

## **ORDER ON DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS**

THIS CAUSE having come on to be heard on _____, 2000 on Defendant, COLUMBIA

MACHINE, INC.'s Motion to Dismiss and for Sanctions, and the Court, having heard argument of

counsel and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that Defendant's Motion be, and the same is hereby

**GRANTED,**

_____

_____

_____

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida, this ___ day of

_____, 2000.

_____
Circuit Court Judge

Copies Furnished To:
Kenneth Cooper, Esq.
Dale R. Hightower, Esq.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

RICHARD GORDON

CASE NO.: 99-06391

Plaintiff,

FLORIDA BAR NO.: 372102

vs.

**RE-NOTICE OF HEARING**

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

Defendants.

_____/

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable John A. Miller one of the Judges of the above styled Court, in his Chambers, at the Broward County Courthouse, on, **Thursday, the 10th day of August, 2000 at 8:45 a.m.**, or as soon thereafter as the same may be heard on the:

## MOTION TO DISMISS AND FOR SANCTIONS

Movant counsel certifies that a bona fide effort to agree or to narrow the issues on the Motion noticed has been made with opposing counsel or that, because of time considerations, such efforts has not yet been made but will be made prior to the scheduled hearing.

PLEASE BE GOVERNED ACCORDINGLY.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28th day of July, 2000, to: Kenneth D. Cooper, Esq., 400 S.E. 8th Street, Ft. Lauderdale, Florida 33316.

HIGHTOWER AND RUDD, P.A.
2300 New World Tower
100 North Biscayne Boulevard
Miami, Florida 33132
305.539.0909
305.530.0661 (Facsimile)

By:_____
Dale R. Hightower

cc: Judical Assistant to Judge Miller

SB/dl

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

     Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

     Defendants.

_____/

## RE-NOTICE OF HEARING
(Motion Calendar – Cancels Hearing of August 1, 2000)

**TO:   KENNETH D. COOPER, P.A.,**
     **400 S.E. 8th Street**
     **Ft. Lauderdale, FL  33316**

     **YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before

the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the

Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, FL on **Tuesday, August 8, 2000**

**at 8:45 a.m.,** or as soon thereafter as it may be heard:

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND
## TO PLAINTIFF'S COMPLAINT
## &
## MOTION TO SET ASIDE CLERK'S DEFAULT

PLEASE BE GOVERNED ACCORDINGLY.

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
    SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street, Suite 400
Miami, FL 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055

By: _____
    GREGORY M. CESARANO
    Florida Bar No. 217761
    ANA M. MORALES
    Florida Bar No. 91847

and
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:    (310) 768-3068
Telefax:    (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

MIA#2076016.01        2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the above-named addressee, by U.S., postage prepaid and telefaxed this 28th day of July, 2000.

ANA M. MORALES, ESQ.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

M1A#2076016.01                    3

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

    Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

    Defendants.

_____/

## NOTICE OF HEARING
(Motion Calendar)

**TO:  KENNETH D. COOPER, P.A.,**
**400 S.E. 8th Street**
**Ft. Lauderdale, FL  33316**

    **YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before

the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the

Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, FL on **Tuesday, August 1, 2000**

**at 8:45 a.m.,** or as soon thereafter as it may be heard:

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND
## TO PLAINTIFF'S COMPLAINT
&
## MOTION TO SET ASIDE CLERK'S DEFAULT

M1A#2075431.01 .

Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO. 95-00690-07-3-MILLER

PLEASE BE GOVERNED ACCORDINGLY.

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
    SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street, Suite 400
Miami, FL 33131
Telephone:   (305) 530-0050
Facsimile:   (305) 530-0055

By: _____
    GREGORY M. CESARANO
    Florida Bar No. 217761
    ANA M. MORALES
    Florida Bar No. 91847

and
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:   (310) 768-3068
Telefax:   (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2075121.01                2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the above-named addressee, by U.S. mail, postage prepaid and telefaxed this _____ day of July, 2000.

ANA M. MORALES, ESQ.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL    CIRCUIT    IN    AND    FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

      Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

      Defendants.

_____/

<u>NOTICE OF HEARING</u>
(Motion Calendar)

TO:   **KENNETH D. COOPER, P.A.,**
      **400 S.E. 8th Street**
      **Ft. Lauderdale, FL  33316**

    **YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing, before

the Honorable John A. Miller, one of the judges of the above-styled Court, in Chambers at the

Broward County Courthouse, 201 SE 6th Street, Ft. Lauderdale, FL on **Tuesday, August 1, 2000**

**at 8:45 a.m.,** or as soon thereafter as it may be heard:

**MOTION FOR ENLARGEMENT OF TIME TO RESPOND**
**TO PLAINTIFF'S COMPLAINT**
**&**

**MOTION TO SET ASIDE CLERK'S DEFAULT**

MIA#2075431.01 .

Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO. 99-006391-07-1 MILLER

PLEASE BE GOVERNED ACCORDINGLY.

Respectfully submitted,

CARLTON FIELDS WARD EMMANUEL
    SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street, Suite 400
Miami, FL 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055

By: _Ana Morales_
    GREGORY M. CESARANO
    Florida Bar No. 217761
    ANA M. MORALES
    Florida Bar No. 91847

and
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:    (310) 768-3068
Telefax:    (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2075431.01                    2

CASE NO. 99-006391-07-J. MILLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the above-named addressee, by U.S. mail, postage prepaid and telefaxed this 25th day of July, 2000.

ANA M. MORALES, ESQ.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2075431.01                    3



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

     Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

     Defendants.

_____/

## MOTION FOR ENLARGEMENT OF TIME TO
## RESPOND TO PLAINTIFF'S COMPLAINT

The Defendants, EATON CORPORATION and CUTLER-HAMMER CORPORATION

("Defendants"), by and through undersigned counsel, move for an enlargement of time within

which to respond to Plaintiff's Complaint. In support of this motion, Defendants state the

following:

Defendants' response to the Complaint was due to be served on July 20, 2000. Counsel

for Defendants has begun an investigation of the issues raised by Plaintiff's Complaint, but has

been unable to finalize Defendants' response within the prescribed time period due to the

vagueness of the allegations in the Complaint and the possibility that *res judicata* precludes this

action. On numerous occasions, counsel for Defendants attempted to obtain an extension of time

to respond to Plaintiff's Complaint from Plaintiff's Counsel and attempted to speak with

Plaintiff's counsel regarding the allegations in the Complaint. However, Plaintiff's counsel did



CASE NO. 00-006391-07-J MILLER

not respond to Defendants' repeated requests. Therefore, Defendants require additional time to prepare an appropriate response to Plaintiff's Complaint and respectfully request an enlargement of twenty (20) days, through and including August 13, 2000, within which to serve their response.

**WHEREFORE,** Defendants respectfully request an enlargement of time, through and including August 3, 2000, within which to serve their response to Plaintiff's Complaint.

<div style="margin-left:40%">

CARLTON FIELDS WARD EMMANUEL
SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street, Suite 400
Miami, FL 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055


By:_____
    GREGORY M. CESARANO
    Florida Bar No. 217761
    ANA M. MORALES
    Florida Bar No. 91847

and
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:    (310) 768-3068
Telefax:    (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

</div>

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

2

CASE NO. 99-006391-07-J. MILLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon

**KENNETH D. COOPER, P.A.**, attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale,

Florida, 33316, by U.S. mail, postage prepaid and telefaxed this _21st_ day of July, 2000.

ANA M. MORALES, ESQ.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2075106.01

3



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

      Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

      Defendants.

_____/

## MOTION TO SET ASIDE CLERK'S DEFAULT

      The Defendants, EATON CORPORATION and CUTLER-HAMMER CORPORATION

("Defendants"), by and through undersigned counsel, and pursuant to Rules 1.500(a) and/or

1.540(b) of the Florida Rules of Civil Procedure, move for entry of an order setting aside the

default erroneously entered in this case by the clerk despite Defendants' service of papers on

Plaintiff in accordance with Rule 1.500. As further grounds, Defendants state as follows:

      1.     On June 30, 2000, Eaton Corporation and Cutler-Hammer corporation were

served with the instant complaint.

      2.     The allegations in the Complaint attempt to set forth what appears to be a

products liability action against the Defendants. However, the allegations in the Complaint are

vague and confusing to the point of almost being unintelligible. In fact, Plaintiff fails to allege

with any specificity how the alleged products were defective.

CASE NO. 99-006-591-07-J MILLER

3.     Defendants called Plaintiff's counsel's office on numerous occasions after receiving this Complaint to discuss this action with him not only because of the allegations contained therein are incomprehensible, but for several other reasons.  First, the Complaint appeared to have been served over one year after the date the action (April 14, 1999) was filed and also earlier this year, Richard Gordon filed what appears to be the same suit against the Defendants.  That prior suit was dismissed.  Accordingly, Plaintiff may be precluded from proceeding with this action because based on res judicata and/or Rule 1.070(j), Fla. R. Civ. Pro., requiring service within 120 days.

4.     Despite Defendants attempts, Defendants did not personally speak with Plaintiff's counsel because Plaintiff's counsel failed to return any of the telephone calls.  Therefore, on July 19, 2000, Defendants sent a letter to Plaintiff's counsel requesting a 10-day extension of time to respond to the complaint and requesting that Plaintiff's counsel contact us to discuss this matter. *See*, attached Exhibit "A," copy of the July 19, 2000 letter.

5.     Plaintiff's counsel did not respond to Defendants' July 10, 2000 letter.

6.     On July 20, 2000, the date the response to the Complaint was due, Defendants filed a Notice of Appearance and faxed Plaintiff's counsel a copy of the notice to assure a paper was served on plaintiff in accordance with Rule 1.500, Fla. R. Civ. P.. *See*, attached Composite Exhibit "B," copy of the notice and facsimile confirmation.

7.     On July 21, 2000, Defendants reviewed a copy of the docket sheet in this case and learned that Plaintiff inappropriately moved for entry of default orders by the Clerk against Defendants without first notifying Defendants.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

2

CASE NO. 99-606,591-07-J MILLER

8.    Pursuant to Florida Rules of Civil Procedure 1.500, "[w]hen a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.

9.    In the instant case, Defendants served various papers on Plaintiff's counsel including a notice of appearance and consequently, Plaintiff's request to have default judgment entered was inappropriate and not permitted by the Rule 1.500, Fla. R. Civ. P. *See, Mesones v. Best Finishing Furniture Corp.*, 639 So. 2d 1000 (Fla. 4th DCA 1994) ("Defendants timely service of a letter on plaintiff constituted a paper served within the meaning of Florida Rule of Civil Procedure 1.500").

10.    In addition to the reasons set forth above, this Court should set aside the default because Defendants have meritorious defenses to the Complaint and Defendants acted quickly in contacting Plaintiff's counsel and filing this motion and supporting papers upon discovery of the entry of the Clerk's default.

11.    Defendants' failure to file a responsive pleading or otherwise defend this matter is excusable given the facts of this case and the prior case dismissal (among other reasons).

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO. 00-0663-CIV-01-J-MILLER

**WHEREFORE**, Defendants respectfully request entry of an order setting aside the Clerk's default and allowing Defendants to assert their defenses to resolve this case on the merits.

> CARLTON FIELDS WARD EMMANUEL
> SMITH & CUTLER, P.A.
> Bank of America Tower at International Place
> 100 SE Second Street, Suite 400
> Miami, FL 33131
> Telephone:    (305) 530-0050
> Facsimile:    (305) 530-0055
>
> By: _____
>     GREGORY M. CESARANO
>     Florida Bar No. 217761
>     ANA M. MORALES
>     Florida Bar No. 91847
>
> and
> Robert K. Miller, Esq.
> Mike H. Madokoro, Esq.
> BOWMAN AND BROOKE LLP
> 19191 South Vermont Ave., Ste. 1000
> Torrance, CA 90502-1002
> Telephone:    (310) 768-3068
> Telefax:      (310) 719-1019
>
> Attorneys for Defendants,
> EATON CORPORATION and
> CUTLER-HAMMER CORPORATION

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2075092.01                4

CASE NO 99-006391-07-J MILLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon

**KENNETH D. COOPER, P.A.**, attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale,

Florida, 33316, by U.S. mail, postage prepaid and telefaxed this _21st_ day of July, 2000.

ANA M. MORALES, ESQ.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

*Bowman and Brooke LLP*

CARLTON FIEL**Bowman and Brooke** LLP

ATTORNEYS AT LAW

ATTORNEYS AT LAW    MINNEAPOLIS•PHOENIX•DETROIT•SAN JOSE•LOS ANGELES•RICHMOND

LOS ANGELES
19191 South Vermont Ave
Suite 1000
Torrance CA 90502-1002
310/768-3068 (Tel.)
310/719-1019 (Fax)

Mark V. Berry
Robert K. Miller*
Lawrence R. Ramsey
Scott J. Stockdale
Mike H. Madokoro
Brian Takahashi
Anthony S. Thomas
Richard L. Stuhlbarg
Michael J. Menall
Mark I. Meio
Nathan H. Bjerke
Grace Song

* Admitted in Minnesota Bar Only

MINNEAPOLIS
150 South Fifth Street
Suite 2600
Minneapolis MN 55402-4244
612/339-8682 (Tel.)
612/672-3200 (Fax)

PHOENIX
Phoenix Plaza
2929 North Central Ave
Suite 1700
Phoenix AZ 85012-2761
602/248-0899 (Tel.)
602/248-0947 (Fax)

DETROIT
1011 West Grand Blvd
Suite 1800
Detroit MI 48202-3099
313/871-3000 (Tel.)
313/871-3006 (Fax)

SAN JOSE
60 W Santa Clara Street
Suite 1150
San Jose CA 95113-1700
408/279-5393 (Tel.)
408/279-5845 (Fax)

RICHMOND
Riverfront Plaza West Tower
901 East Byrd Street
Suite 1500
Richmond VA 23219-4027
804/649-8200 (Tel.)
804/649-1762 (Fax)

LAS VEGAS
Of Counsel
Law Offices of
Greg W Marsh, Chartered
631 South Seventh Street
P O Box 1780
Las Vegas NV 89101-6907
702/387-0052 (Tel.)
702/387-0063 (Fax)

MAILING ADDRESS
P.O. BOX 019101, MIAMI, FLORIDA 33101    Mike H. Madokoro
TEL (305)...    Direct Dial (310) 380-6519
                mike.madokoro@bowman-brooke.com

4000 INTERNATIONAL PLACE
100 S E SECOND STREET
MIAMI FLORIDA 33131

July 19, 2000

### VIA FACSIMILE AND U.S. MAIL

Kenneth D. Cooper, Esq.
Kenneth D. Cooper, P.A.
400 S.E. 8th Street
Fort Lauderdale, FL  33316

     Re:    Richard Gordon v. Eaton Corporation, et al.

Dear Mr. Cooper:

    Please let this follow the telephone messages that I have left with your office.  As it stands, our response to plaintiff's complaint is currently due to be filed and served on July 20, 2000.  As I discussed with your secretary, we would request a 10-day extension in order to respond to such complaint.  I would also like to discuss the possibility of removal of this action to federal court.

    In that regard, I request that you or someone from your office contact me as to the above.

    Thank you for your anticipated prompt attention to this matter.

         Very truly yours,

         BOWMAN AND BROOKE LLP

         COPY

         Mike H. Madokoro

MHM/ph



EXHIBIT

A

R. P.A.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

     Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

     Defendants.

_____/

## NOTICE OF APPEARANCE

COMES NOW the law firm of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A.

and enters its appearance on behalf of Eaton Corporation and requests that a copy of all

pleadings, correspondence and other papers be served on the undersigned.

     CARLTON, FIELDS, WARD, EMMANUEL,
       SMITH & CUTLER, P.A.
     Attorneys for Deceased
     4000 Bank of America Tower
     100 S.E. Second Street
     Miami, FL 33131
     Telephone:   (305) 530-0050
     Telefax:     (305) 530-0055

By: _Ana Morales_____

     BENJAMINE REID
     Florida Bar No. 183522
     ANA M. MORALES
     Florida Bar No. 091847



EXHIBIT
Composite
D

MIA#2074907.01

CASE NO. 99-006391-07-J MILLER

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed and

telefaxed to **KENNETH D. COOPER, P.A.,** Attorney for Plaintiff, 400 SE 8th Street, Ft.

Lauderdale, FL 33316 on this 20th day of July, 2000.


ANA M. MORALES
Florida Bar No. 09187

2

MIA#2074907.01

```
     ***********************
     ***   TX REPORT   ***
     ***********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3628 |
| CONNECTION TEL | #97000#00001#19547645874 |
| CONNECTION ID | |
| ST. TIME | 07/20 17:03 |
| USAGE T | 01'46 |
| PGS. SENT | 3 |
| RESULT | OK |

# CARLTON FIELDS
### ATTORNEYS AT LAW

4000 INTERNATIONAL PLACE
100 S.E. SECOND STREET
MIAMI, FLORIDA 33131-9101

MAILING ADDRESS
P.O. BOX 019101, MIAMI FL 33131-9101
TEL (305) 530-0050 FAX (305) 530-0055

### FAX COVER SHEET

| Date: | July 20, 2000 | Phone Number | Fax Number |
|---|---|---|---|
| To: | Kenneth Cooper | (954) 522-7177 | (954) 764-5874 |
| From: | Ana M. Morales | (305) 530-0050 | (305) 530-0055 |

Client/Matter No.: No Number Assigned Yet.          Employee No.: 185

Total Number of Pages Being Transmitted, Including Cover Sheet: 3

Message: Please see attached Notice of Appearance.

☑ *Original to follow Via Regular Mail* ☐ *Original will Not be Sent* ☐ *Original will follow via Overnight Courier*




IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

    Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

    Defendants.

_____/



## NOTICE OF APPEARANCE

    COMES NOW the law firm of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A.

and enters its appearance on behalf of Eaton Corporation and requests that a copy of all

pleadings, correspondence and other papers be served on the undersigned.

              CARLTON, FIELDS, WARD, EMMANUEL,
                SMITH & CUTLER, P.A.
              Attorneys for Deceased
              4000 Bank of America Tower
              100 S.E. Second Street
              Miami, FL 33131
              Telephone:   (305) 530-0050
              Telefax:      (305) 530-0055

By: _____
              BENJAMINE REID
              Florida Bar No. 183522
              ANA M. MORALES
              Florida Bar No. 091847

CASE NO. 99-006391-07-J MILLER

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed and

telefaxed to **KENNETH D. COOPER, P.A.,** Attorney for Plaintiff, 400 SE 8th Street, Ft.

Lauderdale, FL 33316 on this 20th day of July, 2000.

ANA M. MORALES
Florida Bar No. 09187



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

      Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON CORP. AND/OR EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES AND/OR THEIR SUBSIDIARIES,

      Defendants.

_____/

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

The Defendants, EATON CORPORATION and CUTLER-HAMMER CORPORATION ("Defendants"), by and through undersigned counsel, move for an enlargement of time within which to respond to Plaintiff's Complaint. In support of this motion, Defendants state the following:

Defendants' response to the Complaint was due to be served on July 20, 2000. Counsel for Defendants has begun an investigation of the issues raised by Plaintiff's Complaint, but has been unable to finalize Defendants' response within the prescribed time period due to the vagueness of the allegations in the Complaint and the possibility that *res judicata* precludes this action. On numerous occasions, counsel for Defendants attempted to obtain an extension of time to respond to Plaintiff's Complaint from Plaintiff's Counsel and attempted to speak with Plaintiff's counsel regarding the allegations in the Complaint. However, Plaintiff's counsel did

MIA#2075106.01 .

Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO. 99-006391-07-J. MILLER

not respond to Defendants' repeated requests. Therefore, Defendants require additional time to prepare an appropriate response to Plaintiff's Complaint and respectfully request an enlargement of twenty (20) days, through and including August 13, 2000, within which to serve their response.

**WHEREFORE**, Defendants respectfully request an enlargement of time, through and including August 3, 2000, within which to serve their response to Plaintiff's Complaint.

CARLTON FIELDS WARD EMMANUEL
SMITH & CUTLER, P.A.
Bank of America Tower at International Place
100 SE Second Street, Suite 400
Miami, FL 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055

By: _____
GREGORY M. CESARANO
Florida Bar No. 217761
ANA M. MORALES
Florida Bar No. 91847

and
Robert K. Miller, Esq.
Mike H. Madokoro, Esq.
BOWMAN AND BROOKE LLP
19191 South Vermont Ave., Ste. 1000
Torrance, CA 90502-1002
Telephone:    (310) 768-3068
Telefax:    (310) 719-1019

Attorneys for Defendants,
EATON CORPORATION and
CUTLER-HAMMER CORPORATION

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2075106.01                    2

CASE NO. 99-006391-07-J. MILLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon

**KENNETH D. COOPER, P.A.**, attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale,

Florida, 33316, by U.S. mail, postage prepaid and telefaxed this 21st day of July, 2000.

ANA M. MORALES, ESQ.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

# CARLTON FIELDS

### ATTORNEYS AT LAW

4000 INTERNATIONAL PLACE
100 S.E. SECOND STREET
MIAMI, FLORIDA 33131-9101

MAILING ADDRESS
P.O. BOX 019101, MIAMI FL 33131-9101
TEL (305) 530-0050 FAX (305) 530-0055

### FAX COVER SHEET

| Date: | July 21, 2000 | Phone Number | Fax Number |
|---|---|---|---|
| To: | Clerk of the Court | (954) 831-6610 | (954) 831-7166 |
| From: | Ana M. Morales | (305) 530-0050 | (305) 530-0055 |

Client/Matter No.: No Number Yet.          Employee No.: 185

**Total Number of Pages Being Transmitted, Including Cover Sheet: 4**

**Message:** Please see attached Motion for Enlargement of Time to Respond to Plaintiff's Complaint. Thank you.

☐ *Original to follow Via Regular Mail* ☐ *Original will Not be Sent* ☐ *Original will follow via Overnight Courier*

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (if long distance, please call collect) and return the original message to us at the above address via the U.S. Postal Service. Thank you.

IF THERE ARE ANY PROBLEMS OR COMPLICATIONS, PLEASE NOTIFY US IMMEDIATELY AT:
(305) 530-0050

TELECOPIER OPERATOR: _____

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

TAMPA    ORLANDO    TALLAHASSEE    WEST PALM BEACH    ST. PETERSBURG    MIAMI

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

        Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

        Defendants.

_____/

## MOTION TO SET ASIDE CLERK'S DEFAULT

The Defendants, EATON CORPORATION and CUTLER-HAMMER CORPORATION

("Defendants"), by and through undersigned counsel, and pursuant to Rules 1.500(a) and/or

1.540(b) of the Florida Rules of Civil Procedure, move for entry of an order setting aside the

default erroneously entered in this case by the clerk despite Defendants' service of papers on

Plaintiff in accordance with Rule 1.500. As further grounds, Defendants state as follows:

    1.     On June 30, 2000, Eaton Corporation and Cutler-Hammer corporation were

served with the instant complaint.

    2.     The allegations in the Complaint attempt to set forth what appears to be a

products liability action against the Defendants. However, the allegations in the Complaint are

vague and confusing to the point of almost being unintelligible. In fact, Plaintiff fails to allege

with any specificity how the alleged products were defective.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO. 99-006391-07-J, MILLER

3.     Defendants called Plaintiff's counsel's office on numerous occasions after receiving this Complaint to discuss this action with him not only because of the allegations contained therein are incomprehensible, but for several other reasons. First, the Complaint appeared to have been served over one year after the date the action (April 14, 1999) was filed and also earlier this year, Richard Gordon filed what appears to be the same suit against the Defendants. That prior suit was dismissed. Accordingly, Plaintiff may be precluded from proceeding with this action because based on res judicata and/or Rule 1.070(j), Fla. R. Civ. Pro., requiring service within 120 days.

4.     Despite Defendants attempts, Defendants did not personally speak with Plaintiff's counsel because Plaintiff's counsel failed to return any of the telephone calls. Therefore, on July 19, 2000, Defendants sent a letter to Plaintiff's counsel requesting a 10-day extension of time to respond to the complaint and requesting that Plaintiff's counsel contact us to discuss this matter. *See*, attached Exhibit "A," copy of the July 19, 2000 letter.

5.     Plaintiff's counsel did not respond to Defendants' July 10, 2000 letter.

6.     On July 20, 2000, the date the response to the Complaint was due, Defendants filed a Notice of Appearance and faxed Plaintiff's counsel a copy of the notice to assure a paper was served on plaintiff in accordance with Rule 1.500, Fla. R. Civ. P.. *See*, attached Composite Exhibit "B," copy of the notice and facsimile confirmation.

7.     On July 21, 2000, Defendants reviewed a copy of the docket sheet in this case and learned that Plaintiff inappropriately moved for entry of default orders by the Clerk against Defendants without first notifying Defendants.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

CASE NO 99-006391-07-J MILLER

8.      Pursuant to Florida Rules of Civil Procedure 1.500, "[w]hen a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.

9.      In the instant case, Defendants served various papers on Plaintiff's counsel including a notice of appearance and consequently, Plaintiff's request to have default judgment entered was inappropriate and not permitted by the Rule 1.500, Fla. R. Civ. P. *See, Mesones v. Best Finishing Furniture Corp.*, 639 So. 2d 1000 (Fla. 4th DCA 1994) ("Defendants timely service of a letter on plaintiff constituted a paper served within the meaning of Florida Rule of Civil Procedure 1.500").

10.     In addition to the reasons set forth above, this Court should set aside the default because Defendants have meritorious defenses to the Complaint and Defendants acted quickly in contacting Plaintiff's counsel and filing this motion and supporting papers upon discovery of the entry of the Clerk's default.

11.     Defendants' failure to file a responsive pleading or otherwise defend this matter is excusable given the facts of this case and the prior case dismissal (among other reasons).

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

MIA#2075092.01                    3

98%                               P. 04

CASE NO 99-006391-07-J. MILLER

**WHEREFORE,** Defendants respectfully request entry of an order setting aside the Clerk's default and allowing Defendants to assert their defenses to resolve this case on the merits.

> CARLTON FIELDS WARD EMMANUEL
> SMITH & CUTLER, P.A.
> Bank of America Tower at International Place
> 100 SE Second Street, Suite 400
> Miami, FL 33131
> Telephone:    (305) 530-0050
> Facsimile:    (305) 530-0055
>
> By: _____
> GREGORY M. CESARANO
> Florida Bar No. 217761
> ANA M. MORALES
> Florida Bar No. 91847
>
> and
> Robert K. Miller, Esq.
> Mike H. Madokoro, Esq.
> BOWMAN AND BROOKE LLP
> 19191 South Vermont Ave., Ste. 1000
> Torrance, CA 90502-1002
> Telephone:    (310) 768-3068
> Telefax:    (310) 719-1019
>
> Attorneys for Defendants,
> EATON CORPORATION and
> CUTLER-HAMMER CORPORATION

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida  33131-9101 - (305) 530-0050

CASE NO. 99-006391-07-J MILLER

### · CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon

**KENNETH D. COOPER, P.A.**, attorneys for plaintiff, 400 S.E. 8th Street, Fort Lauderdale,

Florida, 33316, by U.S. mail, postage prepaid and telefaxed this 21st day of July, 2000.

ANA M. MORALES, ESQ.

CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.
Bank of America Tower at International Place - Suite 4000 - 100 Southeast Second Street - Miami - Florida 33131-9101 - (305) 530-0050

M1A#2075092.01

5

# CARLTON FIELDS

### ATTORNEYS AT LAW

4000 INTERNATIONAL PLACE
100 S.E. SECOND STREET
MIAMI, FLORIDA 33131-9101

MAILING ADDRESS
P.O. BOX 019101, MIAMI FL 33131-9101
TEL (305) 530-0050 FAX (305) 530-0055

### FAX COVER SHEET

| Date: | July 21, 2000 | Phone Number | Fax Number |
|---|---|---|---|
| **To:** | Clerk of the Court | (954) 831-6610 | (954) 831-7166 |
| **From:** | Ana M. Morales | (305) 530-0050 | (305) 530-0055 |

**Client/Matter No.:** No Number Yet.          **Employee No.:** 185

**Total Number of Pages Being Transmitted, Including Cover Sheet:** 10

**Message:** Please see attached Motion for to Set Aside Clerk's Default. Thank you.

☐ *Original to follow Via Regular Mail* ☐ *Original will Not be Sent* ☐ *Original will follow via Overnight Courier*

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (if long distance, please call collect) and return the original message to us at the above address via the U.S. Postal Service. Thank you.

IF THERE ARE ANY PROBLEMS OR COMPLICATIONS, PLEASE NOTIFY US IMMEDIATELY AT:
(305) 530-0050

TELECOPIER OPERATOR: _____

### CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A.

TAMPA    ORLANDO    TALLAHASSEE    WEST PALM BEACH    ST. PETERSBURG    MIAMI

# CARLTON FIELDS

**Bowman and Brooke** LLP

ATTORNEYS AT LAW

MINNEAPOLIS•PHOENIX•DETROIT•SAN JOSE•LOS ANGELES•RICHMOND

LOS ANGELES
19191 South Vermont Ave.
Suite 1000
Torrance, CA 90502-1002
310/768-3058 (Tel.)
310/719-1019 (Fax)

4000 INTERNATIONAL PLACE
100 S. E. SECOND STREET
MIAMI, FLORIDA 33131

MAILING ADDRESS:
P.O. BOX 019101, MIAMI, FL 33101
TEL (305)530-0050 FAX (305)

Mike H. Madokoro
Direct Dial: (310) 380-6519
mike.madokoro@bowman-brooke.com

Marc V. Berry
Robert E. Miller
Lawrence R. Ramsey
Scott J. Stockdale
Mike H. Madokoro
Brian Takahashi
Anthony S. Thomas
Richard L. Stuhlbarg
Michael J. Mehall
Mark I. Melo
Nathan H. Blanca
Grace Song

MINNEAPOLIS
150 South Fifth Street
Suite 2600
Minneapolis, MN 55402-4244
612/339-9682 (Tel.)
612/672-3200 (Fax)

PHOENIX
Phoenix Plaza I
2929 North Central Ave.
Suite 1700
Phoenix, AZ 85012-2761
602/248-0859 (Tel.)
602/248-0947 (Fax)

DETROIT
3011 West Grand Blvd.
Suite 1800
Detroit, MI 48202-3099
313/871-3000 (Tel.)
313/871-3006 (Fax)

SAN JOSE
160 W. Santa Clara Street
Suite 1150
San Jose, CA 95113-1700
408/279-5393 (Tel.)
408/279-5845 (Fax)

RICHMOND
Riverfront Plaza West Tower
901 East Byrd Street
Suite 1500
Richmond, VA 23219-4027
804/649-8200 (Tel.)
804/649-1762 (Fax)

LAS VEGAS
Of Counsel
Law Offices of
Greg W. Marsh, Chartered
731 South Seventh Street
P.O. Box 1780
Las Vegas, NV 89101-6907
702/387-0052 (Tel.)
702/387-0063 (Fax)

July 19, 2000

### VIA FACSIMILE AND U.S. MAIL

Kenneth D. Cooper, Esq.
Kenneth D. Cooper, P.A.
400 S.E. 8th Street
Fort Lauderdale, FL 33316

Re:     Richard Gordon v. Eaton Corporation, et al.

Dear Mr. Cooper:

Please let this follow the telephone messages that I have left with your office. As it stands, our response to plaintiff's complaint is currently due to be filed and served on July 20, 2000. As I discussed with your secretary, we would request a 10-day extension in order to respond to such complaint. I would also like to discuss the possibility of removal of this action to federal court.

In that regard, I request that you or someone from your office contact me as to the above.

Thank you for your anticipated prompt attention to this matter.

Very truly yours,

BOWMAN AND BROOKE LLP

*COPY*

Mike H. Madokoro

MHM/ph



EXHIBIT

A

CARLTON FIELDS WARD EMMANUEL SMITH & CUTLER P.A.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

      Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

      Defendants.

_____/

## NOTICE OF APPEARANCE

    COMES NOW the law firm of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A.

and enters its appearance on behalf of Eaton Corporation and requests that a copy of all

pleadings, correspondence and other papers be served on the undersigned.

                CARLTON, FIELDS, WARD, EMMANUEL,
                  SMITH & CUTLER, P.A.
                Attorneys for Deceased
                4000 Bank of America Tower
                100 S.E. Second Street
                Miami, FL 33131
                Telephone:   (305) 530-0050
                Telefax:      (305) 530-0055

                By: _Ana Morales_____
                BENJAMIN REID
                Florida Bar No. 183522
                ANA M. MORALES
                Florida Bar No. 091847



EXHIBIT
Composite
B

MIA#2074907.01

CASE NO. 99-006391-07-J. MILLER

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed and

telefaxed to **KENNETH D. COOPER, P.A.,** Attorney for Plaintiff, 400 SE 8th Street, Ft.

Lauderdale, FL 33316 on this 20 day of July, 2000.

ANA M. MORALES
Florida Bar No. 09187

2

MIA#2074907.01

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                 3628
CONNECTION TEL           #97000#00001#19547645874
CONNECTION ID
ST. TIME                 07/20 17:03
USAGE T                  01'46
PGS. SENT                3
RESULT                   OK
```

# CARLTON FIELDS
### ATTORNEYS AT LAW

4000 INTERNATIONAL PLACE                    MAILING ADDRESS
100 S.E. SECOND STREET             P.O. BOX 019101, MIAMI FL 33131-9101
MIAMI, FLORIDA 33131-9101          TEL (305) 530-0050 FAX (305) 530-0055

**FAX COVER SHEET**

| Date: | July 20, 2000 | Phone Number | Fax Number |
|-------|---------------|--------------|------------|
| To: | Kenneth Cooper | (954) 522-7177 | (954) 764-5874 |
| From: | Ana M. Morales | (305) 530-0050 | (305) 530-0055 |

Client/Matter No.: No Number Assigned Yet.          Employee No.: 185

Total Number of Pages Being Transmitted, Including Cover Sheet: 3

Message: Please see attached Notice of Appearance.

☑ *Original to follow Via Regular Mail* ☐ *Original will Not be Sent* ☐ *Original will follow via Overnight Courier*

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-006391-07-J. MILLER

RICHARD GORDON,

     Plaintiff,

v.

COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES AND/OR THEIR
SUBSIDIARIES,

     Defendants.

_____/

### NOTICE OF APPEARANCE

    COMES NOW the law firm of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A.

and enters its appearance on behalf of Eaton Corporation and requests that a copy of all

pleadings, correspondence and other papers be served on the undersigned.

                CARLTON, FIELDS, WARD, EMMANUEL,
                  SMITH & CUTLER, P.A.
                Attorneys for Deceased
                4000 Bank of America Tower
                100 S.E. Second Street
                Miami, FL  33131
                Telephone:   (305) 530-0050
                Telefax:     (305) 530-0055

        By:   *Ana Morales*
                BENJAMINE REID
                Florida Bar No. 183522
                ANA M. MORALES
                Florida Bar No. 091847



CASE NO. 99-006391-01-J MILLER

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed and

telefaxed to **KENNETH D. COOPER, P.A.**, Attorney for Plaintiff, 400 SE 8th Street, Ft.

Lauderdale, FL 33316 on this 20th day of July, 2000.


ANA M. MORALES
Florida Bar No. 09187

2

MIA#2074907.01

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD, COUNTY, FLORIDA

RICHARD GORDON

CASE NO. 99-006391-07 - J. MILLER

Plaintiff

vs.

MOTION FOR DEFAULT

COLUMBIA MACHINE, INC. and
EATON CORP. AND/OR
EATON CORP AND/OR CUTLER-HAMMER
CORP .AND/OR THEIR SUBSIDIARIES. AND/OR
THEIR SUBSIDIARIES

Defendant

_____/

PLAINTIFF MOVES FOR ENTRY OF A DEFAULT BY THE CLERK AGAINST DEFENDANT,

CUTLER-HAMMER CORP., FOR FAILURE TO SERVE ANY PAPER ON THE UNDERSIGNED OR

FILE ANY PAPER AS REQUIRED BY LAW.

ATTORNEY FOR PLAINTIFF
KENNETH D. COOPER

DEFAULT

A DEFAULT IS ENTERED IN THIS ACTION AGAINST THE DEFENDANT  NAMED IN THE

FOREGOING MOTION FOR FAILURE TO SERVE OR FILE ANY PAPER AS REQUIRED BY LAW.

DATED

Clerk of the Circuit Court

By
As Deputy Clerk

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD, COUNTY, FLORIDA

RICHARD GORDON

CASE NO. 99-006391-07 - J. MILLER

      Plaintiff

vs.

MOTION FOR DEFAULT

COLUMBIA MACHINE, INC. and
EATON CORP. AND/OR
EATON CORP AND/OR CUTLER-HAMMER
CORP .AND/OR THEIR SUBSIDIARIES. AND/OR
THEIR SUBSIDIARIES

      Defendant
_____/

PLAINTIFF MOVES FOR ENTRY OF A DEFAULT BY THE CLERK AGAINST DEFENDANT,

EATON CORP. , FOR FAILURE TO SERVE ANY PAPER ON THE UNDERSIGNED OR

FILE ANY PAPER AS REQUIRED BY LAW.

ATTORNEY FOR PLAINTIFF
KENNETH D. COOPER

## DEFAULT

A DEFAULT IS ENTERED IN THIS ACTION AGAINST THE DEFENDANT NAMED IN THE

FOREGOING MOTION FOR FAILURE TO SERVE OR FILE ANY PAPER AS REQUIRED BY LAW.

DATED _____ 2000

Clerk of the Circuit Court

By:_____
As Deputy Clerk

# CLARK COUNTY SHERIFF
## RETURN OF SERVICE

Cause No.     99-006391-07
Control No.   16607

STATE OF WASHINGTON
CLARK COUNTY

RICHARD GORDON

                          Plaintiff
                             vs



COLUMBIA MACHINE, INC. AND EATON
CORP. AND/OR EATON CORP AND/OR
CUTLER-HAMMER CORP. AND/OR THEIR
SUBSIDIARIES. AND/OR THEIR SUBSI
                            Defendant

    I, **Garry Lucas,** Sheriff of Clark County, State of Washington, do hereby certify that on 06/09/2000 I received:

SUMMONS: COMPLAINT

for service upon the named    COLUMBIA MACHINE INC. I served the said documents on 06/12/2000 on said COLUMBIA MACHINE INC by delivering to and leaving with ANN JONES, LEGAL ASSISTANT of said Corporation on 06/12/2000 at 0855 Hrs, at    610 ESTHER ST #225, VANCOUVER, WA within the County of Clark, State of Washington.

Dated this    06/13/2000

                                      **Garry Lucas, Sheriff**

                                By    LINDSAY ELEAZER. CADET

Sheriff's Fees: $18.75

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD,
COUNTY, FLORIDA

CASE NO. 99-006391-07 - J. MILLER

RICHARD GORDON

     Plaintiff

vs.

**S U M M O N S**

ON CORPORATION

COLUMBIA MACHINE, INC. and
EATON CORP. AND/OR
EATON CORP AND/OR CUTLER-HAMMER
CORP.AND/OR THEIR SUBSIDIARIES. AND/OR
THEIR SUBSIDIARIES

     Defendant

_____/

THE STATE OF WASHINGTON

To all and singular the Sheriffs of said State:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint

or petition in this action on Defendant,

BY SERVING:   COLUMBIA MACHINE, INC. OR BY SERVING ITS REGISTERED AGENT,
           610 ESTHER ST. #225, VANCOUVER, WA.  98661
OR:

    BY SERVING:  The President, or Vice-President or other head of the corporation; or in their absence,
the cashier, treasurer, security or general manager; or in their absence, any director; or in their absence, any
officer or business agent in accordance with Florida Statute 48.081.

Each Defendant is required to serve written defenses to the Complaint or Petition on KENNETH D.
COOPER, P.A., Plaintiff's Attorney, whose address is 400 S.E. 8th Street, Fort Lauderdale, Florida 33316,
(954) 522-7177,  within twenty (20) days after service of this summons on that Defendant, exclusive of the day
of service, and to file the original of the defenses with the Clerk of this Court either before service on the
attorneys or immediately thereafter.  If a defendant fails to do so, a default will be entered against that
Defendant for the relief demanded in the Complaint or Petition.

**JUN 0 8 2000**

     WITNESS my hand and the Seal of said Court this _____ day of _____ 2000
          Clerk of the Circuit Court

By:_____
   As Deputy Clerk

**DAVID LONG**
**PRIVATE INVESTIGATIONS**
License No.:   A9100389
3455 N.E. 12 TERRACE, #16
FT. LAUDERDALE, FL 33334
(954) 647-6538
(954) 293-0690/pager

Case No.: 99-006391-07

Date Received: 6/30/00
Time: 2:35            xm/pm

Court: Broward Circuit

HRG Date: _____

### VERIFIED RETURN OF SERVICE

TO:  Cutler-Hammer, Inc. _____

___ 1200 Pine Island Rd. Plantation, Fla. _____
RECEIVED THIS WRIT ON: __6/30/00_____ 2000. AND ON: _6/30/00____
_____ at 2:40 xm/pm
I SERVED IT ON THE WITHIN NAMED: _Cutler-Hammer, Inc._____
IN: _Broward____ COUNTY, FLORIDA.

_____  INDIVIDUAL SERVICE: By serving upon the within named (Defendant/Witness) a true copy of this writ
       with the date and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or
       initial pleading.

_____  SUBSTITUTE SERVICE: By serving a true copy of the writ with the date and hour of service endorsed
       thereon by me and a copy of plaintiff's initial pleading as furnished by the Plaintiff, at the within name
       (Defendant's Witness) usual place of abode with any person residing the age of 15 years or older to wit:___
       _____ or to _____ spouse of defendant. at _____
       _____, or to _____ manager of
       Defendant business _____ and informing such person of
       their contents pursuant to: [ ]F.S. 48.031_____ [ ] F.S. 48.031 (2)(a) [ ] F.S. 48.031 (2) (b).

__X__  CORPORATE SERVICE: By serving a true coy of the writ and a copy of Plaintiff's initial pleading to ____
       Anne Boutilier_____ as Registered Agent_____of said
       corporation in the absence of any superior officer as defined in F.S. 48.081, or by serving _____
       _____ as an employee of defendant's corporation in compliance with F.S.
       48.091.

_____  PARTNERSHIP SERVICE: By serving _____, partner, or to _____
       _____ a designated employee or person in charge of partnership.

_____  POSTED: ____ COMMERCIAL ____ RESIDENTIAL, 1st attempt _____am/pm 2nd
       attempt _____am/pm .

_____  NO SERVICE: For the reason that after diligent search and inquiry failed to find said _____
       _____ in _____ County. Florida.
       COMMENTS: _____
       _____
       _____

I CERTIFY THAT I AM OVER THE AGE OF 18; THAT I AM A PROCESS SERVER IN GOOD STANDING, IN THE COUNTY IN
WHICH THIS PROCESS WAS SERVED; AND THAT I HAVE NO INTEREST IN THE ABOVE-REFERENCED CAUSE OF ACTION.
UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING RETURN OF SERVICE AND THAT THE
FACTS STATED THEREIN ARE TRUE AND CORRECT.

PROCESS SERVER
#224

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD, COUNTY, FLORIDA

RICHARD GORDON

CASE NO. 99-006391-07 - J. MILLER

      Plaintiff

vs.

**S U M M O N S**

ON CORPORATION

COLUMBIA MACHINE, INC. and
EATON CORP. AND/OR
EATON CORP AND/OR CUTLER-HAMMER
CORP .AND/OR THEIR SUBSIDIARIES. AND/OR
THEIR SUBSIDIARIES

      Defendant

_____/

THE STATE OF FLORIDA

To all and singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint

or petition in this action on Defendant,

BY SERVING:    CUTLER-HAMMER    Inc.
CORP.;CT CORPORATE SERVICES INC. 1200 PINE ISLAND RD. PLANTATION
OR:

    BY SERVING:  The President, or Vice-President or other head of the corporation; or in their absence, the cashier, treasurer, security or general manager; or in their absence, any director; or in their absence, any officer or business agent in accordance with Florida Statute 48.081.

Each Defendant is required to serve written defenses to the Complaint or Petition on KENNETH D. COOPER, P.A., Plaintiff's Attorney, whose address is 400 S.E. 8th Street, Fort Lauderdale, Florida 33316, (954) 522-7177,  within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the attorneys or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      WITNESS my hand and the Seal of said Court this ___ day of _____, 2000
              Clerk of the Circuit Court

           By:_____
           A Deputy Clerk

| DATE RECEIVED | 6/30/00 | TIME 2:35 P.M. |
|---|---|---|

| CASE NO. | 99-006391-07 |
|---|---|
| COURT | Broward Circuit |
| HRG. DATE | |

RICHARD GORDON

vs

COLOUMBIA MACHINE, INC. and
EATON CORP. et al

**RETURN OF SERVICE**
**AFFIDAVIT**

**TYPE OF WRIT.**

Summons & Complaint

TO ___ Eaton Corp.        1200 Pine Island Rd. Plantation, Fla.

RECEIVED THIS WRIT ON ___ 6/30/00
AND ON ___ 6/30/00 ___ at ___ 2:40 ___ P M.. I SERVED IT ON THE WITHIN
NAMED Eaton Corp. ___ IN Broward
COUNTY. FLORIDA

___ **INDIVIDUAL SERVICE:** By serving upon the within named (Defendant/Witness) a true copy of this writ with the date and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or initial pleading.

___ **SUBSTITUTE SERVICE:** By serving a true copy of this writ with the date and hour of service endorsed thereon by me and a copy of Plaintiff's initial pleading as furnished by the Plaintiff, at the within named (Defendant's Witness) usual place of abode with any person residing the age of 15 years or older to wit: ___
___ or to ___ spouse of defendant. at ___
___ or to ___ manager of defendant business ___
___ and informing such person of their contents pursuant to: ❏ F.S. 48.031. ___
❏ F.S. 48.031 (2)(a) ❏ F.S. 48.031 (2)(b).

___X___ **CORPORATE SERVICE:** By serving a true copy of this writ and a copy of Plaintiff's initial pleading to ___
___ as ___ of said
corporation in the absence of any superior officer as defined in F.S. 48.081. or by serving ___
___ as an employee of defendant corporation in compliance with F.S. 48.081 (3) or by serving
Anne Boutilier ___ as a registered agent in compliance with F.S. 48.091.

___ **PARTNERSHIP SERVICE:** By serving ___ . partner. or to ___
___ a designated employee or person in charge of partnership.

___ **POSTED:** ___ COMMERCIAL, ___ RESIDENTIAL, 1st Attempt ___ ___ AM/PM 2nd Attempt ___ ___ AM/PM

___ **NO SERVICE:** For the reason that after diligent search and inquiry failed to find said ___
___ in ___ County. Florida

**COMMENTS:** ___

**ATTORNEY**
KEN COOPER

SWORN and SUBSCRIBED to before me this
___ 9 ___ day of ___ July ___ XX 2000

David Long
Commission # CC 930588
Expires April 23, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD, COUNTY, FLORIDA

RICHARD GORDON

CASE NO. 99-006391-07 - J. MILLER

        Plaintiff

vs.

                    SUMMONS

                 ON CORPORATION

COLUMBIA MACHINE, INC. and
EATON CORP. AND/OR
EATON CORP AND/OR CUTLER-HAMMER
CORP.AND/OR THEIR SUBSIDIARIES. AND/OR
THEIR SUBSIDIARIES

        Defendant
_____/

THE STATE OF FLORIDA

To all and singular the Sheriffs of said State:

        YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint

or petition in this action on Defendant,

BY SERVING:    EATON CORP., CT CORPORATE SERVICES 1200 PINE ISLAND RD., PLANTATION,
FL.
OR:

    BY SERVING:  The President, or Vice-President or other head of the corporation; or in their absence,
the cashier, treasurer, security or general manager; or in their absence, any director; or in their absence, any
officer or business agent in accordance with Florida Statute 48.081.

Each Defendant is required to serve written defenses to the Complaint or Petition on KENNETH D.
COOPER, P.A., Plaintiff's Attorney, whose address is 400 S.E. 8th Street, Fort Lauderdale, Florida 33316,
(954) 522-7177, within twenty (20) days after service of this summons on that Defendant, exclusive of the day
of service, and to file the original of the defenses with the Clerk of this Court either before service on the
attorneys or immediately thereafter.  If a defendant fails to do so, a default will be entered against that
Defendant for the relief demanded in the Complaint or Petition.

        WITNESS my hand and the Seal of said Court this ___ day of _____, 2000
                Clerk of the Circuit Court

                By: _____
                As Deputy Clerk

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

RICHARD GORDON

CASE NO.: 99-06391

FLORIDA BAR NO.: 372102

Plaintiff,

vs.

EATON CORP. AND/OR
CUTLER HAMMER CORP. AND/OR
THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

Defendants.
_____/

## MOTION TO DISMISS AND FOR SANCTIONS

COMES NOW Defendant, COLUMBIA MACHINE (hereinafter, COLUMBIA),

by and through the undersigned counsel and pursuant to Rule 1.140, Florida Rules of

Civil Procedure, and files this Motion to Dismiss and for Sanctions. In furtherance

thereof, Defendant states and avers the following:

1.      Plaintiff has filed a complaint with this Court alleging, inter alia, damages

sustained as a result of the operation of a garage door opener which Plaintiff claims was

manufactured and purchased from multiple parties including Sears and Roebuck and

Company, Defendant COLUMBIA. (See Plaintiff's Complaint attached hereto as

"Exhibit A").

2.      Plaintiff has filed a similar complaint against the same defendants in this court before alleging the same causes of action against the same defendants but with a factually different, although more legible and comprehensible, set of allegations.

3.      That previous complaint alleged that the Plaintiff was damaged as a result of an injury allegedly sustained pursuant to operation of a cement block manufacturing machine allegedly manufactured by Defendant COLUMBIA.

4.      That case was removed to United States District Court on January 13, 2000 at the motion of Defendants EATON and CUTLER HAMMER

5.      This Defendant, COLUMBIA, filed a Motion to Dismiss directed at that removed case.

6.      The United States District Court for the Southern District of Florida granted Defendant COLUMBIA's motion in part and denied it in part. The motion was based on the expiration of the statute of limitations.

7.      The instant case represents a vague, confusing, and poorly drafted attempt to re-litigate the issues presented in the initial complaint but it does so by framing the allegations with reference to the operation of a Sears garage door opener.

8.      Plaintiff's complaint ambiguously alleges that the subject garage door opener was manufactured and sold by Sears and Roebuck and Company, Defendant COLUMBIA, as well as all other defendants in this case.

9.      Count II of the complaint alleges negligence by COLUMBIA and states that the garage door opener being used by the Plaintiff was manufactured and/or sold by COLUMBIA. (See Exhibit A at paragraph 11).



10.    Count II also states that "SEARS AND ROEBUCK AND CO. negligently manufactured" the product in question. (See Exhibit A at paragraph 13).

11.    Further, the Plaintiff clearly states in Count II both that Sears manufactured the product that allegedly caused his damages, and that the product was "manufactured and/or sold by Defendant COLUMBIA". (See Exhibit A at paragraphs 11 and 13).

12.    As to Count II, Plaintiff fails to state a cause of action under Florida law as he fails to plead with sufficient particularity the duty owed by the Defendant. COLUMBIA to the Plaintiff, any breach thereof, and that the alleged breach was the proximate cause of the Plaintiff's alleged damages.    Plaintiff further fails to allege with specificity whether the product which allegedly caused his injury was manufactured by the Defendant or by Sears.

13.    As Count II fails to state a cause of action as against Defendant COLUMBIA, it should be dismissed.

14.    Count IV alleges products liability against Defendant COLUMBIA.

15.    This count alleges that "[t]he product is defective as it became dislodged from the wall." (See Exhibit A at paragraph 23).

16.    Count IV fails to state a cause of action for products liability as it fails to state how the product was defective.  The complaint merely states that "the product is defective in that it became dislodged from the wall." (See Exhibit A at paragraph 24).

17.    In that Plaintiff failed to plead how the product was allegedly defective, he has failed to state a cause of action under Florida law.

18.    Count V is a cause of action for Breach of Warranty against Lennar Homes, Inc. Lennar Homes, Inc. is not a party defendant to this case and as such, Defendant COLUMBIA hereby moves to dismiss this complaint for failure to join an indispensable party under Rule 1.140, Florida Rules of Civil Procedure.

19.    Counts VI and VII allege breach of the implied warranty of fitness for a particular purpose and merchantability, respectively, against Defendant COLUMBIA.

20.    Plaintiff's complaint also makes a claim for damages in strict liability in Count X.

21.    It is a long standing Florida law that a plaintiff cannot maintain a cause of action against a manufacturer in implied warranty separate distinct from strict liability action and that the doctrine of strict liability in tort supplants all breach of implied warranty causes of action. Kramer v. Piper Aircraft Corp. 520 So.2d 37 (Fla. 1988).

22.    Additionally, in Count VII, Plaintiff admits that the garage door opener, the subject of his complaint, was purchased from "Defendant Sears". (Exhibit A at paragraph 48).

23.    Sears is not a defendant to this action and Defendant COLUMBIA hereby moves to dismiss this complaint on the additional grounds of failure to join an indispensable party pursuant to Rule 1.140, Florida Rules of Civil Procedure.

24.    Count X of the Plaintiff's complaint alleges strict/products liability against Defendant COLUMBIA.

25.    Count X fails to allege that Defendant COLUMBIA is in the business of manufacturing garage door openers as required by Florida law.

26.    Elsewhere in the complaint, the Plaintiff alleges that Sears and Roebuck and Co. manufactured the garage door opener which allegedly caused the Plaintiff's injuries.

27.    Further, the complaint fails to plead with the requisite specificity, how the product was defective. The complaint merely states that the product was defective.

28.    In total, this complaint is faulty as it fails to state a cause of action for any of the counts against Defendant COLUMBIA and it attempts to bring before this Court allegations which were properly removed by codefendants to the United States District Court.

WHEREFORE, Defendant COLUMBIA respectfully requests that this Court enter its Order dismissing the instant complaint with prejudice and levy sanctions on the Plaintiff for this abhorrent waste of the Court's and defense counsel's time.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _____ day of June, 2000, to: Kenneth D. Cooper, Esq., 400 S.E. 8th Street, Ft. Lauderdale, Florida 33316.

HIGHTOWER AND RUDD, P.A.
2300 New World Tower
100 North Biscayne Boulevard
Miami, Florida 33132

305.539.0909
305.530.0661 (Facsimile)

By: _____
       Dale R. Hightower

3.3027/DRH/JJB

**EXHIBIT A**

CACE

IN THE CIRCUIT COURT OF THE SEV
JUDICIAL CIRCUIT IN AND FO
COUNTY, FLORIDA

CASE NO.    99 06391

RICHARD GORDON,

     Plaintiff

vs.

                                COMPLAINT

EATON CORP AND/OR
  CUTLER-HAMMER CORP.
  AND/OR THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

     Defendants.

_____/

     Plaintiff, RICHARD GORDON, sues Defendants, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES And COLUMBIA MACHINE, INC. and alleges:

     1.         This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, arising

out of a cause of action which accrued on or about January 3, 1997.

     2.         The Plaintiff, RICHARD GORDON, is a resident of Broward County, Florida, and is

sui juris.

     3.         The Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR

THEIR SUBSIDIARIES, is a corporation, organized and existing under the laws of the State of Florida, and at all

times material was doing business in the State of Florida

     4.         The Defendant, COLUMBIA MACHINE, INC., , is a foreign corporation, organized

and existing under the laws of the State of WASHINGTON and at all times material was registered and doing

business in the State of Florida.

### COUNT I

NEGLIGENCE AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES

     Plaintiff, RICHARD GORDON, sues the Defendant, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

5.    Plaintiff realleges and reavers paragraphs one through three above as if fully set forth herein.

6.    On or about or about January 19, 1989, Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, manufactured a house and sold it to Plaintiff.

7.    At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, had a duty to manufacture and construct the house so that it was safe to live in.

8.    At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured and/or constructed the house in that the garage door opening mechanism was not securely affixed to the wall. The garage door mechanism became dislodged and hit the Plaintiff in the arms and face.

9.    As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendants and demands trial by jury of all issues so triable as a matter of right.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues the Defendant, COLUMBIA MACHINE, INC., and alleges:

10.    Plaintiff realleges and reavers paragraphs one through four above as if fully set forth herein.

11.    On or about January 3, 1997, Plaintiff was using a product known as Sears/Craftsman, ~~garage door opening mechanism~~ manufactured and/or sold by Defendant COLUMBIA MACHINE, INC.    12.    At that time and place, Defendant, COLUMBIA

MACHINE, INC., had a duty to manufacture the product so that it was safe for the consumer to use.

13.    At that time and place, Defendant, SEARS AND ROEBUCK & CO., negligently manufactured the product in that the product became dislodged from the wall and hit Plaintiff on the arms and face.

14.    As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable as a matter of right.

## COUNT III

## PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

15.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

16.    On or about January 19,1989, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

17.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall..

18.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

19.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

20.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES , for damages and demands a trial by jury of all issues so triable.

## COUNT IV

## PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, COLUMBIA MACHINE, INC. and alleges:

21.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

22.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, COLUMBIA MACHINE, INC.

23.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model #139.53824SRT 1\2\HP became dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall.

24.    Defendant, COLUMBIA MACHINE, INC., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

25.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

26.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT V

### BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE AGAINST DEFENDANT LENNAR HOMES, INC.

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

27.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

28.    At all times material, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

29.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door manufactured by the Defendant, LENNAR. The product was purchased on or about January 19, 1989.

30.    At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

31.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33.    On or about January 16, 1997, Plaintiff, RICHARD GORDON, gave Defendant,

EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit A", and is by reference made a part hereof.

34.    Defendant, LENNAR HOMES INC. impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35.    By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express warranty. The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

## COUNT VI - BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, and alleges:

37.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

38.    At all times material, Defendant, COLUMBIA MACHINE, INC. was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

39.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door when it became dislodged from the wall, the garage door opener was_ manufactured and/or sold by the Defendant, COLUMBIA MACHINE, INC. The product was purchased on or about January 8, 1989.

40.     At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

41.     Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

42.     On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door opener became dislodged from the wall and hit the Plaintiff in the face and arms.

43.     On or about January 14, 1997, Plaintiff, RICHARD GORDON, gave Defendant, COLUMBIA MACHINE, INC. written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit B", and is by reference made a part hereof.

44.     Defendant, COLUMBIA MACHINE, INC., impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

45.     By selling the garage door opener and/or its mechanism in a defective condition, Defendant failed to conform to the representations previously made and breached their implied warranty. The breach of implied warranty was a proximate cause of injuries to Plaintiff.

46.     As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT VII
## BREACH IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, COLUMBIA MACHINE, INC.,, and alleges:

47.     Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

48.     On or about January 8, 1989, Plaintiff, purchased a garage door opener, model # 139.53824SRT - 1/2/HP from Defendant, SEARS.

49.     Defendant, COLUMBIA MACHINE, INC., impliedly warranted that the garage door opener was of merchantable quality.

50.     The garage door opener was not of merchantable quality and was dangerous.

51.     On or about January 3, 1997, Plaintiff was injured when the garage door opener became dislodged from the wall and hit he Plaintiff in the face and arms.

52.     As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53.     Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable.

## COUNT VIII
## BREACH IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, EATON

CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and alleges:

54.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

55.     On or about January 19, 1989, Plaintiff , purchased a house  from Defendant, EATON

CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

56.     Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR

SUBSIDIARIES, impliedly warranted that the house and the garage door therein was of merchantable quality.

57.     The house and the garage door therein was not of merchantable quality and  was

dangerous.

58.     On or about January 3, 1997, Plaintiff was injured when the Plaintiff the garage door

became dislodged from the wall and hit the Plaintiff in the face and arms.

59.     As a result of the aforesaid incident, Plaintiff  suffered bodily injury and resulting pain

and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation

of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses

in the future.

60.     Defendant's breach of implied warranty of merchantability was a proximate cause of the

injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant EATON CORP AND/OR

CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and demands trial by jury of all issues so triable.

## COUNT IX

### STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

61.     Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

62.     On or about January 19, 1989 Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

63.     On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door dislodged from the wall and hit him on the face and arms.   The product is and was defective in that it dislodged from the wall.

64.     Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product. In addition, the Defendant knew or should have known that the product was defective.

65.     At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.     As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

## COUNT X

### STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues COLUMBIA MACHINE, INC. and alleges:

67.     Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

68.     On or about January 3, 1997, Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by COLUMBIA MACHINE, INC.

69.     On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model # 139.53824SRT 1/2/HP, dislodged from the wall.  The product is and was defective in that the garage door dislodged from the wall and hit Plaintiff on the face and arms in the ordinary use of the product.

70.     Defendant, COLUMBIA MACHINE, INC. , before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.  In addition, the Defendant knew or should have known that the product was defective.

71.     At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

72.     As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166

IN THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD, COUNTY,
FLORIDA

RICHARD GORDON

        Plaintiff

vs.

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES

        Defendant

_____/

CASE NO. - 99-006391-07 - J. MILLER

## <u>ORDER</u>

THIS CAUSE HAVING COME ON THE BE HEARD ON PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL, AND THE COURT HAVING HEARD ARGUMENT OF COUNSEL, AND BEING OTHERWISE ADVISED IN THE PREMISES, IT IS HEREUPON,

ORDERED AND ADJUDGE THAT SAID MOTION BE, AND THE SAME IS HEREBY GRANTED. THE ORDER DISMISSING THE CASE IS HEREBY VACATED. THE PLAINTIFF HAS SHOWN EXCUSABLE NEGLECT. THE PLAINTIFF SHALL HAVE AN ADDITIONAL 90 DAYS TO SERVE PROCESS AND PROCEED IN THIS ACTION.

DONE AND ORDERED IN CHAMBER, AT FT. LAUDERDALE, BROWARD COUNTY, FLORID ON June 6, 2000.

_____
JUDGE MILLER - CIRCUIT COURT JUDGE

INSTR # 1003640
OR BK 30623 PG
RECORDED 06/27/2000 03:51 P
COMMISSION
BROWARD COUNTY
DEPUTY CLERK 1935

SA

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD,
COUNTY, FLORIDA

RICHARD GORDON
    Plaintiff

CASE NO. - 99-006391-07 - J. MILLER

vs.

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES

NOTICE OF HEARING
(MOTION CALENDAR)

       Defendant
_____/

PLEASE BE ADVISED that the undersigned will call up for hearing the following:
DATE AND TIME:      6/6/2000, at 8:45 a.m.
JUDGE:           The Honorable JUDGE - MILLER

PLACE:           Broward County Court
                   201 S.E. Sixth Street
                   Ft. Lauderdale Florida 33301

SPECIFIC MATTERS TO BE HEARD:
                   Plaintiff's Motion for extension of time to serve process

PLEASE GOVERN YOURSELF ACCORDINGLY.

Movant counsel certifies that a bona fide effort to agree or to narrow the issues on the motion notices hereby has been made or because of time considerations such effort has not yet been possible but will be made prior to the date of hearing.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail to: JUDGE MILLER 201 SE 6TH ST., FT. LAUDERDALE, FL. 33301

_____

KENNETH D. COOPER, P.A.
Attorney for Plaintiff - Florida Bar # 362166
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: ( 954) 522-7177

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA), DISABLED PERSONS WHO, BECAUSE OF THEIR DISABILITIES, NEED SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING, SHOULD CONTACT THE ADA COORDINATOR AT 201 SE 6TH ST., ROOM 136, FORT LAUDERDALE, FL 33301 OR TELEPHONE VOICE/TDD (954) 831-6364 NOT LATER THAN FIVE BUSINESS DAYS PRIOR TO SUCH PROCEEDING

IN THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD, COUNTY, FLORIDA

RICHARD GORDON                          CASE NO. - 99-006391-07 - J. MILLER
          Plaintiff

vs.

                Plaintiffs

vs.

COLUMBIA MACHINE, INC. and
EATON CORP AND/OR
CUTLER-HAMMER CORP.
AND/OR THEIR SUBSIDIARIES ,

          Defendants.
_____/

### PLAINTIFFS' MOTION FOR PEXTENSION OF TIME TO SERVE PROCESS

The Plaintiff , RICHARD GORDON , moves  for the entry of an order extending the time to serve process and states:

1.       The Court entered an order to show cause why the action should not be dismissed for failure to serve process.

2.       At the time counsel was unable to locate the Defendants and additional time was needed.

3.       Counsel has since that time located the defendants and requests additional time to serve the defendants.

4.       Plaintiff moves this Court to vacate any order of dismissal so as to allow the action to move forward.

WHEREFORE, PLAINTIFF MOVES, this Court to vacate any order of dismissal and to enter and order extending the time to serve process.

I hereby certify a copy of the foregoing was delivered to JUDGE MILLER, AT 201 SE 6TH ST., FT. LAUDERDALE, FL. 33301 on May 23, 2000.

_____
KENNETH D. COOPER, P.A.
Counsel for Plaintiff - Florida Bar # 362166
Florida Bar Number 362166
400 S.E. 8th Street
Ft. Lauderdale,  FL 33316
Telephone: (954) 522-7177

17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JANET GORE

INSTR # 100062087 OR BK 30228 PG 1611 RCD 02/02/2000 01:14 PM
COMMISSION BROWARD COUNTY DEPUTY CLERK 1935

)
)
)
)                      PLAINTIFF            )
)
)
)
)
)
)                          # CT AND
                      DEFENDANT            )

THIS CAUSE HAVING COME ON FOR HEARING

APPEARING FROM FILING OF PLEADINGS THAT

FILED OF 120 DAYS AFTER THE FILING

SERVICE OF SUMMONS AND SUCH PLEADING HAS NOT BEEN

ABOVE FOR, Cutler Hammer Corp and *columbia Machine Corp,* AND GOOD CAUSE

HAVE DEMONSTRATED AND THE COURT BEING OTHERWISE

     ORDERED AND ADJUDGED THAT THIS CAUSE

DISMISSED WITHOUT PREJUDICE AS TO THE DEFENDANT

     DONE AND ORDERED IN CHAMBERS AT FORT LAUDERDALE

CLEAR DAY THIS _____ DAY OF _____ JAN 2 2000

                                   CIRCUIT COURT JUDGE

COPIES TO:
COOPER KENNETH DONALD
400 S.E. 6TH STREET

FORT LAUDERDALE
FL                   33316-0000

FOR BROWARD COUNTY, FLORIDA

CITIZEN (CLEAR)                    PLAINTIFF

vs.

BATON LABS                         SPECIAL
                                   DEFENDANT

MOTION AND NOTICE OF HEARING
FOR DISMISSAL

THE COURT'S REVIEW OF THIS FILE REVEALS THE ____
FROM THE DATE OF PROCEEDINGS, ORDER OF COURT ____
LAST YEAR'S FILING OF THE INITIAL PLEADING ____
PLEADING HAS BEEN MADE UPON DEFENDANT, ____ *, Cutler Hammer Corp, and Columbia Machine Inc..*

IT IS ADJUDGED AS FOLLOWS:

GOOD CAUSE SHALL BE SHOWN AT LEAST ____
THE PARAGRAPH (2) AS TO WHY THE ACTION SHOU____
PREJUDICE.

THE SHOWING OF GOOD CAUSE SHALL BE ____
ACTION.

IF A SHOWING OF GOOD CAUSE IS FILED ____ *Friday January 28, 2000* AT *9:15 Am* BEFORE THE UNDERSIGNED IN COURT ____ *# 826*

IF NO SHOWING OF GOOD CAUSE IS FILED ____
PARAGRAPH ONE (1) HEREOF THIS ACTION SHALL ____
REFILED ON THE DATE SPECIFIED IN PARAGRAPH ____
WITHIN OF THIS ACTION AS TO DEFENDANT ____
WITHOUT PREJUDICE TO REFILE AS PROVIDED BY ____ *, Cutler Hammer Corp. and Jan.*
Columbia Machine Inc..

DONE AND ORDERED AT FORT LAUDERDALE, FLORIDA ____   DEC 13 2000

COPIES TO:
COHEN KENNETH DONALD
400 C.E. 8TH STREET

FORT LAUDERDALE
FL                    33316-0000

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein does not replace the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075

**99  06391**

1.  **CASE STYLE**

(NAME OF COURT)_____

RICHARD GORDON

Case Number_____

Judge_____

VS.

COLUMBIA MACHINE, INC. and
CUTLER- HAMMER CORP

2.  **TYPE OF CASE (Place an X in one box only. If the case fits more than one type of case, select the most**

definitive.)

| | **DOMESTIC RELATIONS** | | **TORTS** | | **OTHER CIVIL** |
|---|---|---|---|---|---|
| | Simplified dissolution | | [ ] Professional Malpractice | | [ ]Contracts |
| | Dissolution  Products liability | | [ ]Condominium | | |
| | Support -IV-D | | [ ] Auto negligence | | [ ] Real property/Mortgag |
| | Support- Non IV-D | | [x ]Other negligence | | [ ] Foreclosure |
| | URESA-IV-D | | | | [ ] Eminent domain |
| | URESA-Non IV-D | | | | [ ] Other |
| | Domestic Violence | | | | |
| | Other domestic relations | | | | |

3.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**          [x ]      YES       [ ]  NO

SIGNATURE OF PARTY INITIATING ACTION.

DATE _____



IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.     **99 06391**

RICHARD GORDON,

   Plaintiff

vs.

          COMPLAINT

EATON CORP AND/OR
 CUTLER-HAMMER CORP.
 AND/OR THEIR SUBSIDIARIES and
COLUMBIA MACHINE, INC.

   Defendants.
_____/

   Plaintiff, RICHARD GORDON, sues Defendants, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES And COLUMBIA MACHINE, INC. and alleges:

   1.   This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, arising

out of a cause of action which accrued on or about January 3, 1997.

   2.   The Plaintiff, RICHARD GORDON, is a resident of Broward County, Florida, and is

sui juris.

   3.   The Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR

THEIR SUBSIDIARIES, is a corporation, organized and existing under the laws of the State of Florida, and at all

times material was doing business in the State of Florida

   4.   The Defendant, COLUMBIA MACHINE, INC., , is a foreign corporation, organized

and existing under the laws of the State of WASHINGTON and at all times material was registered and doing

business in the State of Florida.

<div align="center">COUNT I</div>

NEGLIGENCE AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR
THEIR SUBSIDIARIES

   Plaintiff, RICHARD GORDON, sues the Defendant, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

5.      Plaintiff realleges and reavers paragraphs one through three above as if fully set forth herein.

6.      On or about or about January 19, 1989, Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, manufactured a house and sold it to Plaintiff.

7.      At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, had a duty to manufacture and construct the house so that it was safe to live in.

8.      At that time and place, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, negligently manufactured and/or constructed the house in that the garage door opening mechanism was not securely affixed to the wall. The garage door mechanism became dislodged and hit the Plaintiff in the arms and face.

9.      As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendants and demands trial by jury of all issues so triable as a matter of right.

<div align="center">COUNT II</div>

<div align="center">NEGLIGENCE AGAINST DEFENDANT, COLUMBIA MACHINE, INC.</div>

Plaintiff, RICHARD GORDON, sues the Defendant, COLUMBIA MACHINE, INC., and alleges:

10.     Plaintiff realleges and reavers paragraphs one through four above as if fully set forth herein.

11.     On or about January 3, 1997, Plaintiff was using a product known as Sears/Craftsman, garage door opener model 139.53824SRT - 1/2/ HP, manufactured and/or sold by Defendant COLUMBIA MACHINE, INC.     12.     At that time and place, Defendant, COLUMBIA

MACHINE, INC., had a duty to manufacture the product so that it was safe for the consumer to use.

13.    At that time and place, Defendant, SEARS AND ROEBUCK & CO., negligently manufactured the product in that the product became dislodged from the wall and hit Plaintiff on the arms and face.

14.    As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable as a matter of right.

<u>COUNT III</u>

<u>PRODUCTS LIABILITY AGAINST DEFENDANT EATON CORP AND/OR CUTLER-HAMMER CORP.<br>AND/OR THEIR SUBSIDIARIES</u>

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

15.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

16.    On or about January 19,1989, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

17.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall..

18.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the

19.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

20.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES , for damages and demands a trial by jury of all issues so triable.

<div align="center">

COUNT IV

PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

</div>

Plaintiff, RICHARD GORDON, sues Defendant, COLUMBIA MACHINE, INC. and alleges:

21.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

22.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was a purchaser of a product manufactured by Defendant, COLUMBIA MACHINE, INC.

23.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model #139.53824SRT 1\2\HP became dislodged from the wall and hit the Plaintiff in the face and arm. The product is defective in that it became dislodged from the wall.

24.    Defendant, COLUMBIA MACHINE, INC., before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.

25.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff.

26.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT V

### BREACH OF IMPLIED WARRANTY FOR A PARTICULAR
### PURPOSE AGAINST DEFENDANT LENNAR HOMES, INC.

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES and alleges:

27.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

28.    At all times material, Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

29.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door manufactured by the Defendant, LENNAR. The product was purchased on or about January 19, 1989.

30.    At the time of the sale of the product , Defendant had reason to know the particular purpose for which the product was purchased.

31.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

32.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door mechanism dislodged from the wall.

33.    On or about January 16, 1997 , Plaintiff, RICHARD GORDON, gave Defendant,

EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit A", and is by reference made a part hereof.

34.    Defendant, LENNAR HOMES INC. impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

35.    By selling the product in a defective condition, Defendant failed to conform to the representations previously made and breached their express warranty. The breach of express warranty was a proximate cause of injuries to Plaintiff.

36.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.

## COUNT VI - BREACH OF IMPLIED WARRANTY FOR A PARTICULAR
## PURPOSE AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues Defendant, and alleges:

37.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

38.    At all times material, Defendant, COLUMBIA MACHINE, INC. was a seller within the purview and meaning of §672.313, §672.314, and §672.315, Florida Statutes.

39.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was closing the garage door when it became dislodged from the wall, the garage door opener was_ manufactured and/or sold by the Defendant, COLUMBIA MACHINE, INC. The product was purchased on or about January 8, 1989.

40.    At the time of the sale of the product, Defendant had reason to know the particular purpose for which the product was purchased.

41.    Plaintiff relied upon the skill and judgment of Defendant to sell or furnish a suitable product.

42.    On or about January 3, 1997, Plaintiff, RICHARD GORDON, was seriously and permanently injured when the garage door opener became dislodged from the wall and hit the Plaintiff in the face and arms.

43.    On or about January 14, 1997, Plaintiff, RICHARD GORDON, gave Defendant, COLUMBIA MACHINE, INC. written notice of the breaches of warranty as hereinafter set out. A copy of the notice is attached hereto as Plaintiff's "Exhibit B", and is by reference made a part hereof.

44.    Defendant, COLUMBIA MACHINE, INC., impliedly warranted in its advertising that the product was appropriate for the use to which it was being put at the time of the aforesaid incident.

45.    By selling the garage door opener and/or its mechanism in a defective condition, Defendant failed to conform to the representations previously made and breached their implied warranty. The breach of implied warranty was a proximate cause of injuries to Plaintiff.

46.    As a result of the aforesaid incident, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, COLUMBIA MACHINE, INC., for damages and demands a trial by jury of all issues so triable.

## COUNT VII

### BREACH IMPLIED WARRANTY OF MERCHANTABILITY

### AGAINST DEFENDANT, COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, COLUMBIA MACHINE, INC.,, and alleges:

47.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

48.    On or about January 8, 1989, Plaintiff, purchased a garage door opener, model # 139.53824SRT - 1/2/HP from Defendant, SEARS.

49.    Defendant, COLUMBIA MACHINE, INC., impliedly warranted that the garage door opener was of merchantable quality.

50.    The garage door opener was not of merchantable quality and was dangerous.

51.    On or about January 3, 1997, Plaintiff was injured when the garage door opener became dislodged from the wall and hit he Plaintiff in the face and arms.

52.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53.    Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant COLUMBIA MACHINE, INC., and demands trial by jury of all issues so triable.


## COUNT VIII

### BREACH IMPLIED WARRANTY OF MERCHANTABILITY

### AGAINST DEFENDANT, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, by and through undersigned attorney, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and alleges:

54.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

55.    On or about January 19, 1989, Plaintiff , purchased a house from Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES.

56.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, impliedly warranted that the house and the garage door therein was of merchantable quality.

57.    The house and the garage door therein was not of merchantable quality and was dangerous.

58.    On or about January 3, 1997, Plaintiff was injured when the Plaintiff the garage door became dislodged from the wall and hit the Plaintiff in the face and arms.

59.    As a result of the aforesaid incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

60.    Defendant's breach of implied warranty of merchantability was a proximate cause of the injuries to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, and demands trial by jury of all issues so triable.

<u>COUNT IX</u>

<u>STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT</u> EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

Plaintiff, RICHARD GORDON, sues Defendant, EATON CORP AND/OR CUTLER-HAMMER

CORP. AND/OR THEIR SUBSIDIARIES and alleges:

61.    Plaintiff realleges and reavers paragraphs one through 3 above as if fully set forth herein.

62.    On or about January 19, 1989 Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES

63.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door dislodged from the wall and hit him on the face and arms.   The product is and was defective in that it dislodged from the wall.

64.    Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.  In addition, the Defendant knew or should have known that the product was defective.

65.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

66.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, EATON CORP AND/OR CUTLER-HAMMER CORP. AND/OR THEIR SUBSIDIARIES, for damages and demands a trial by jury of all issues so triable.


## COUNT X

### STRICT / PRODUCTS LIABILITY AGAINST DEFENDANT COLUMBIA MACHINE, INC.

Plaintiff, RICHARD GORDON, sues COLUMBIA MACHINE, INC. and alleges:

67.    Plaintiff realleges and reavers paragraphs one through 4 above as if fully set forth herein.

68.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was a consumer / user of a product manufactured by COLUMBIA MACHINE, INC.

69.    On or about January 3, 1997, Plaintiff RICHARD GORDON, was seriously and permanently injured when the garage door opener, model # 139.53824SRT 1/2/HP, dislodged from the wall.  The product is and was defective in that the garage door dislodged from the wall and hit Plaintiff on the face and arms in the ordinary use of the product.

70.    Defendant, COLUMBIA MACHINE, INC. , before placing the product into the stream of commerce, failed to make reasonable tests and inspection to discover the product was defective and/or failed to warn Plaintiff of any dangerous conditions of the product.  In addition, the Defendant knew or should have known that the product was defective.

71.    At the time of use of the product by Plaintiff, RICHARD GORDON, the fact that the product was defective was not ascertained by Plaintiff and the product left Defendant's possession in said defective condition.

72.    As a proximate result, Plaintiff, RICHARD GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of ability to earn money and aggravation of a previously

KENNETH D. COOPER, P.A.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166